UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ELLIS RAY HICKS | CIVIL ACTION |
| VERSUS | 19-108-SDD-RLB |
| DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, *ET AL.* | |

**Memorandum in Support of Motion for Summary Judgment on False Imprisonment Claim**

## I.   Introduction

Plaintiff Ellis Ray Hicks requests that this Court grant summary judgment on his state law claim of false imprisonment (Count 1) against all Defendants. The Louisiana state-law tort of false imprisonment occurs when one "restrains another against his will without a warrant or other statutory authority. Simply stated, it is restraint without color of legal authority." *Dauzat v. Dolgencorp, LLC*, 215 So. 3d 833, 841 (La. App. 3rd Cir. 2016) (*citing Kyle v. City of New Orleans*, 353 So.2d 969, 971 (La. 1977)).

Because false imprisonment is not an intentional tort, "[m]alice is not a necessary element of the tort of false imprisonment and is immaterial except as it may affect the question of damages." *Fontenot v. Lavergne*, 365 So.2d 1168, 1170 (La. App. 3d Cir. 1978). Thus, "[t]here is no requirement of proving that the confinement be intentional." *Prisk v. Palazzo*, 668 So.2d 415, 417 (La. App. 4th Cir. 1996).

On January 3, 2017 Hicks's probation was revoked and he was incarcerated with the Louisiana Department of Safety and Corrections ("DOC") at the Claiborne Parish Detention Center. The parties agree that: "Ellis Ray Hicks was legally required to be released on February 24, 2018." Request for Admission ("RFA") No. 7. Further, the parties agree that: "Ellis Ray Hicks was released from custody on April 25, 2018," (RFA Nos. 1, 9), over two months after he was required to be released. Mr. Hicks was clear in grievances and motions that he did not wish to be incarcerated past his release date. Therefore, there is no genuine issue of fact that Defendant DOC detained Mr. Hicks agianst his will without warrant or other statutory authority. For that reason, this Court should grant his motion for summary judgment.

1

## II.   Statement of Facts

On January 3, 2017, Judge Clason of the Second Judicial District ordered that she was revoking Mr. Hicks' probation and ordering him to serve four years at hard labor, with credit for time served in Arkansas. Attached as Exhibit 1, DOC Responses to Plaintiff's First Request for Admissions, RFA 2; Attached as Exhibit 2, Sentencing Minutes; Attached as Exhibit 3, Sentencing Hearing Transcript. Mr. Hicks remained incarcerated with the DOC at Claiborne Detention Center from January 3, 2017 until April 25, 2018. Ex. 1, RFA No. 1, 3.

On February 23, 2017, Defendant Terry Lawson calculated that Mr. Hicks' sentence and determined that he should be released on February 28, 2018. Attached as Exhibit 4, February 28, 2017 Master Record. Mr. Lawson is an employee of the DOC who was responsible for calculating Mr. Hicks' sentence. On March 10, 2017, Defendant Lawson recalculated Mr. Hicks' sentence, and removed his credit for time served in Arkansas, delaying his release by over a year, until May 23, 2018.   Attached as Exhibit 5, March 10, 2017 Master Record. In response, Mr. Hicks filed a Motion to Clarify the Record to ensure he received credit for time served in Arkansas. Attached as Exhibit 6, Motion to Clarify the Record. On August 15, 2017, Judge Clason explained that his sentence was "with credit for all time served, including the time served in the State of Arkansas." Ex. 1, RFA No. 5; Ex. 6, Motion to Clarify the Record, p. 6.

Mr. Hicks was clear, being held past his release date was against his will. For example, on January 5, 2018, Mr. Hicks filed a second step Administrative Remedy Procedure request ("ARP"), stating that he wanted his Arkansas "jail credits to be factored into [his] sentence" so that he would be released in January 2018, instead of July 2018. Attached as Exhibit 7, January 5, 2018, ARP Step Two. On January 10, 2018 he filed a Motion to Enforce Order in which he explained he had "made a multitude of good faith attempts" to have his sentence correctly calculated to account for time served in Arkansas, but Defendant Lawson continued to refuse to do so, and so he "beg[ged], plead[ed], and pray[ed] that this Honorable Court will help" as

2

Defendant Lawson was calculating his release date as July 11, 2018 at which point Mr. Hicks "shall be well past serving four years." Attached as Exhibit 8, Motion to Enforce Order.

