UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELLIS RAY HICKS** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | NO. 19-108-SDD-RLB |
| | * | |
| **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, JAMES LEBLANC, AND TERRY LAWSON** | * * * | CHIEF JUDGE DICK MAG. JUDGE BOURGEOIS |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON FALSE IMPRISONMENT CLAIM**</u>

**MAY IT PLEASE THE COURT:**

The Defendants, State of Louisiana, through the Department of Public Safety & Corrections ("DPSC"); James M. LeBlanc, individually and in his official capacity; and Terry Lawson, individually and in his official capacity, herein explain why Plaintiff's *Motion for Summary Judgment on False Imprisonment Claim* should be denied and, pursuant to Rule 56(f), this Honorable Court should enter summary judgment in favor of the Defendants on the false imprisonment claim.

**I.    <u>Standard of Review</u>**

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] "[A] party seeking summary judgment always bears the initial responsibility of ... demonstrat[ing] the absence of a genuine issue of material fact."[2] Once the moving party does so, the nonmoving party must "go beyond the pleadings and ... designate specific facts showing that there is a genuine issue for trial."[3] […]

---

[1] Fed. R. Civ. P. 56(a).
[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal quotation marks omitted).
[3] *Id*. at 324, 106 S.Ct. 2548 (internal quotation marks omitted).

1

The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial. If the movant bears the burden of proof on an issue, a successful motion must present evidence entitling the movant to judgment at trial.[4] "Rule 56 'mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"[5] "The court views all facts and evidence in the light most favorable to the nonmovant."[6] A party cannot support or avoid summary judgment "by presenting 'speculation, improbable inferences, or unsubstantiated assertions.'"[7] Legal conclusions cannot be used as a substitute for facts supported by record evidence.[8]

Rule 56(f) of the Federal Rules of Civil Procedure provides that, after giving notice and an opportunity to respond, the Court can enter summary judgment for the nonmovant.

## II.    Statement of the Case

The Plaintiff filed suit claiming DPSC; Secretary LeBlanc, individually and in his official capacity; and Terry Lawson, individually and in his official capacity, are liable under 42 U.S.C. §1983 and Louisiana law.[9] Plaintiff's complaint contains a single listing of facts, followed by enumerated "counts", and a single listing of relief requested *in globo*.[10] Plaintiff's Motion for Partial Summary Judgment pertains to "Count 1 – False Imprisonment" which, as pleaded, is

---

[4] *Celotex*, 477 U.S. at 326, 106 S.Ct. 2548
[5] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548).
[6] *Jones v. New Orleans Reg'l Physician Hosp. Org., Inc.*, 981 F.3d 428, 432 (5th Cir. 2020) (citing *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 675 (5th Cir. 2010).
[7] *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (quoting *Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 673 (5th Cir. 2015) (quoting *Likens v. Hartford Life & Accident Ins. Co.*, 688 F.3d 197, 202 (5th Cir. 2012))).
[8] See e.g. *Hanchey v. Energas Co.*, 925 F.2d 96, 97 (5th Cir. 1990) (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir.1986)).
[9] See Rec. Doc. 16.
[10] *Id.*

brought against all Defendants (in all capacities) and for all relief requested.[11] In his Motion for Summary Judgment, the Plaintiff does not ask for entry of judgment awarding any particular remedy. The Plaintiff also does not move for any finding that any particular defendant is liable.

### III. The Plaintiff's over-detention claim is not actionable under Louisiana's false imprisonment law because the Plaintiff was convicted and sentenced to serve a term at hard labor.

The only fact material to Plaintiff's false imprisonment claim is the fact that he was committed to the custody of the Louisiana Department of Public Safety and Corrections to serve a term of four years at hard labor with credit for time served.[12] That fact is undisputed. The Plaintiff alleges, without evidence, that he was imprisoned beyond that term.[13] The Plaintiff asks this Honorable Court to find, essentially, that his claim that he was held past his discharge date states a cause of action for "false imprisonment" under Louisiana tort law against "the Defendants".[14] This Honorable Court is, therefore, presented with the purely legal question of whether the Plaintiff's claim is actionable as a false imprisonment tort. It is not.

