**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ELLIS RAY HICKS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 19-108-SDD-RLB** |
| | * | |
| **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, JAMES LEBLANC, AND TERRY LAWSON** | * * * | **CHIEF JUDGE DICK** |
| | | **MAG. JUDGE BOURGEOIS** |

**************************************************************************

<u>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT BY DEFENDANTS JAMES LEBLANC AND TERRY LAWSON**</u>

A convicted felon, regardless of whether he is incarcerated at the time he files suit, is barred from filing suit under 42 U.S.C. §1983 challenging "the State's calculation of time to be served in accordance with the underlying sentence" unless the calculation has been reversed, modified, or set aside. *Muhammad v. Close*, 540 U.S. 749, 754-755, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) (citing *Heck v. Humphrey,* 511 U.S. 477, 114 S.Ct. 2364 (1994)). Under Louisiana law, regardless of whether he is incarcerated at the time he files suit, a convicted felon cannot file a lawsuit claiming an erroneous sentence computation caused him harm unless the sentence computation was reviewed and resolved in his favor through the Corrections Administrative Remedy Procedure (CARP), which is a different Act than the PLRA. ]." *Madison v. Ward*, 2000-2842 (La. App. 1 Cir. 7/3/02), 825 So. 2d 1245, 1255. The Plaintiff, Ellis Hicks, is indisputably pursuing §1983 and state law claims challenging DPSC's calculation of time he was to serve in accordance with his underlying sentence. His sentence computation has never been reversed, modified, or set aside by the 19th Judicial District Court. This lawsuit should be dismissed.

1

**I.     A so-called "Motion for Reconsideration" is not necessary for the Court to reconsider a legally erroneous interlocutory ruling.**

The moving defendants, Secretary James LeBlanc and Terry Lawson, continue to acknowledge that this Honorable Court previously denied a Motion to Dismiss based, in part, on *Heck*. The moving defendants asked that said ruling be reconsidered and that the §1983 claims in the Second Amended Petition be dismissed based on *Heck*. Plaintiff argues the Defendants should have filed a motion titled "Motion for Reconsideration." Doc. 85. This Honorable Court can reconsider its prior ruling without a "Motion for Reconsideration."

"[T]he Federal Rules of Civil Procedure do not formally recognize the existence of motions for reconsideration." *Adams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the United States & Canada, AFL-CIO*, Loc. 198, 495 F. Supp. 3d 392, 395 (M.D. La. 2020) (citations omitted). "Although courts are concerned with principles of finality and judicial economy, 'the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law.' " *Broyles v. Cantor Fitzgerald & Co.*, No. 10-854, 2015 WL 500876, at *1 (M.D. La. Feb. 5, 2015) (quoting *Keys v. Dean Morris, LLP*, 2013 WL 2387768, at *1 (M.D. La. May 30, 2013) (additional citations and internal quotations omitted). Thus, an interlocutory order may be set aside by the District Court at any time before the entry of a final judgment. Fed. R. Civ. P. 54(b). "The Court may exercise this authority *sua sponte*." *Oracle Oil, LLC v. EPI Consultants*, 391 F. Supp. 3d 634, 636 (E.D. La. 2019) (citing *McKethan v. Texas Farm Bureau*, 996 F.2d 734, 736 n. 6 (5th Cir. 1993)).

The Defendants clearly sought reconsideration in a properly argued and noticed motion and accompanying memorandum, in which they explained why the ruling should be reconsidered under the Rule 54(b) standard. "[T]he nature of a motion must be determined according to its actual substance as opposed to its title." *Escribano v. Travis Cty., Texas*, No. 1:15-CV-331-RP,

2

2018 WL 3614218, at *3 (W.D. Tex. July 27, 2018) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 527 n.1 (2005) (noting that a district court properly reviewed a motion based not on its title but on its substance) (additional citations omitted)). Plaintiff's argument that "Defendants failed to file a Motion for Reconsideration" is purposeless. See Doc. 85, p. 3.

