UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ELLIS RAY HICKS | CIVIL ACTION |
| VERSUS | 19-108-SDD-RLB |
| DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, *ET AL.* | |

**Supplement Regarding New Authority**

This supplement is to notify the Court about a recent overdetention decision, *Frederick v. LeBlanc*, 18-cv-00682-SDD-RLB, R. Doc. 74 (M.D. La., Sept. 28, 2021), that is relevant to two arguments made by Defendants in their Motion to Dismiss. The opinion is attached here as Exhibit A.

In Mr. Hicks' case, newly added Defendants moved to dismiss the claims against them. R. Doc. 90-1. Although this Court had already held in this case that "*Heck v. Humphrey* does not bar Plaintiff's claims," Defendants argued that a new case, *Colvin v. LeBlanc*, No. 19-30888, 2021 WL 2562449 (5th Cir. June 23, 2021), should cause the Court to reconsider. Defendants made the same argument in *Frederick*, another overdetention case. And in *Frederick,* this Court squarely rejected that argument:

> the Court is not persuaded that Colvin, an incarcerated individual seeking to hasten his release date by thirty years, is similarly situated to Frederick, whose complaint arises out of a roughly three-month period between July and October 2017 when, he alleges, his lawful sentence was fully served but he continued to be detained anyway.
> . . .
> Overall, the Court finds that it would be misguided to apply *Heck* here, where the challenge is not directed at Frederick's conviction and sentence but rather DOC's procedures for calculating his release date and releasing him timely.

*Frederick* at *6.

The Court in *Frederick* also rejected another argument made in both *Frederick* and *Hicks*. In both cases, Defendants argued that plaintiffs' state law claims are barred by the Corrections Administrative Remedy Procedure ("CARP") law, for failure to exhaust administrative remedies.

In *Frederick*, the Court rejected that argument because Mr. Frederick presented evidence that he had filed an Administrative Remedy Request. *Id.* at *19.

The same is true here. This Court has noted that Mr. Hicks "filed an Administrative Remedy Procedure ("ARP") on January 5, 2018, regarding Lawson's alleged refusal to consider Plaintiff's time-served credit" and that he sought review in state court. R. Doc. 47 at 4.

For these reasons, the result in *Frederick* and *Hicks* should be the same – denial of Defendants; motions.

Respectfully submitted,

Ellis Ray Hicks, by and through his counsel,

/s/ *William Most*_____
Most & Associates
William Most (La. Bar No. 36914)
williammost@gmail.com
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023

Casey Rose Denson (La. Bar. No. 33363)
3436 Magazine Street, Unit #7005
New Orleans, LA 70115
Telephone: (504) 224-0110
Email: cdenson@caseydensonlaw.com