UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ELLIS RAY HICKS**                                       **CIVIL ACTION**

**VERSUS**                                                **NO. 19-108-SDD-RLB**

**LOUISIANA DEPARTMENT OF**
**PUBLIC SAFETY AND CORRECTIONS, ET AL.**

**ORDER**

Before the Court is Tracy Dibenedetto ("Dibenedetto"), Sally Gryder ("Gryder"), and Angela Griffin's ("Griffin") Motion to Stay Discovery and Cancel the Scheduling Order Deadlines (the "Motion to Stay"). (R. Doc. 91). The motion is opposed. Defendants filed a reply.[1]

**I.    RELEVANT BACKGROUND**

Plaintiff, Ellis Hicks ("Plaintiff") initiated this action on December 10, 2018 by filing of a "Petition for Negligence, False Imprisonment, and Violation of Constitutional Rights" ("Petition") in state court against the State of Louisiana through the Louisiana Department of Public Safety and Corrections ("DOC"), James LeBlanc ("LeBlanc), and Terry Lawson ("Lawson") (collectively, the "Original Defendants"). (R. Doc. 1-2). Plaintiff seeks recovery pursuant to 42 U.S.C. § 1983 and Louisiana state law for the Original Defendants alleged unlawful detainment of him for sixty days beyond the date of his legal release. (R. Doc. 1-2 at 3). On February 20, 2019, the Original Defendants filed a Notice of Removal asserting that this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (R. Doc. 1).

---

[1] On September 23, 2021, Plaintiff filed an Unopposed Motion for Extension of Discovery Deadlines requesting that all deadlines be extended until January 17, 2022. (R. Doc. 110). The Court granted the motion, suspended the discovery deadline of October 1, 2021, and stated that all unexpired discovery deadlines will be addressed when the Court resolves the pending Motion to Stay and Motion to Compel. (R. Doc. 111).

On May 24, 2021, Plaintiff filed her Second Amended Complaint, which (1) removes DOC as a defendant; (2) names Dibenedetto, Griffin, and Gryder (collectively, "Additional Defendants") as the individuals listed in the Amended Complaint as Does 1-3; (3) amends certain facts alleged in the Amended Complaint to reflect information learned during the course of discovery; and (4) amends the relief sought in each count of the Amended Complaint to comport with his previous agreement to dismiss his claims for permanent injunction and declaratory relief against LeBlanc and Lawson in their official capacity. (R. Doc. 83).

On August 5, 2021, the Additional Defendants filed their Motion to Dismiss Plaintiff's Second Amended Complaint in which they assert the defense of qualified immunity. (R. Doc. 90). Thereafter, on August 6, 2021, the Additional Defendants filed the instant Motion to Stay in which they seek to stay discovery until their Motion to Dismiss Plaintiff's Second Amended Complaint is adjudicated. (R. Doc. 91 at 1). They further request that the October 1, 2021 discovery deadline and other related scheduling deadlines be cancelled until resolution of their qualified immunity defense. (R. Doc. 91 at 2).

In opposition, Plaintiff asserts three arguments. First, Plaintiff argues that the Motion to Stay should be denied because the discovery sought regarding the Additional Defendants is unavoidable. According to Plaintiff, the discovery sought from the Additional Defendants "is sought regardless of whether they remain parties to the constitutional claims for which they seek immunity, or even parties to the action." (R. Doc. 97 at 3). Particularly, Plaintiff argues that, as supervisors of Lawson, Griffin and Gryder "have discoverable information relating to" Plaintiff's claims of over detention. (R. Doc. 97 at 3).

Second, Plaintiff requests the Court to consider the merits of the Additional Defendants' qualified immunity defense. Plaintiff suggests that upon such consideration the Court will find

that the Additional Defendants are not entitled to qualified immunity, and therefore, discovery should not be stayed. (R. Doc. 97 at 4). Third, Plaintiff contends that he should be allowed to seek discovery regarding his state law claims from the Additional Defendants because qualified immunity is only available for damages for violation of federal statutes and constitutional law. (R. Doc. 97 at 4). Finally, Plaintiff contends that if a stay of discovery is granted, it should apply equally to Plaintiff. (R. Doc. 97 at 6).

## II.    LAW AND ANALYSIS

"The district court has 'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" *Fujita v. United States,* 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir. 1987)). Federal Rule of Civil Procedure 26(c) permits the Court to stay discovery for "good cause." The burden is on the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. *Martin v. Roy*, No. 20-339, 2021 WL 890582, at *2 (M.D. La. Mar. 9, 2021) (quoting *United States v. Garrett*, 571 F.2d 1323, n.3 (5th Cir. 1978)).

The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

"One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive[.]" *Backe v. LeBlanc*, 691 F.3d 645, 648

3

(5th Cir. 2012) (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)). Accordingly, the Fifth Circuit "has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Backe*, 691 F.3d at 648. Under this procedure, "a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Id*. (citing *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994-95 (5th Cir. 1995); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (directing that a plaintiff must "state a claim for relief that is plausible on its face"—excluding statements that are "no more than conclusions" which are "not entitled to the assumption of truth")). "Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe*, 691 F.3d at 648.

Having reviewed the record, the Court finds it appropriate to stay all discovery as to the Additional Defendants until resolution of the pending Motion to Dismiss Plaintiff's Second Amended Complaint.

As the Additional Defendants point out, the district court has not indicated that discovery is needed to rule on the Additional Defendants' qualified immunity defense, thus making discovery unavoidable. *See Lion Boulos,* 834 F.2d at 508. Further, the Court agrees that all of Plaintiff's theories of liability, including those raised under state law, arise out of a single set of facts such that Plaintiff's constitutional claims are inextricably intertwined with the other claims. (R. Doc. 107 at 5). Accordingly, discovery is inappropriate until the district judge has determined that Plaintiff's Second Amended Complaint asserts facts which, if true, would overcome the defense of qualified immunity raised by the Additional Defendants. *See Backe*, 691 F.3d at 648.

4

### III.    CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the Additional Defendants' Motion to Stay (R. Doc. 91) is **GRANTED.** Discovery is **STAYED** as it pertains to the Additional Defendants, including discovery sought by the Additional Defendants from Plaintiff, until the resolution of the Additional Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. (R. Doc. 90).

**IT IS FURTHER ORDERED** that the deadlines in the Court's Scheduling Order (R. Doc. 72) are **CONTINUED**, until the resolution of the Additional Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. (R. Doc. 90). Should a ruling be issued on the Motion to Dismiss Plaintiff's Second Amended Complaint, counsel shall immediately contact the undersigned so that appropriate action may be taken.

Signed in Baton Rouge, Louisiana, on October 6, 2021.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE