UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ELLIS RAY HICKS**                                                    **CIVIL ACTION**

**VERSUS**                                                                       **19-108-SDD-RLB**

**LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS, ET AL.**

**ORDER**

Before the Court is Ellis Hicks' ("Plaintiff") Motion to Compel. (R. Doc. 92). The motion is opposed. (R. Doc. 96). Plaintiff filed a reply. (R. Doc. 106).

**I.     Background**

Plaintiff initiated this action on December 10, 2018 by filing of a "Petition for Negligence, False Imprisonment, and Violation of Constitutional Rights" ("Petition") in state court against the State of Louisiana through the Louisiana Department of Public Safety and Corrections ("DOC"), James LeBlanc ("LeBlanc), and Terry Lawson ("Lawson") (R. Doc. 1-2). Plaintiff seeks recovery pursuant to 42 U.S.C. § 1983 and Louisiana state law for the alleged unlawful detainment of him for sixty days beyond the date of his legal release. (R. Doc. 1-2 at 3). On February 20, 2019, the DOC, LeBlanc, and Lawson filed a Notice of Removal asserting that this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (R. Doc. 1).

On May 17, 2019, Plaintiff propounded his first set of Request for Production of Documents on the DOC, LeBlanc, and Lawson. (R. Doc. 92-4). After receiving no response, Plaintiff filed a Motion to Compel discovery responses on August 1, 2019. (R. Doc. 20).

On August 8, 2019, the DOC, LeBlanc, and Lawson filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(c) asserting that: (1) Plaintiff's claims for monetary damages against the DOC, LeBlanc, and Lawson in their official capacities were barred by

Eleventh Amendment sovereign immunity; (2) Plaintiff's claims were barred under *Heck v. Humphrey,* 512 U.S. 477 (1994); and (3) LeBlanc and Lawson were entitled to qualified immunity. (R. Doc. 22). The Court stayed discovery until resolution of the motion to dismiss considering LeBlanc and Lawson's qualified immunity defense. (R. Doc. 33).

On January 27, 2020, the Court granted in part and denied in part the motion to dismiss. (R. Doc. 47). In particular, the Court dismissed, with prejudice, Plaintiff's claims for monetary damages against the DOC, LeBlanc, and Lawson, in their official capacity but found no grounds to dismiss the other claims under *Heck* or the qualified immunity doctrine. (R. Doc. 47 at 21).

LeBlanc and Lawson (hereinafter referred to as the "Original Defendants") appealed the Court's denial of qualified immunity, and the above-captioned matter was stayed and administratively closed pending resolution of the appeal on May 21, 2020. (R. Doc. 50; R. Doc. 55).

On November 12, 2020, the Fifth Circuit issued a Mandate in which it concluded that the Court properly denied qualified immunity for Lawson but not for LeBlanc. (R. Doc. 56 at 5). The Fifth Circuit held that LeBlanc is entitled to qualified immunity with respect to Plaintiff's claims under the Fourteenth Amendment (Count 3) and First Amendment (Count 5). (R. Doc. 56 at 5).

The above-captioned case was reopened on December 3, 2020. (R. Doc. 58). Thereafter, the Court entered a Scheduling Order setting, among other things, October 1, 2021 as the deadline for filing discovery motions and completing all discovery except experts. (R. Doc. 72).

On January 15, 2021, the Original Defendants responded to Plaintiff's first set of Requests for Production of Documents. (R. Doc. 92-5). Pertinently, the Original Defendants objected to Request for Production No. 9, which requested "[a]ll memoranda sent to records analysis regarding sentencing calculation," by stating:

2

> Objection vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and relevance. Louisiana's sentencing laws change routinely and memoranda are sent to update staff on the change to sentencing laws. Plaintiff's request is not limited in time or topic and, therefore, is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant, admissible evidence.

(R. Doc. 92-5 at 5).

