## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**ELLIS RAY HICKS**

                              **CIVIL ACTION**

**VERSUS**

                          **3:19-cv-00108-SDD-RLB**

**LOUISIANA DEPARTMENT
OF PUBLIC SAFETY &
CORRECTIONS, ET AL.**

## STATUS REPORT

**A.      JURISDICTION**

What is the basis for the jurisdiction of the Court?

This Court has subject-matter jurisdiction over Plaintiff's claims of federal rights violations

enforceable under 42 U.S.C § 1983. It has supplemental jurisdiction over state-law claims.

**B.      BRIEF EXPLANATION OF THE CASE**

1.    **Plaintiff claims:** Plaintiff was illegally held from February 24, 2018 to April 25, 2018. He was overdetained because DOC employees refused to credit him for time served in Arkansas as provided in the judge's sentence. Defendant Lawson, upset over the efforts of Plaintiff and his family and attorneys to get him released, threatened to continue to detain Plaintiff if anyone "bothered" him again about properly calculating Plaintiff's time. After a February 2018 state court *habeas* hearing, in which the judge reiterated that the time in Arkansas must be credited, Defendant Lawson on tape said: "The judges have no say whatsoever to us applying our time comp laws." Several weeks after the *habeas* hearing, Defendants finally made efforts to confirm the time served in Arkansas, and found he was already overdue for release, but then Defendant Gryder changed his release date from April 20, 2018 to April 25, 2018.

2.    **Defendant claims:** Defendants deny plaintiff's claims. Defendants deny that they have violated any law or any of Plaintiff's rights. Specifically, defendants assert that they did not unlawfully detain Ellis Hicks, or otherwise violate his constitutional rights or rights under Louisiana state law. As to the federal law

Revised: 6/22/2016

claims, Plaintiff cannot show Lawson, Gryder, or Dibenedetto were deliberately indifferent and these defendants are entitled to qualified immunity. As to the state law claims, Defendants assert that they are entitled to immunity under La. R.S. 9:1278.1.

**C.    PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s): None.

**D.    ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are

in dispute:

- Whether Defendants overdetained Mr. Hicks by holding him past February 24, 2018, and whether that overdetention resulted in violation of his Due Process rights or amounted to negligence or false imprisonment. (Disputed.)

- Whether there is a pattern or practice of overdetention or failure to train and supervise DOC employees. (Disputed).

- Whether Defendant Lawson engaged in First Amendment Retaliation. (Disputed.)

- Whether Defendants Lawson, Gryder, or Dibenedetto are entitled to qualified immunity. (Disputed.)

- Whether Defendants are entitled to immunity under La. R.S. 9:1278.1. (Disputed.)

**E.    DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of

damages or the offset:

1. **Plaintiff's calculation of damages:** Plaintiff's damages will be informed by discovery but ultimately decided by a jury. Plaintiff contends that he is entitled to damages for every hour he was illegally imprisoned.

2. **Defendant's calculation of offset and/or plaintiff's damages:** Defendants deny that plaintiff is entitled to any damages.

3. **Counterclaimant/cross claimant/third party's calculation of damages:** n/a.

## F.    SERVICE:

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue: none.

## G.    DISCOVERY

1.    Initial Disclosures:

A.    Have the initial disclosures required under FRCP 26(a)(1) been completed?

[X ]  YES    [ ] NO

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

B.    Do any parties object to initial disclosures?

[  ]  YES    [ X ] NO

For any party who answered *yes*, please explain your reasons for objecting.

2.    Briefly describe any discovery that has been completed or is in progress:

Revised: 6/22/2016

**By plaintiff(s):** Written discovery to all defendants in progress and the subject of an outstanding Motion to Compel by Plaintiff. Plaintiff also received responses to subpoenas to Faulkner and Claiborne detention centers in Arkansas. Plaintiff completed the deposition of Defendant Lawson and will next schedule the remaining depositions. Defendants also propounded written discovery which Plaintiff has responded to.