Mr. Hicks also filed a Motion for Writ to the Second Circuit Court of Appeals on February 9, 2018 complaining again that the DOC and Defendant Lawson were overdetaining him by refusing to include the time he served in Arkansas in the computation of his time. Attached as Exhibit 9, Supervisory Writ of Review.

Further, on February 12, 2018 Mr. Hicks filed an Emergency Writ of Habeas Corpus in the 19th Judicial District asking to be released because he was being unconstitutionally detained and wanted to be released. Attached as Exhibit 10, Emergency Application for a Writ of Habeas Corpus.

And later, on February 22, 2018, Mr. Hicks filed a Request for Expedited Consideration with the Second Circuit Court of Appeals, asking for relief because he was being detained passed his release date. Attached as Exhibit 11, Request for Expedited Consideration.

Ellis Ray Hicks was legally required to be released on February 24, 2018. Ex. 1, RFA No 7. He was not released that day. Ex. 1, RFA. No. 1, 9.

Still incarcerated, Mr. Hicks continued to protest that he should be released. On March 13, 2018, Mr. Hicks filed a Motion for Injunction with the Second Judicial District of Claiborne Parish alleging that he was being detained passed his release date. Attached as Exhibit 12, Motion for Injunctive Relief.

Defendants refused to release Mr. Hicks until April 25, 2018, (Ex. 1 at RFA Nos. 1, 9), at least sixty days past his legal release date.

### III.  DISCUSSION

**A.  Standard for Summary Judgment**

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56;

3

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

Here, Plaintiff moves for partial summary judgment on a single claim: false imprisonment R. Doc. 16, Amended Complaint (Count 1 – False Imprisonment), against all Defendants.

**B.     The Louisiana tort of false imprisonment has two elements: (1) imprisonment and (3) lack of legal authority. Neither malice nor intentionality is an element.**

The tort of false imprisonment occurs when one "restrains another against his will without a warrant or other statutory authority. Simply stated, it is restraint without color of legal authority." *Dauzat v. Dolgencorp, LLC*, 215 So. 3d 833, 841 (La. App. 3 Cir 2016) (*citing Kyle v. City of New Orleans*, 353 So.2d 969, 971 (La. 1977)). *See also Miller v. Desoto Regional Health Sys.*, 128 So.3d 649, 655-56 (La. App. 3d Cir. 2013).

Because false imprisonment is not an intentional tort, "[m]alice is not a necessary element of the tort of false imprisonment and is immaterial except as it may affect the question of damages." *Fontenot v. Lavergne*, 365 So.2d 1168, 1170 (La. App. 3d Cir. 1978). *See also McMasters v. Dep't of Police*, 172 So.3d 105 (La. App. 2015) ("We have, moreover, on prior occasion indicated that civil false imprisonment is not an intentional tort."); *Tabora v. City of Kenner*, 650 So. 2d 319, 322 (La. App. 5th Cir. 1995); *Edmond v. Hairford*, 539 So.2d 815 (La. App. 3rd Cir. 1989).

Thus, the only elements of the claim are (1) proof of imprisonment and (2) lack of legal authority. *See Kennedy v. Sheriff of E. Baton Rouge*, 935 So. 2d 669, 690 (La. 2006) (*citing Tabora v. City of Kenner*, 650 So. 2d 319, 322 (La. App. 5th Cir 1995); *Roy v. Bordelon*, 164 So. 3d 367, 377 (La. App. 3 Cir. 2015). There "is no requirement of proving that the confinement be intentional." *McMasters*, 172 So.3d at 119 (*citing Prisk v. Palazzo*, 668 So.2d 415, 417 (La. App. 4th Cir. 1996)). Nor is there any requirement that the jailer know the prisoner is being held unlawfully:

4

> The fact that the jailer is without personal knowledge that the prisoner is held unlawfully does not constitute a defense to an action for false imprisonment. . . . . In such circumstance, as in the one before us, ignorance of the law is no excuse."

*Whirl v. Kern*, 407 F. 2d 781, 791 (5th Cir. 1968), *cert. denied*, 396 U.S. 901 (1969).

The lack of an intent requirement makes Louisiana's law very much like the Texas false imprisonment law at issue in *Whirl v. Kern*, which led the Fifth Circuit to hold that "non-malicious restraint is no sweeter than restraint evilly motivated, and we cannot sanction chains without legal justification even if they be forged by the hand of an angel. . . . Sheriff Kern had an unyielding duty to know his prisoner's sentence time, and this duty was not discharged." 407 F. 2d at 795-796 (5th Cir., 1969) (sheriff liable for false imprisonment resulting from nine-month overdetention due to failure to investigate).