Under Louisiana law, "false arrest is not distinguished as a separate tort from false imprisonment."[15] Clearly, the instant suit is not a false arrest. The Plaintiff disregards the precedent that inextricably merges the false arrest/imprisonment tort and argues, more broadly, that the Louisiana tort of false imprisonment is "restraint without color of legal authority."[16]

---

[11] Rec. Doc. 16, ¶64-68 (Count 1); ¶96 (Remedies)

[12] See Rec. Doc. 67-1, Plaintiff's Statement of Uncontested Fact No. 1; Rec. Doc. 67-4 (Plaintiff's Exhibit 2 – Sentencing Minutes); Rec. Doc. 67-5 (Plaintiff's Exhibit 3 - Sentencing Transcript)

[13] The facts offered by the Plaintiff show he was imprisoned from January 3, 2017, to April 25, 2018, which is certainly less than four years. The Plaintiff does not offer evidence of any jail credit he claims to have been entitled. The Plaintiff lodges the conclusory allegation that he was "legally entitled" to release from custody on February 24, 2018, but, conclusory allegations cannot substitute for admissible evidence. See e.g. *Hanchey v. Energas Co.*, 925 F.2d 96, 97 (5th Cir. 1990) (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir.1986)).

[14] See Rec. Doc. 67.

[15] *Kelly v. W. Cash & Carry Bldg. Materials Store*, 99-0102 (La. App. 4 Cir. 10/20/99), 745 So. 2d 743, 761 (citing *Restrepo v. Fortunato,* 556 So.2d 1362 (La.App. 5 Cir.), *writ denied* 560 So.2d 11 (La.1990)). See also *Parker v. Town of Woodworth*, 2011-1275 (La. App. 3 Cir. 3/7/12), 86 So. 3d 141, 144 (quoting *Kelly*, 745 So. 2d at 761).

[16] Rec. Doc. 67-2, p. 1 (quoting *Dauzat v. Dolgencorp*, LLC, 215 So. 3d 833, 841 (La. App. 3rd Cir. 2016) (citing *Kyle v. City of New Orleans*, 353 So.2d 969, 971 (La. 1977))).

However, "[a] state prisoner is surely detained under color of legal authority."[17] The Plaintiff's Motion should be denied and, pursuant to Fed. R. Civ. P. 56(f), summary judgment should be entered in favor of the Defendants because, as a matter of law, the Plaintiff's claim is not a false arrest/imprisonment claim under Louisiana tort law.

### A. Plaintiff's Motion should be Denied and summary judgment should be entered in favor of the Defendants on Plaintiff's False Imprisonment claim.

The Plaintiff's "over-detention" claim is properly analyzed under Louisiana negligence principles, not as a false imprisonment claim.[18] The Defendants certainly do not admit liability under Louisiana negligence principles; they simply argue herein that summary judgment should be entered dismissing the false imprisonment claim.

Under Louisiana law, "false arrest is not distinguished as a separate tort from false imprisonment."[19] "False arrest and imprisonment occur when one arrests and restrains another against his will without a warrant or other statutory authority. Simply stated, it is restraint without color of legal authority."[20] The Plaintiff in this case is not claiming he was falsely arrested and imprisoned.

Furthermore, the Plaintiff cannot recover under Louisiana law for false imprisonment because he was duly convicted of a felony and sentenced to serve a sentence at hard labor. "The jurisprudence of this state allows civil damages for false arrest only where there has been insufficient probable cause to sustain the arrest and the party has not been convicted of the crime with which they were charged."[21] "If a plaintiff is convicted of a crime for which he was arrested

---

[17] *Traweek v. Gusman*, No. CV 19-1384, 2021 WL 199387, at *7 (E.D. La. Jan. 20, 2021), reconsideration denied, No. CV 19-1384, 2021 WL 493073 (E.D. La. Feb. 10, 2021).
[18] Rec. Doc. 16, ¶69-72. ("Count 2" in Plaintiff's Operative Complaint is a negligence claim against "the Defendants")
[19] *Kelly v. W. Cash & Carry Bldg. Materials Store*, 99-0102 (La. App. 4 Cir. 10/20/99), 745 So. 2d 743, 761 (citing *Restrepo v. Fortunato,* 556 So.2d 1362 (La.App. 5 Cir.), *writ denied* 560 So.2d 11 (La.1990)).  See also *Parker v. Town of Woodworth*, 2011-1275 (La. App. 3 Cir. 3/7/12), 86 So. 3d 141, 144 (quoting *Kelly*, 745 So. 2d at 761).
[20] *Kyle v. City of New Orleans*, 353 So. 2d 969, 971 (La. 1977) (citations omitted).
[21] *Gibson v. State*, 1999-1730 (La. 4/11/00), 758 So. 2d 782, 791 (citations omitted).