Plaintiff then argues that, under Rule 54(b), the movant must provide "substantial reasons for reconsideration". *Id* (citing *Simoneaux v. E.I. du Pont de Nemours & Co.*, No. CV 12-219-SDD-EWD, 2016 WL 236239, at *3 (M.D. La. Jan. 20, 2016)). The Plaintiff alleges "Substantial reasons can include 'an intervening change in controlling law[,]' 'the availability of new evidence[,]' or 'the need to correct clear error or prevent manifest injustice.'" Defendants do not identify which ground they seek reconsideration based on." *Id.* A Motion for Reconsideration of a Judgment or Order under Rules 59 or 60 would be analyzed under the standard articulated by the Plaintiff.

Fifth Circuit precedent establishes that the stringent standard articulated by the Plaintiff is inapplicable to Defendants' motion. "Rule 54(b) is less stringent than Rule 59(e)." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). The Fifth Circuit explained:

> Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citing FED. R. CIV. P. 54(b)), *abrogated on other grounds*, *Little*, 37 F.3d at 1075 n.14; *see also McClung v. Gautreaux*, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011) ("Yet, because the district court is faced on with an interlocutory order, it is free to reconsider its ruling 'for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.' " (quoting *Brown v. Wichita Cty.,* No. 7:05-cv-108-0, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011))). Rule 59(e), however, "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence," and it is "an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (alteration in original) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

*Austin*, 864 F.3d at 336.  This District has acknowledged that the foregoing legal standard governs. *Adams*, 495 F. Supp. 3d at 395 (discussing *Austin*).  *Id* at 396.

Reconsideration of this Court's prior ruling on *Heck* is appropriate because the prior ruling was contrary to law and any doubt about *Heck's* applicability was dispelled by the Fifth Circuit in *Colvin*.  In the prior ruling of this Honorable Court, the Court adopting the entire legal analysis, including the factual basis, of the ruling of Judge Martin L.C. Feldman of the Eastern District of Louisiana in the *Traweek* case.  Without analyzing or distinguishing the facts of *this case* from those in *Traweek*, this Honorable Court found that *Heck* was inapplicable for the reasons articulated by the trial court in *Traweek*.  This Honorable Court erred by failing to recognize the significant difference between this case and *Traweek* before denying Defendants' Motion. In this case the Plaintiff is challenging the computation of his sentence. In *Traweek*, the plaintiff is challenging the amount of time it took to process his release.  The former is unequivocally barred by *Heck*.

**II.    Plaintiff's argument that he "is not challenging the calculation of his sentence" is untrue.**

The Plaintiff alleges he "is not challenging the calculation of his sentence […]". See Doc. 85, p. 7.  That statement is obviously inaccurate.  This Honorable Court previously found "Plaintiff alleges that Lawson repeatedly altered his release date in retaliation for Plaintiff's continued pursuit of the correct release date…" Doc. 47, p. 23.  The Fifth Circuit found the Plaintiff alleged he was "not receiving proper time-served credit" such that his release was "purposely delayed". *Hicks v. LeBlanc*, 832 F. App'x 836, 838 (5th Cir. 2020).   The Plaintiff's operative Second Amended Complaint also contains allegations that Plaintiff's sentence was improperly calculated. See Doc. 83.  The undeniable foundation of all of Plaintiff's claims is a challenge to "the State's calculation of time to be served in accordance with the underlying sentence". *Muhammad, supra*.

4

To put it in different terms, the Plaintiff and the DPSC Defendants fundamentally <u>disagree</u> about the date the Plaintiff was supposed to have been discharged from prison, and that disagreement is described by the Plaintiff in the Second Amended Complaint as the basis for his claims against the Defendants. Any disagreement between a convicted felon and DPSC about the computation of a sentence must be resolved by the 19th Judicial District Court, for the Parish of East Baton Rouge. This Honorable Court lacks jurisdiction to resolve that dispute.