On March 12, 2021, Plaintiff agreed to limit the time of the request "to all sentencing memoranda sent between January 1, 2017 to the present," and the scope to "sentencing memoranda regarding credit for time served, *Boddye*, or Article 880."[1] (R. Doc. 92-6 at 2).

On March 16, 2021, Plaintiff propounded Request for Production No. 17, which requested that the Original Defendants produce the personnel files for Lawson, as well Tracy Dibenedetto, Angela Griffin, and Sally Gryder (the "Additional Defendants," together with the Original Defendants are hereinafter referred to as "Defendants"). (R. Doc. 92-8).

On March 18, 2021, the Original Defendants objected to Request for Production No. 17 on the grounds that Plaintiff's request is overly broad, irrelevant, and not sufficiently particularized to overcome the privacy rights of the individuals. (R. Doc. 92-9 at 2).

On March 23, 2021, Plaintiff followed up with the Original Defendants regarding their discovery responses, and he informed them that he would be filing a motion to amend to add the Additional Defendants. (R. Doc. 92-7 at 2). In response, the Original Defendants stated that they were "done with discovery until" the Additional Defendants' "qualified immunity defenses were resolved." (R. Doc. 92-7 at 2).

---

[1] *Boddye v. LA. Dept. of Corrections,* 175 So.3d 437, 440 (La. App. 1 Cir. 6/26/15) (explaining that "Article 880 of the Louisiana Code of Criminal Procedure is the statutory authority by which offenders are granted credit for time served.").

3

On May 19, 2021, "in the interest of facilitating a resolution," Plaintiff agreed to narrow Request for Production No. 17 to "any documents reflecting performance evaluations, training, disciplinary action and/or reprimands, and commendations." (R. Doc. 92-10 at 1).

On May 24, 2021, Plaintiff filed his Second Amended Complaint, which, among other things, removes DOC as a defendant and names the Additional Defendants as Does 1-3 listed in the Amended Complaint. (R. Doc. 83).

On June 1, 2021, the Original Defendants submitted supplemental responses to Plaintiff's modified versions of Request for Production Nos. 9 and 17. (R. Doc. 92-11). With respect to Request for Production No. 9, the Original Defendants stated that:

> Memoranda sent to Terry Lawson are included in the binders, which are produced above. Other than the foregoing, the [Original] Defendants' original response to Request for Production No. 9 remains unchanged. Plaintiff's arbitrary limitation of the request to be from January 1, 2017, to the present does not reasonably narrow the scope of the request. Events that occurred after Plaintiff was released from custody are irrelevant to this case.

(R. Doc. 92-11 at 5).

The Original Defendants objected to Request for Production No. 17, on the grounds that Lawson and the Additional Defendants are entitled to qualified immunity. They further stated that the request is overly broad, irrelevant, and not sufficiently particularized to overcome the privacy rights of the individuals. (R. Doc. 92-11 at 3). According to the Original Defendants, Plaintiff's request for "training and performance records," will require a broad intrusion into Defendants' personnel files. (R. Doc. 92-11 at 4).

On June 21, 2021, Plaintiff requested mutually agreeable dates for depositions of the Additional Defendants. (R. Doc. 92-14 at 5). The Additional Defendants responded that they would not sit for depositions until the Court rules on their qualified immunity defense. (R. Doc.

4

92-14 at 5). To preserve his right to depose the Additional Defendants, Plaintiff served Notices and Subpoenas to testify. (R. Doc. 92-16).

Thereafter, the parties engaged in various discussions regarding Plaintiff's discovery requests. The parties could not reach an agreement as to the sufficiency of the Original Defendants' responses to and the relevancy of Request for Production No. 9, the relevancy of Request for Production No. 17, or whether the Additional Defendants should sit for depositions. (R. Doc. 92-12). As a result, Plaintiff filed the instant Motion to Compel. Therein, Plaintiff requests that the Court compel the Original Defendants to supplement their response to Plaintiff's discovery requests and to comply with deposition subpoenas. (R. Doc. 92 at 1). In sum, the discovery at issue includes:

(1) Request for Production No. 9: All sentencing memoranda sent between January 1, 2017 to the present regarding credit for time served;

(2) Request for Production No. 17: Any documents reflecting performance evaluations, training, disciplinary action and/or reprimands, and commendations in Defendants' personnel files; and

(3) Depositions of the Additional Defendants.