3.      Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.   (For example: are there any confidential business records or medical records that will be sought?   Will information that is otherwise privileged be at issue?) To the extent plaintiff seeks confidential records, a protective order may be sought.

4.      Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff(s): none.

By defendant(s): None anticipated at this time.

**H.      PROPOSED SCHEDULING ORDER**

1.      If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline:  N/A.

2.      Recommended deadlines to join other parties or to amend the pleadings: N/A.

3.      Filing all discovery motions and completing all discovery except experts: October 24, 2025                           .

5

4.      Disclosure of identities and resumés of expert witnesses (if appropriate, you may

suggest different dates for disclosure of experts in different subject matters):

        Plaintiff(s):  November 7, 2025                    .

        Defendant(s):  December 5, 2025                 .

5.      Exchange of expert reports:

        Plaintiff(s):  December 5, 2025                 .

        Defendant(s):  January 9, 2025                  .

6.      Completion of discovery from experts:  February 6, 2026               .

7.    Filing dispositive motions and Daubert motions:   __March 6, 2026_____.

8.    All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order.  The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[1]  The parties should not provide any proposed dates for these remaining deadlines.

a.    Deadline to file pre-trial order[2] (approximately 16 weeks after dispositive motion deadline).

b.    Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

c.    Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

d.    Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

e.    Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

f.    Trial date (approximately 27-29 weeks after dispositive motion deadline).

---

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case.  All requests for subsequent changes to the deadlines set in the scheduling order under number 7 must be by motion directed to the presiding judge.

[2] In cases assigned to United States District Judge John W. deGravelles, prior to the filing of the pretrial order, the parties will exchange or make available for inspection all exhibits which the parties will or may introduce at trial.

9.     If the general outline of proposed deadlines does not fit the circumstances of your

particular case, please provide a proposed joint schedule of deadlines which is more

appropriate for your case.

**I.    TRIAL**

1.   Has a demand for trial by jury been made?

[ X ]  YES    [ ] NO

2.   Estimate the number of days that trial will require.

3

**J.    OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

[  ]  YES    [X ] NO

i.      If the answer is *yes*, please explain:

ii.     If the answer is *no*, do the parties want the court to cancel the scheduling

conference and to enter a scheduling order based on the deadlines set out

in this report?  **CHECK "NO" IF YOU HAVE NOT SUBMITTED**

**JOINT PROPOSED DEADLINES.**

[ X ]  YES    [ ] NO

**K.   SETTLEMENT**

1.    Please set forth what efforts, if any, the parties have made to settle this case to
date.

2.    Do the parties wish to have a settlement conference:

[ X ]  YES    [ ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most
beneficial?

The Plaintiffs believe it would be beneficial to have a settlement conference towards the end of fact discovery, but are willing to have such a settlement conference at any time. The Defendants believe it would be most beneficial to have a settlement conference following the close of fact discovery.

**L.    CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[  ]  YES    [ X ] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

Report dated:  <u>  March 13, 2025            </u>

Respectfully submitted,

        */s/ Caroline Gabriel*
 Caroline Gabriel, La. Bar No. 38224
William Most, La. Bar No. 36914
 Most & Associates
201 St. Charles Ave., Ste. 2500 #9685
New Orleans, LA 70170
Tel: 985-441-9355
Caroline.gabriel.ma@gmail.com

*Attorneys for Plaintiff*

Casey Rose Denson
Casey Denson Law LLC
8131 Oak Street, Suite 100
New Orleans, LA 70118
504-224-0110
Email: cdenson@caseydensonlaw.com

**LIZ MURRILL**
**Attorney General**

BY: s/ Andrew Blanchfield
        Andrew Blanchfield (#16812)
        Chelsea A. Payne (#35952)
        Special Assistant Attorneys General
        701 Main Street (70802)
        Post Office Box 1151
        Baton Rouge, LA  70821
        Telephone:  (225) 383-3796
        Facsimile: (225) 343-9612
        Email: ablanchfield@keoghcox.com
                cpayne@keoghcox.com