The lack of an intent requirement likely arises from the fact that the State's "obligation is to see that the sentence imposed is the sentence served." *Sneed v. State*, Case No. 2012-1853 (La. App. 1st Cir. June 7, 2013) (unpublished) (*citing State ex rel. Pierre v. Maggio*, 445 So.2d 425, 426 (La.1984)). *See also State v. Criminal Dist. Court Parish of Orleans*, 433 So. 2d 712 (La. 1983). Thus, "[n]o privilege enables a jailer to detain a prisoner beyond the period of his lawful sentence." *Whirl,* 407 F.2d at 791. *See also Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011) ("[A] jailer has a duty to ensure that inmates are timely released from prison.").

C. **The motion should be granted because Plaintiff has proved Element 1: the DOC agrees Mr. Hicks was imprisoned against his will.**

The first of the two elements of a Louisiana false imprisonment claim is proof of imprisonment. *Kennedy v. Sheriff of E. Baton Rouge*, 935 So. 2d at 690.

Here, Mr. Hicks' imprisonment is undisputed. The DOC agrees that Mr. Hicks was incarcerated by the DOC from January 3, 2017 until April 25, 2018. Ex.1 at RFA Nos. 1, 9.

Further, there is no genuine issue of material fact that Mr. Hicks was held against his will. He filed ARPs, and motions with several courts, protesting any confinement after his release

5

date. *See* Exs. 6-8, 10-13.

**D.    Summary judgment should be granted because Plaintiff has proved Element 2: The DOC agrees Mr. Hicks was incarcerated 60 days past his legal release date.**

The second of the two elements of a Louisiana false imprisonment claim is lack of legal authority. *Kennedy*, 935 So. 2d at 690. Where a prisoner is denied past their release date, the jailer has no legal authority to continue its detention of the individual *See e.g. Porter*, 659 F.3d at 445 (*citing Douthit v. Jones,* 619 F. 2d 527, 532 (5th Cir. 1980)) ("[d]etention of a prisoner thirty days beyond the expiration of his sentence in the absence of a facially valid court order or warrant constitutes a deprivation of due process"); *Landry v. A-Able Bonding*, 75 F.3d 200, 205 (5th Cir. 1996) ("A person has legal authority for detaining another where the detention is executed by virtue of legally sufficient process issued by a court of competent jurisdiction. . . . false imprisonment may result from an unlawful detention following a lawful arrest."); *Whirl*, 407 F. 2d at 791 (holding jailor liable for false imprisonment when a prisoner is held in jail in absence of a court order or written mittimus).

Here, the authority for the DOC to imprison Mr. Hicks derived from the judge's order that he be imprisoned for four years with credit for time served in Arkansas. Ex. 1, RFA No. 2; Ex. 2, Sentencing Minutes; Ex. 3, Sentencing Hearing. That authority expired when Mr. Hicks was "legally required to be released on February 24, 2018." Ex. 1 at RFA No. 7. Accordingly, holding Mr. Hicks past the period of his lawful sentence was to hold him without legal authority. *Whirl*, 407 F.2d at 791 ("No privilege enables a jailer to detain a prisoner beyond the period of his lawful sentence.). *See Douthit,* 619 F. 2d at 532.

Thus, both elements of the Louisiana tort of false imprisonment have been established, and summary judgment can issue.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court grant his

motion for partial summary judgment against Defendants.

        Respectfully submitted,

        */s/      Casey Denson*
        Casey Rose Denson (La. Bar. No. 33363)
        3436 Magazine Street, Unit #7005
        New Orleans, LA 70115
        Telephone: (504) 224-0110
        Email: cdenson@caseydensonlaw.com

        */s/      William Most*
        William Most (La. Bar No. 36914)
        201 St. Charles Ave., Ste. 114 #101
        New Orleans, LA 70170
        Tel: (650) 465-5023
        Email: williammost@gmail.com

        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of *Memorandum in Support of Motion for Summary Judgment on False Imprisonment* was filed electronically with the Clerk of Court via the CM/ECF system on September 11, 2019. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

        */s/*    *Casey Denson*
        Casey Denson