and indicted, and the conviction is affirmed, his detention is not unlawful as a matter of law."[22] The U.S. Fifth Circuit Court of Appeal faithfully applies that rule of Louisiana law when considering a claim of false arrest/imprisonment arising under Louisiana law.[23] As stated above, the only fact material to the Plaintiff's false imprisonment claim is the fact that he was convicted and sentenced to serve a term at hard labor in DPSC custody. Considering the foregoing jurisprudence, the Defendants are entitled to entry of summary judgment in their favor.

> **B. The jurisprudence cited by the Plaintiff does not support the existence of a false imprisonment claim under Louisiana law in these circumstances.**

Only one of the cases cited by the Plaintiff arose from a claim of over-detention, *McNeal v. Louisiana Dep't of Pub. Safety & Corr.*, No. CV 18-736-JWD-EWD, 2020 WL 798321, at *2 (M.D. La. Feb. 18, 2020). In *McNeal*, Judge John deGravelles granted a Motion for Partial Summary Judgment on the false imprisonment claim.

The Court found, "[u]nder Louisiana law, '[a]claim for **false arrest** requires the following elements: (1) detention of the person; and (2) the unlawfulness of the detention."[24] The Court held, without explanation, "[t]here is no genuine dispute as to any material fact regarding the elements of false imprisonment. Both parties agree that Mr. McNeal was imprisoned at the Elayn Hunt Correctional Center for 41 days following his correct release date."[25] To support the conclusion that *McNeal's* detention was "unlawful" for purposes of a Louisiana state law tort claim, the District Court cited four *federal* cases, none of which originated in Louisiana or applied Louisiana

---

[22] *Parker v. Town of Woodworth*, 2011-1275 (La. App. 3 Cir. 3/7/12), 86 So. 3d 141, 144 (citing *Restrepo v. Fortunato*, 556 So.2d 1362 (La.App. 5th Cir.), writ denied [sic] 560 So.2d 11 (La.1990) (additional internal citation omitted)).
[23] See e.g. *Thomas v. Louisiana, Dep't of Soc. Servs.*, 406 F. App'x 890, 898 n. 4 (5th Cir. 2010) (unpublished; per curiam) (quoting *Harrison v. State Through Dept. of Pub. Safety & Corrs.*, 721 So.2d 458, 465 n. 9 (La.1998)).
[24] *McNeal v. Louisiana Dep't of Pub. Safety & Corr.*, No. CV 18-736-JWD-EWD, 2020 WL 798321, at *7 (M.D. La. Feb. 18, 2020) (emphasis added) (quoting *Richard v. Richard*, 11-0229 p. 5 (La. 10/25/11), 74 So. 3d 1156, 1159 (citing *Kennedy v. Sheriff of East Baton Rouge*, 05-1418 (La. 7/10/06), 935 So.2d 669.))
[25] *Id*.

state law.[26] Louisiana law governs the Plaintiff's state law tort claims in this case.[27] Because the ruling in *McNeal* regarding the legality of McNeal's detention was not based on Louisiana law, the ruling is not persuasive and should not be relied on by this Honorable Court.

Judge Martin L.C. Feldman of the Eastern District of Louisiana recently applied Louisiana law to another over-detention claim brought by the same attorney representing the Plaintiff herein, and Brian McNeal, *Traweek v. Gusman*, No. CV 19-1384, 2021 WL 199387 (E.D. La. Jan. 20, 2021), *reconsideration denied sub nom*. JOHNNY TRAWEEK v. MARLIN GUSMAN, ET AL., No. CV 19-1384, 2021 WL 493073 (E.D. La. Feb. 10, 2021). The Plaintiff herein, Brian McNeal, and Johnny Traweek all made virtually identical legal arguments about the availability of a claim of "false imprisonment".[28] Judge deGravelles, as explained above, ruled in favor of McNeal on the false imprisonment claim. Judge Feldman, on the other hand, ruled in favor of the Defendants.[29]

The *Traweek* decision is persuasive and its analysis should be adopted by this Honroable Court. Judge Feldman correctly applied Louisiana law to the false imprisonment claim and found that the Plaintiff's claims do not constitute a "false imprisonment" under Louisiana law. Judge Feldman explained:

---

[26] *Id* (citing *Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980) (Texas); *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011) (Mississippi); *Whirl v. Kern*, 407 F.2d 781, 792 (5th Cir. 1969) (Texas)).
[27] See e.g. *Traweek v. Gusman*, No. CV 19-1384, 2021 WL 493073, at *1 (E.D. La. Feb. 10, 2021) (on reconsideration) (finding cases applying federal law or common law to be irrelevant to "*Louisiana* false imprisonment law, which clearly governs the claims at issue here."