### III.   Plaintiff's reading of *Colvin* is erroneous.

In *Colvin v. LeBlanc*, 2 F.4th 494 (5th Cir. 2021), the Fifth Circuit reaffirmed that *Heck* bars challenges to sentence computations. The Plaintiff alleges *Colvin* was not " 'actually' about the 'miscalculation of his release date', it was about other arguments." Doc. 85, p. 5. The Fifth Circuit clearly explained that Colvin's claim was about *more* than the miscalculation of his sentence, it was also about his allegedly illegal extradition. *Colvin*, 2 F.4th 494. Regarding the sentence calculation/sentence enhancement claim, the Fifth Circuit held:

> Colvin maintains that he should be released in 2023, not 2052, and **challenges the methodology used to calculate his release date**. Regardless of whether Colvin challenges the application of good time credit or the failure to credit his state sentence with federal time served, his claim ultimately challenges a single issue: the duration of his state sentence. A claim for speedier release is actionable by writ of habeas corpus, and **a § 1983 damages action predicated on the sentence calculation issue is barred by *Heck*** because success on that claim would necessarily invalidate the duration of his incarceration.

*Colvin*, 2 F.4th 494 (footnote omitted) (emphasis added).

The Plaintiff argues the foregoing holding was not a holding but was dicta because the issue of whether *Heck* barred Plaintiff's sentence computation theory was not raised in the trial court. Doc. 85, p. 5. That is an erroneous reading of the ruling. The *Heck* issue was the basis for the trial court's dismissal of Colvin's case; it was raised and argued in the trial court. The issue that was *not* raised was the prisoner's "new characterization" of his claim. The Fifth Circuit clearly

5

explained, "In the district court and in his opening brief on appeal, Colvin characterized the alleged violation as Wade's failure to credit Colvin's state sentence with the thirty years he spent in federal custody. In a supplemental brief, however, he describes the issue as 'whether Ms. Wade improperly applied the Louisiana statute governing double good time credit to Mr. Colvin's state sentence.'" *Colvin*, supra.  The Plaintiff's statement that the foregoing holding is "dicta" is frivolous.

The Fifth Circuit's holding in *Colvin*, which is a published opinion, is binding precedent. Thus this Court is bound by the rule of law that, "[a] claim for speedier release is actionable by writ of habeas corpus, and a § 1983 damages action predicated on the sentence calculation issue is barred by *Heck* because success on that claim would necessarily invalidate the duration of his incarceration."  *Colvin*, *supra* (footnote omitted).

**IV.     Plaintiff's argument that *Heck* only bars suits by prisoners who are currently incarcerated is not the law in the Fifth Circuit.**

The Plaintiff alleges that *Heck* does not bar his claims because he was not incarcerated at the time he filed suit.  In the original *Heck* opinion, the Supreme Court stated that "the favorable-termination rule also applied to 'former state prisoners who, because they are no longer in custody, cannot bring postconviction challenges.'" *Black v. Hathaway*, 616 F. App'x 650, 652 (5th Cir. 2015) (quoting *Heck v. Humphrey*, 511 U.S. 477, 490 n. 10, 114 S.Ct. 2364 ("We think the principle barring collateral attacks—a longstanding and deeply rooted feature of both the common law and our own jurisprudence—is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated.")).  The Fifth Circuit adheres to the Supreme Court's ruling in *Heck* that its bar applies to persons who are not in custody at the time they file suit. *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000).

6

To be absolutely clear, the Plaintiff was not without a remedy following his release from prison. On the contrary, the Plaintiff had the Corrections Administrative Remedy Procedure available to him, which provided him with the mode for appealing DPSC's sentence computation via a Petition for Judicial Review to the 19th Judicial District Court, and then to the Louisiana First Circuit Court of Appeal and Louisiana Supreme Court. See La. R.S. 15:1177(B).

**V.   Only the Louisiana 19th Judicial District Court has jurisdiction, on a petition for judicial review, to resolve a dispute between an offender and DPSC on the calculation of the offender's sentence.**

The Corrections Administrative Remedy Procedure [CARP] is codified in La. R.S. 15:1171 – 15:1179. The Louisiana Prison Litigation Reform Act [PLRA] is codified in La. R.S. 15:1181-1191. Plaintiff's argument that this Court previously "referred to [CARP] as the PLRA" is simply wrong. CARP and the PLRA are two different Acts.

The Defendants argued the Plaintiff abandoned all of his state law claims by failing to pursue them through CARP. Doc. 84-1, p. 12 (citing La. R.S. 15:1172(C)). The Defendants <u>did not</u> argue the Plaintiff failed to satisfy the PLRA exhaustion requirement. The Plaintiff, in his opposition memorandum, does not mention any section of CARP or distinguish the cases cited by the Defendants.