On August 25, 2021, the Additional Defendants filed their Motion to Dismiss Plaintiff's Second Amended Complaint in which they assert the defense of qualified immunity. (R. Doc. 90). In light of their qualified immunity defense, the Additional Defendants also filed a motion to stay discovery. (R. Doc. 91). The Court granted the motion to stay on October 6, 2021 and ordered that the deadlines in the Court's Scheduling Order be continued until resolution of the Additional Defendants' motion to dismiss. (R. Doc. 113).

**II.     Law and Analysis**

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objection." *Wymore v. Nail,* No. 14-3493, 2016 WL 1452437, at 1 (W.D. La. Apr. 13, 2016) (citing *McLeod, Alexander, Powel, and Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir. 1990)).

   **A.     Request for Production No. 9**

In support of his motion, Plaintiff argues that all sentencing memoranda that "the DOC sent to its employees charged with ensuring" Plaintiff's timely release are relevant to determining how Plaintiff's time was computed. (R. Doc. 92-1 at 3). Plaintiff further contends

6

that memoranda sent after Plaintiff's release from custody on April 25, 2018 are relevant to his claim for punitive damages. (R. Doc. 92-1 at 10).

In opposition, Defendants argue that only sentencing memoranda sent to Lawson, alone, prior to Plaintiff's release from custody are relevant. (R. Doc. 96 at 4). In particular, the Original Defendants refuse to produce sentencing memoranda pertaining to the DOC and LeBlanc because Plaintiff voluntarily dismissed the DOC and the "Fifth Circuit dismissed Count 6 of Plaintiff's complaint, regarding training and supervision by" LeBlanc. (R. Doc. 96 at 5). Nevertheless, Defendants suggest that they have satisfied their obligation by providing memoranda sent to Lawson.

The central issue of this matter is the miscalculation of Plaintiff's sentence. Plaintiff specifically alleges that Lawson refused to include credit for the time Plaintiff served in Arkansas in the calculation of Plaintiff's sentence, which resulted in Plaintiff's over detention. (R. Doc. 83 at 5). Memoranda pertaining to sentencing calculations that were issued by the DOC or its Secretary, Defendant LeBlanc, are discoverable. At a minimum, Plaintiff could explore whether those were received by Defendant Lawson, otherwise reviewed by him, or made available to him. If they were not, Plaintiff could explore why that is the case, and whether Defendant Lawson took (or failed to take) certain actions to ascertain whether such memoranda or guidance existed. Accordingly, memoranda regarding credit for time served are discoverable.

The Court, however, agrees with Original Defendants' position that sentencing memoranda sent between January 1, 2017 *to present* regarding credit for time served is not reasonably limited in time. Plaintiff summarily states that sentencing memoranda after his release is relevant to his claim for punitive damages. (R. Doc. 92-1 at 10). Plaintiff does not present any rationale or caselaw to substantiate such prolonged production of sentencing

7

memoranda, or otherwise demonstrate why such a search, review and production is not just relevant but also proportional to the needs of the case under Rule 26(b)(1).

The Court, therefore, holds that the Original Defendants are required to produce all sentencing memoranda regarding credit for time served sent between January 1, 2017 to April 25, 2018 (the date of Plaintiff's release), including memoranda sent to or from LeBlanc. To the extent that the Original Defendants have already produced all documents responsive to this request, the Court compels them to certify same.