[28] All three Plaintiffs claim they were "over-detained" by the named defendants for very different reasons. McNeal claims he was over-detained because DPSC did not send his release paperwork to the correct facility. Traweek claims he was over-detained because the paperwork from the Parish Sheriff was not sent to DPSC in a timely fashion. Hicks, on the other hand, claims he was over-detained because Defendant Lawson intentionally withheld jail credits from his sentence calculation. All three plaintiffs make virtually identical claims regarding the alleged liability of defendants for "false imprisonment." All three plaintiffs allege defendants are strictly liable for the tort of false imprisonment because each plaintiff was over-detained.
[29] The *Traweek* decision was rendered five days before the Plaintiff filed his Motion for Summary Judgment, yet the ruling was not cited or mentioned by the Plaintiff in his Motion.

> [A]s Traweek acknowledges in the operative complaint, in Louisiana, false imprisonment "is restraint without color of legal authority." See *Kyle v. City of New Orleans*, 353 So. 2d 969, 971 (La. 1977); Third Am. Compl., ¶ 103.
>
> Because there is no question that Traweek was overdetained under "color of legal authority," Traweek's false imprisonment claims must be dismissed as a matter of law. See *Kyle*, 353 So. 2d at 971; see also color of authority, BLACK'S LAW DICTIONARY (10th ed. 2014) ("The appearance or presumption of authority sanctioning a public officer's actions".); color of law, id. ("The appearance or semblance, without the substance, of a legal right.... The term usu. implies a misuse of power made possible because the wrongdoer is clothed with the authority of the state."). [FN 7]
>
> [FN 7] A state prisoner is surely detained under color of legal authority. Indeed, Traweek's is not the paradigmatic case of false imprisonment, in which a shopkeeper or other private citizen wrongfully restricts a plaintiff's movement against his will.[30]

This Honorable Court has, in this case, adopted the *Traweek* Court's analysis on other issues.[31] This Honorable Court should also adopt the Court's analysis on the false imprisonment claim. Like in *Traweek*, the Plaintiff's claims in this case may be actionable against one or more Defendants under Louisiana's negligence law but, not as a false imprisonment.

Considering the foregoing, as a matter of law, the Plaintiff's claim of over-detention is not actionable as a false imprisonment under Louisiana state tort law and judgment should be rendered in favor of the Defendants dismissing the Plaintiff's false imprisonment claim.

### IV.  **Alternatively, Plaintiff's Motion should be denied because the Plaintiff fails to meet his burden of proving there is no genuine issue of material fact for trial.**

If the Louisiana tort of false imprisonment is found to encompass Plaintiff's claim, the Plaintiff's Motion should still be denied and judgment should be entered in favor of the Defendants. The Plaintiff fails to prove that any of the Defendants is liable for false imprisonment. Furthermore, the Plaintiff fails to meet his burden of proving his detention was unlawful.

---

[30] *Traweek v. Gusman*, No. CV 19-1384, 2021 WL 199387, at *7 (E.D. La. Jan. 20, 2021), reconsideration denied sub nom. JOHNNY TRAWEEK v. MARLIN GUSMAN, ET AL. Additional Party Names: Ashley Jones, James LeBlanc, Tracy DiBenedetto, No. CV 19-1384, 2021 WL 493073 (E.D. La. Feb. 10, 2021)
[31] See e.g. Rec. Doc. 47.