CARP provides statutory authority to DPSC and the sheriffs to adopt an administrative remedy procedure. La. R.S. 15:1171(A). "Such administrative procedures, when promulgated, shall provide the exclusive remedy available to the offender for complaints or grievances governed thereby insofar as federal law allows." §15:1171(B). The administrative remedy procedure promulgated by DPSC is published in the Administrative Code at Title 22, Part 1, Section 325.

CARP provides for judicial review by the 19th Judicial District Court of administrative decisions of DPSC. §15:1177. Judicial review is available to offenders who are not in the physical custody of DPSC. §15:1177(B). "[T]ime computations, even though urged as a writ of habeas

corpus" are administrative decisions of DPSC that are subject to judicial review through CARP. §15:1177(B).  "A prisoner alleging an error in time computation must pursue his claim through CARP, with appellate review first at the district court and then with [the First Circuit Court of Appeal]."  *Madison v. Ward*, 2000-2842 (La. App. 1 Cir. 7/3/02), 825 So. 2d 1245, 1255.  CARP simply requires an agency decision on a sentence computation be directly appealed from DPSC to the 19th JDC.

The Defendants did not argue the Plaintiff failed to satisfy the exhaustion requirement of the state PLRA, La. R.S. 15:1181, *et seq*.  The Defendants argue that the Plaintiff did not follow CARP, which is a different set of statutes than the PLRA.  The Plaintiff was convicted of a felony and issued a sentence, which was computed by DPSC.  The Plaintiff disagrees with the calculation of the amount of time he was required to serve on his underlying sentence.  That the Plaintiff was required to serve his sentence in prison was of no moment.  Had the Plaintiff been required to serve his sentence on probation or parole the Defendants' arguments would have been the same. Any challenge to DPSC's calculation of the amount of time to be served on his sentence, had to be made through the Corrections Administrative Remedy Procedure, with judicial review first at the 19th JDC, then at the First Circuit.

Plaintiff's failure to pursue judicial review is fatal to *this Court's jurisdiction* over his state tort claims.  See e.g. *Boudreaux v. Louisiana Dep't of Pub. Safety & Corr.*, 2016-0995 (La. App. 1 Cir. 6/2/17), 222 So. 3d 63, 66 (citing La. R.S. 15:1172(B), (C)) (additional citations omitted)). *See also London v. Dep't of Corr.*, No. CIV.A. 14-362-SDD, 2014 WL 3563416, at *2 (M.D. La. July 18, 2014).

The Plaintiff may not have been required to file an ARP claiming to have been "overdetained" prior to filing his tort suit claiming "overdetention", but he was absolutely required

8

to seek judicial review of the Department's calculation of his sentence before he filed a lawsuit claiming he was incarcerated too long as a result of an erroneous sentence computation.

## VI.   Conclusion

The Plaintiff did not substantively oppose Defendants' Motion to Dismiss. As explained herein, the arguments he presents in opposition to the Motion are unconvincing or unsupported by law or contrary to precedent. At this stage of litigation, the *factual allegations* of the Plaintiff's Complaint must be accepted as true; legal conclusions are not entitled to the assumption of truth. The *facts* show, unequivocally, that this entire lawsuit is founded on a direct challenge to the calculation of the Plaintiff's sentence. DPSC's calculation of the sentence has not been reversed, modified, or set aside. As a matter of law, therefore, Plaintiff's §1983 claims are barred by *Heck* and his state law claims should be dismissed due to his non-compliance with CARP.

Respectfully Submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:   *s/Phyllis E. Glazer*
**PHYLLIS E. GLAZER (#29878)** (Lead Counsel)
**ASSISTANT ATTORNEY GENERAL**

**Louisiana Department of Justice**
Litigation Division, Civil Rights Section
1885 North Third Street, 4th Floor
Post Office Box 94005 (70804-9005)
Baton Rouge, Louisiana 70802
Telephone:   225-326-6300
Facsimile:   225-326-6495
E-mail:   GlazerP@ag.louisiana.gov
*Attorney for the DPSC Defendants*