      **B.**      **Request for Production No. 17 and Depositions of the Additional Defendants**

Plaintiff's Request for Production No. 17 and the deposition subpoenas each require discovery concerning the Additional Defendants. Plaintiff argues that the Additional Defendants should be required to sit for depositions on matters unaffected by their qualified immunity defense. (R. Doc. 92-1 at 7). Plaintiff further suggests that the personnel files of the Additional Defendants should be produced because Request for Production No. 17 was sent to the Original Defendants before the Additional Defendants were named as parties. (R. Doc. 92-1 at 7). Plaintiff's arguments are meritless.

The Court has already stayed *all discovery,* as it pertains to the Additional Defendants pending resolution of the Additional Defendants' Motion to Dismiss. (R. Doc. 117). This includes a stay of discovery related Plaintiff's state law claims, which, as the Court explained, arise out of a single set of facts that are intertwined with Plaintiff's constitutional claims. (R. Doc. 113 at 4).

Moreover, the fact that Request for Production No. 17 was sent prior to the Additional Defendants being named as parties is not pursuasive. It is not clear how these documents would even be relevant prior to the Additional Defendants being named. Now that they are and have

8

raised a defense of qualified immunity, the discoverability of these records depends on how the district judge resolves that defense at the pleading stage. The Court will not require the Original Defendants to produce documents concerning individuals who are now parties to the action, and who have been granted a stay of discovery as result of asserting qualified immunity. To do so would undermine the benefits and protections of qualified immunity. *Backe v. LeBlanc,* 691 F.3d 645, 648 (5th Cir. 2012).

Finally, the Court finds it necessary to address Lawson's suggestion that he is entitled to the protections of qualified immunity until the Court rules on his (unfiled) Motion for Summary Judgment. According to Lawson, "clear precedent establishes that defendants continue to benefit from the protections of the defense even if" they were denied qualified immunity after filing a motion to dismiss. (R. Doc. 96 at 6) (citing *Behrens v. Pelletier,* 516 U.S. 299, 309 (1996)).

*Behrens* does not support Lawson's proposition. Rather, *Behrens* rejects the "one-appeal" rule,[2] which prohibits a defendant from appealing an unfavorable qualified immunity ruling on both a motion to dismiss and motion for summary judgment. In so rejecting, *Behrens* explains that a defendant who is denied qualified immunity at the motion to dismiss stage may later assert the defense *after discovery* at the summary judgment stage.

More importantly, *Behrens* explains that "[w]hether or not a later summary judgment motion is granted, *denial of a motion to dismiss is conclusive as to this right*." *Behrens,* 516 U.S. at 839-40 (emphasis added). In other words, the denial of a right to qualified immunity at the motion to dismiss stage is conclusive and final *until* (1) adequate discovery is conducted and (2) the defense is raised in a motion for summary judgment. Therefore, contrary to Lawson's

---

[2] "The question presented in [*Behrens*] is whether a defendant's immediate appeal of an unfavorable qualified-immunity ruling on his motion to dismiss deprives the court of appeals jurisdiction over a second appeal, also based on qualified immunity, immediately following denial of summary judgment." *Behrens,* 516 U.S. at 301.

9

assertion, the protections of qualified immunity <u>do not</u> remain uninterrupted from the moment it is first asserted in motion to dismiss until after it is decided upon on summary judgment.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel is **GRANTED IN PART and DENIED IN PART.** The Original Defendants must produce all non-privileged documents that responsive to Plaintiff's Request for Production No. 9 or certify that all responsive documents have already been produced **within 14 days** of the date of this Order, or as otherwise agreed upon by the parties.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel the depositions of the Additional Defendants and responses to Request for Production No. 17 is **DENIED WITHOUT PREJUDICE** to refile after the district court judge issues a ruling on the Additional Defendants' Motion to Dismiss (R. Doc. 90).

**IT IS FURTHER ORDERED** that each party shall bear their own costs.

Signed in Baton Rouge, Louisiana, on December 17, 2021.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**