7

A. **The Plaintiff fails to meet his burden of proving summary judgment should be entered against "all Defendants".**

The Plaintiff seeks entry of judgment "against Defendants."[32] The Defendants are the Louisiana Department of Public Safety and Corrections [DPSC]; DPSC Secretary James LeBlanc, in his individual and official capacities; and Terry Lawson, in his individual and official capacities.[33] The Plaintiff utterly fails to meet his burden of proving that judgment should be entered against "all Defendants" as requested in his Motion for Summary Judgment.[34]

Actual or constructive detention by each of the Defendants is an essential element of a false imprisonment claim.[35] Thus, in addition to proving he was incarcerated (which is an undisputed fact), the Plaintiff must prove he was detained by each Defendant he claims is personally liable for the detention.[36]

As stated above, the only fact material to the Plaintiff's false imprisonment claim is the fact that he was sentenced to serve a term of four years at hard labor. Louisiana Revised Statute §15:824 governs "Commitment of persons to the Department of Public Safety and Corrections." That statute states, in pertinent part:

    A.    Notwithstanding any provision of law to the contrary, any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. […]

    C. (1)    Notwithstanding any provision of law to the contrary, only individuals actually sentenced to death or confinement at hard labor shall be committed to the Department of Public Safety and Corrections. […]

---

[32] Rec. Doc. 67; Rec. Doc. 67-2, p. 17.
[33] Rec. Doc. 16, ¶12-14.
[34] Rec. Doc. 67-2, p. 1 (stating he is requesting summary judgment against "all Defendants").
[35] *Kennedy v. Sheriff of E. Baton Rouge*, 2005-1418 (La. 7/10/06), 935 So. 2d 669, 690
[36] *Id*.

The Plaintiff was undisputedly sentenced to confinement at hard labor[37] and was, therefore, subject to confinement in the custody of DPSC. Correspondingly, the Plaintiff alleges he was detained by DPSC[38] at the Claiborne Parish Detention Center.[39] As a matter of law, the Plaintiff was in the legal custody of DPSC, not of a particular facility or Department employee.[40]

The Plaintiff failed to meet his burden of proving that either LeBlanc or Lawson, individually or in an official capacity, is liable for false imprisonment. No evidence is offered or argument made that the Plaintiff was detained or restrained by James LeBlanc or Terry Lawson. Neither LeBlanc nor Lawson is mentioned in Plaintiff's Motion for Summary Judgment or in the Statement of Material Facts.[41] In the supporting memorandum, LeBlanc is only mentioned in the Procedural History section.[42] Lawson is mentioned in the Statement of Facts section of the memorandum but not in the "Discussion" section.[43] The Plaintiff does not allege any facts in the Statement of Facts, or otherwise, tending to show LeBlanc or Lawson detained or restrained him. Therefore, the Plaintiff failed to meet his burden of proof on an essential element of his false imprisonment claim and judgment should be rendered in favor of LeBlanc and Lawson on the claim of false imprisonment.[44]

**B. DPSC is entitled to entry of summary judgment in its favor on the false imprisonment claim.**

---

[37] *Id*.
[38] See Rec. Doc. 16, ¶19 (alleging Plaintiff was sentenced to serve four years at hard labor). See also e.g. Rec. Doc. 62-2, p. 11 ("… Mr. Hicks was incarcerated by the DOC from January 3, 2017 until April 25, 2018") (citations omitted).
[39] Rec. Doc. 16, ¶19.
[40] The Plaintiff was in the actual custody of the Claiborne Parish Sheriff.
[41] Rec. Doc. 67; 67-1.
[42] Rec. Doc. 67-2, §II.
[43] *Id*. at §III (Statement of Facts) and §IV (Discussion).
[44] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548).

The Plaintiff alleges there is no genuine issue of material fact for trial on false imprisonment because the Defendants admitted the Plaintiff was "held past his release date."[45] In support of that conclusion, the Plaintiff cites DPSC's response to Plaintiff's Request for Admissions No. 7. [46] DPSC's response to Plaintiff's Request for Admission No. 7 is the <u>only</u> evidence offered by the Plaintiff to support the conclusion that he was held past his release date. However, the response to the Requests for Admission does not satisfy Plaintiff's burden of proof.

The Request for Admission and DPSC's response thereto are as follows:

**Request for Admission No. 7:**

Ellis Ray Hicks was legally required to be released on February 24, 2018.

**Response to Request for Admission No. 7:**

Defendants object to this Request for Admission on the basis that it calls for a legal conclusion. Nevertheless, and without waiving the objection, defendant admits that Ellis Ray Hicks was legally required to be released on February 24, 2018. [47]

"[R]equests for admissions are properly used for facts or facts as applied to law, not pure legal conclusions [...]."[48] DPSC timely objected to the substance of the Request yet, the Plaintiff ignores the objection.[49]

The Plaintiff provides this Honorable Court no legal basis for disregarding the timely objection to the Request for Admission. Rule 36(a)(6) of the Federal Rules of Civil Procedure provides the procedure for challenging an objection to a request for admission. The Plaintiff never sought a ruling on the objection from this Honorable Court. The Plaintiff does not argue to this

---

[45] Rec. Doc. 67-2, p. 2.
[46] *Id*, citing Plaintiff's Exhibit 1 (Rec. Doc. 67-3). The Plaintiff also references DPSC's Response to Request for Admission No. 9, which simply states the undisputed date the Plaintiff was released from custody.
[47] Rec. Doc. 67-3, p. 2.
[48] *Warnecke v. Scott*, 79 F. App'x 5, 6 (5th Cir. 2003) (citing *In re Carney*, 258 F.3d 415, 418 (5th Cir.2001); 8A Wright, Miller, & Cane, Federal Practice & Procedure, § 2255 & n. 8 (2003); and Fed. R Civ. P. 36(a)).
[49] *See* Rec. Doc. 67-2, p. 2 (citing Rec. Doc. 67-3, Plaintiff's Exhibit 1).

Honorable Court that, as a matter of law, the objection should be overruled. Until this Honorable Court rules on the substance of the DPSC's objection, the objection remains valid.

As stated in the objection, the allegation that Plaintiff was "legally entitled to be released on February 24, 2018," is a *legal conclusion* and, thus, neither a well-pleaded fact nor a proper subject of a Request for Admission.[50] Furthermore, as stated above, legal conclusions cannot be used as a substitute for facts supported by record evidence.[51]

Other than the improper request for admission, the Plaintiff offers no evidentiary support for the conclusion that he was "legally entitled to be released on February 24, 2018." The only material facts identified by the Plaintiff and supported by evidence are (1) the Plaintiff was sentenced to serve four years at hard labor, with credit for time served; and (2) the Plaintiff was incarcerated from January 3, 2017 to April 25, 2018, a period of less than four years.[52] The Plaintiff offers no evidence of how much credit for time served he supposedly earned or any other reason why he claims he was "legally entitled to be released on February 24, 2018".

Plaintiff's exclusive reliance on the improper Request for Admission is misplaced. The Plaintiff fails to meet his burden of proving, with evidence, that his detention was unlawful and his Motion for Summary Judgment on false imprisonment should be denied.

V.   **Conclusion**

Considering the foregoing, the Plaintiff's Motion for Summary Judgment should be denied and judgment should be rendered in favor of the Defendants on the false imprisonment claim.

---

[50] It must be noted that it is unknown what law the request for admission is referring to. The Plaintiff, in this case, is claiming violations of the Fourteenth Amendment, Louisiana Constitution, as well as liability for the tort of false imprisonment, liability under Louisiana negligence law, and under various theories within those causes of action. All of those claims were, initially, brought against all Defendants. It is, therefore, unknown what law was referred to in the request for admission.
[51] See e.g. *Hanchey v. Energas Co.*, 925 F.2d 96, 97 (5th Cir. 1990) (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir.1986)).
[52] Rec. Doc. 67-1.

11

Plaintiff's claim of over-detention is not actionable as a false imprisonment under Louisiana's tort law.  Therefore, as a matter of law, the claim must be dismissed.  Alternatively, the Plaintiff fails to meet his burden of proving either James Leblanc or Terry Lawson committed the tort of false imprisonment.  Louisiana law establishes the Plaintiff was in the legal custody of DPSC, not of a particular facility or department employee.  Therefore, judgment should be entered in favor of LeBlanc and Lawson.  Finally, the Plaintiff fails to meet his burden of proving he was held past his discharge date.  The Plaintiff offered only a legal conclusion presented as a Request for Admission in support of his claim.  Legal conclusions cannot substitute for facts supported by evidence.  Therefore, Plaintiff's Motion should be denied.

Respectfully Submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:   *s/Phyllis E. Glazer*
      **PHYLLIS E. GLAZER (#29878)** (Lead Counsel)
      **ASSISTANT ATTORNEY GENERAL**

**Louisiana Department of Justice**
Litigation Division, Civil Rights Section
1885 North Third Street, 4th Floor
Post Office Box 94005 (70804-9005)
Baton Rouge, Louisiana 70802
Telephone:    225-326-6300
Facsimile:    225-326-6495
E-mail:       GlazerP@ag.louisiana.gov
*Attorney for the DPSC Defendants*