**EXHIBIT 1-A**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ELLIS RAY HICKS, | )  CIVIL ACTION |
| | ) |
| Plaintiff, | )  No. 19-108 |
| v. | ) |
| | )  JUDGE SHELLY D. DICK |
| LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, JAMES LEBLANC, TERRY LAWSON, | ) ) ) |
| | )  MAGISTRATE JUDGE |
| | )  RICHARD L. BOURGEOIS, JR. |
| Defendants. | ) |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO TRACY DIBENEDETTO

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiff hereby requests that Tracy DiBenedetto answer these interrogatories, separately and fully in writing and verified and under oath within thirty days, in accordance with the law and the definitions and instructions set forth below.

### DEFINITIONS

1.    The term "**identify**" when used in conjunction with a person means to state the person's (1) full name; (2) last known residence and business addresses; (3) last known home and business telephone numbers; and (4) job title.  When used in conjunction with a document, the term "identify" means to state: (1) the title of the document; (2) the date of the document; (3) the author of the document; (4) the name and business address of the present custodian of the document.  Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

2.    The terms "**document**" or "**documents**" refer to every writing or record of every type or description, including, but not limited to correspondence; notes; faxes including cover sheets; books; papers; contracts; instructions; guides; compilations of rules, regulations, or policies; daybooks; calendars; photographs; emails; messages; drawings; maps; diagrams; charts; graphs; other writings; recording tapes;

recording discs; mechanical or electronic information storage or recording elements, text messages, and any other "documents" as the word is defined in Rule 34 of the Federal Rules of Civil Procedure.

3.    The term **"relate"** or "**relating to**" means showing, reflecting, referring to, constituting, evidencing, or concerning in any way all or any portion of the subject matter of the facts, contentions, or matter referenced in the interrogatory.

4.    The term "**person**" means any natural person, group of natural persons, legal entity, corporation, partnership, government agency or board, association, proprietorship, organization, or any other business or entity.

5.    Whenever used herein the singular shall be deemed to include the plural and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine; disjunctive ("or") shall be deemed to include the conjunctive ("and") and vice versa, and each of the functional words "each", "every", "any", and "all" shall be deemed to include each of the other functional words.

## INSTRUCTIONS

6.    You are to answer each interrogatory separately, completely and fully, under oath.  In the event of an objection to any interrogatory, said objection should clearly indicate to which part or portion of the interrogatory it is directed.

7.    If the information requested by any interrogatory is contained in documents, papers or records in the custody of defendants, you may so indicate and answer that interrogatory by attaching copies of such documents or papers to your answers and by indicating the interrogatory to which those documents or papers are deemed responsive.

8.    These interrogatories call for all information available to the defendants, their employees, and agents with respect to the subject matter into which they inquire. If some information is known by or

available to a particular agent, please include in your answers all information known by or available to each employee or agent. Please identify which employee or agent provided the information with respect to each answer.

9.      If you are unable to answer any interrogatory in full after exercising due diligence to secure the requested information so state, answer to the fullest extent possible, and explain why the interrogatory cannot be answered in full.

10.     If, in responding to any interrogatory, you claim any ambiguity in either interpreting the interrogatory or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis to refuse to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the requests.

11.     If you object to an interrogatory or to any portion thereof on a claim of privilege or any other basis, it must state with particularity the basis of the claim of privilege or other grounds asserted in support of the objection, identify with precision what aspect of the information sought by the interrogatory will not be provided on the basis of that objection, and provide all other information requested by the interrogatory.

12.     These interrogatories are continuing in nature.  As such, Defendants shall supplement any response to these interrogatories as soon new responsive information is acquired.

13.     "**DOC**" refers to the Louisiana Department of Public Safety & Corrections.

# INTERROGATORIES

## INTERROGATORY NO. 1

Identify all persons you have communicated with, either verbally or in writing, regarding Ellis Ray Hicks' detention and/or release, and the dates of those communications. You may exclude communications with your counsel.

## INTERROGATORY NO. 2

Describe the ARP process in 2017 and 2018 that you followed in reviewing and responding to inmate ARPs, including all steps you take to address and resolve an ARP.

## INTERROGATORY NO. 3

Identify all ARPs you received regarding Ellis Ray Hicks, including any documents or information you received as part of each ARP, and the date and time on which you received such ARP, documents, or information.

## INTERROGATORY NO. 4

Explain your understanding of how a judge's order of credit for time served prior to the commission of the crime on which he is sentenced  affects the computation of an offender's sentence.

## INTERROGATORY NO. 5

Explain why on November 17, 2017 you did not inform Mr. Lawson to follow the sentencing order dated January 3, 2017 and instead responded to Terrence Lawson's November 17, 2017 email regarding Arkansas jail credit by inquiring: "Was he held under the same circumstances and the other county.  Did La. have a hold on him in this county jail."

## INTERROGATORY NO. 6

Describe any steps, including the date of any step, you took regarding Ellis Ray Hicks's sentence calculation after Terrence Lawrence replied on November 17, 2017, responding to your inquiries referenced in Interrogatory No. 5, above.

## INTERROGATORY NO. 7

Explain why on December 5, 2017 you did not inform Mr. Lawson to follow the sentencing order dated January 3, 2017 and instead your directed Terrence Lawrence: "If the jail credit although from a different county is the same as the other ARK credit, where La. had a hold on him and he was not serving time on something else, etc then he may get that credit also.  Just make sure the jail credit clearly states it for the instant offense, etc."

**INTERROGATORY NO. 8**

Identify every occasion on which you received information regarding Mr. Hicks's sentence and/or jail credit, including information about time served in Arkansas. Include the date, the substance of the information, and the source of the information.

**INTERROGATORY NO. 9**

Describe all steps, including the date and time of any step, you took before responding to Ellis Ray Hicks's ARP on September 15, 2017, including all steps you took to ensure Mr. Hicks's time served in Arkansas was accurately calculated.

**INTERROGATORY NO. 10**

Please describe each position you have held for employment form 2017 to the present and your reasons for changing positions.

**INTERROGATORY NO. 11**

Please identify every occasion on which you, or another DOC employee, refused to following the sentencing order of a judge.

**INTERROGATORY NO. 12**

Please identify any time you have been disciplined in the course of your employment with the DOC and what you were disciplined for.

**INTERROGATORY NO. 13**

Please identify all training you have received on sentencing and processing releases while employed at the DOC and include the date, a description of the training, and duration of the training.

**INTERROGATORY NO. 14**

Please identify any time when you have disciplined a DOC employee for failing to properly calculate a sentence or causing an inmate to be held past their release date from 2012 to the present.

**INTERROGATORY NO. 15**

Please identify all changes made to the DOC's policies and practices calculation of inmate sentences, as relevant to inmate's sentenced to credit for time served from April 2018 to the present.

**INTERROGATORY NO. 16**

Please identify any discipline imposed, or training provided, after April 2018 to the present to any DOC employees regarding the calculation of inmate sentences who receive credit for time served.

Ellis Ray Hicks, by and through his counsel,

/s/ William Most
WILLIAM MOST
La. Bar No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
Email: williammost@gmail.com

/s/        Casey Denson
Casey Rose Denson (La. Bar. No. 33363)
4601 Dryades St.
New Orleans, LA 70115
Telephone: (504) 224-0110
Email: cdenson@caseydensonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2021, a copy of *Plaintiff's First Set of Interrogatories to Tracy DiBenedetto* was transmitted to counsel for Defendants.

/s/        Casey Denson
Casey Rose Denson

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| ELLIS RAY HICKS, | ) CIVIL ACTION |
| | ) |
| Plaintiff, | ) No. 19-108 |
| v. | ) |
| | ) JUDGE SHELLY D. DICK |
| LOUISIANA DEPARTMENT OF PUBLIC | ) |
| SAFETY & CORRECTIONS, JAMES LEBLANC, | ) |
| TIERRY LAWSON, | ) MAGISTRATE JUDGE |
| | ) RICHARD L. BOURGEOIS, JR. |
| Defendants. | ) |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO TRACY DIBENEDETTO

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff hereby request that all Defendants produce the following documents for inspection and copying within thirty days of service, in accordance with the definitions and instructions below.

Production in electronic form is preferred.

### DEFINITIONS

For the purpose of these Requests for Production, the following terms are used as defined immediately below:

1. "**Person**" or "**persons**" mean, unless otherwise specified, any natural person, firm, corporation, labor organization, partnership association, joint venture, group or association and any other form of business organization, entity, or arrangement.

2. "**Document**" or "**documents**" mean all writings, of any form, kind, character or description including, but not limited to: the original and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise; correspondence; Epic system entries; letters; memoranda; notes; diaries; statistics;

1

telegrams; minutes; transcripts; contracts; agreements; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; books; prospecti; inter-office and intra-office communications; offers; notations of any sort of conversation, telephone calls, meetings or other communications; bulletins; printed matter; invoices; worksheets; pleadings; motions, legal memoranda; all drafts, alteration modifications, changes, and amendments of any of the foregoing; questionnaires; opinions; statements; graphic and oral representations of any kind, including without limitation photographs, charts, microfilm, computer software, and electronic recordings, such as tapes, diskettes, or cassettes or any tangible thing, however produced or reproduced.  A draft or non-identical copy is a separate Document within the meaning of this term.  Where there is any question about whether a tangible item otherwise described in this request falls within the definition of Document or Documents, such tangible item shall be produced.

3.    "**All documents**" means every document (as defined above) known to defendant and every such document that can be located or discovered by reasonably diligent efforts.

4.    "**Plaintiff**" refers to Rodney Grant, named in this action, unless the context indicates or specifies otherwise.

5.    "**Defendant**," "**you**," "**your**," or "**yourself**" refers to all Defendants in any of these consolidated actions, their agents, subordinates and employees, unless the context indicates or specifies otherwise, and shall be deemed to mean each and every legal representative, agent, employee, attorney, accountant, advisor and all other persons acting or purporting to act on your/their behalf or under your/their control to the extent that any of those persons have knowledge of or participated in any of the matters related to the allegations in the Complaint or to any of your defenses.

6.    "**Employed**" or "**employment**" means any work or services provided or performed in connection with any direct employment, indirect employment, contract employment, independent contractor relationship, outsourcing employment, temporary employment and/or staffing services employment.  It also means any volunteer work.

7.    "**Communication**" and "**communications**" means, without limitation, any oral, written or electronic transmission of information, including but not limited to:  (1) any written letter, memorandum, handbill, leaflet, brochure, note, e-mail, telegram, telecopy, facsimile, text message, or other document, including in electronic form; (2) any telephone call by or with you, or between you and two or more persons, or between you and any other person, whether or not such call was by chance or prearranged, formal or informal; and (3) any meeting by or with you, or between you and two or more persons, or between you and any other person, whether or not such contact was by chance or prearranged, formal or informal.

8.    "**Meeting**" and "**meetings**" mean, unless otherwise specified, any coincidence of presence of two or more persons whether or not such coincidence of presence was by chance or prearranged, formal or informal.

9.    "**Identify,**" "**identity,**" and "**identification**" when used in reference to a person, mean the name, relationship to defendant and last known address and telephone number of such person; and when referring to a natural person, additionally, the race and sex of the person and the name, address, and telephone number of such person's last known place of employment and/or business.  Once a person has been identified in compliance with this paragraph, only the name of that Person need be listed in response to later discovery requesting the identification of that person.  The term "Identify" as it relates to an employer,

supplier, or other business or entity means to state the entity's name, address and telephone number.

10.    "**Identify**," "**identity,**" and "**identification**", when used in reference to documents, reports, or tangible items, mean to set forth the following information:  (i) a general description of the document (e.g., letter, memorandum, report, etc.); (ii) the names and addresses of the author or creator and all person(s) copied; (iii) the date of the document; (iv) a brief description of its contents and subject matter; and (v) the identity of persons in possession, custody and/or control of the item.

11.    "**Relate**," "**Related**," "**Relating to**" or any variation thereof are to be used in their broadest sense and shall mean to: concern, contain, embody, describe, explain, mention, refer to, discuss, involve, support, evidence, reflect, deal with, consist of, represent, constitute, emanate from, be directed at or in any way to pertain, in whole or in part, to the subject.

12.    "**Complaint**" means the most recent amended complaint filed in the above-captioned case.

13.    "**Any,**" "**all,**" "**each,**" and "**every**" should be understood in either their most or least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of their scope.

14.    "**Or**" shall be understood to include "**and**;" and "and" shall be understood to include "or."

15.    "**DOC**" refers to the Louisiana Department of Public Safety & Corrections.

16.    "**OPSO**" means the Orleans Parish Sheriff's Office.

17.    As used herein, use of the present tense shall also be read to include the past tense and vice versa.

18.    As used herein, the use of the singular shall also be read to include the plural and vice versa.

## **INSTRUCTIONS**

1.  The responsive documents should be produced in the manner prescribed by Rule 34 of the Federal Rules of Civil Procedure.

2.  In responding to these requests, you shall produce all responsive documents that are in your possession, custody, or control or in the possession, custody, or control of your predecessors, successors, parents, subsidiaries, divisions, members, or affiliates, or any of your respective agents, employees, attorneys, accountants, or other representatives. A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document. If you are unaware of the existence of any documents responsive to a particular request, you should expressly so indicate.

3.  Each request for documents seeks production of documents in their entirety, without abbreviation or expurgation, including all attachments, or other matters affixed thereto, regardless of whether you consider the entire document to be relevant or responsive to these requests.

4.  In responding to these requests, you shall produce all responsive documents available at the time of production and you shall supplement your responses as required by Rule 26(e) of the Federal Rules of Civil Procedure.

5.  In providing the documents called for by these requests, you shall produce them as they are kept in the usual course of business or organize and label them to correspond with the categories to which they relate.

6.  All pages now stapled or fastened together should be produced stapled or fastened together and all documents that cannot be legibly copied should be produced in their original form.

7.    Any documents not otherwise responsive to these requests shall be produced if such documents refer to, relate to, or explain the documents called for by these requests or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

8.    If any responsive document was, but is no longer in your possession or subject to your control, state whether it is: (i) missing or lost; (ii) destroyed; (iii) transferred voluntarily or involuntarily to others; or (iv) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian and the circumstances surrounding such disposition.

9.    Where responsive documents are partly or wholly in a language other than English, state whether any translation of the non-English language information exists and, if so, provide both the non-English language information and its English translation.

10.    If any document is withheld on the basis of any claim of privilege or otherwise, please provide in writing the following information about each such document: (i) its date; (ii) the full name, position, address and telephone number of its author; (iii) the full name, position, address and telephone number of each person who received the document or copies thereof; (iv) the subject matter of the document; (v) the type of document (e.g., memorandum, letter, etc.); and (vi) the nature of the privilege claimed and the grounds on which it is claimed (e.g., attorney/client privilege, work product doctrine, etc.).

11.    If any document is withheld on the basis of any claim of privilege or otherwise, please produce all other documents that are not subject to a claim of privilege, and produce any portion of such withheld document which does not set forth privileged information.

12.    Any words, terms, and phrases not specifically defined in these document requests shall be given their normal and customary meaning in the context in which they are used in these requests.

13.    If any responsive document has been modified or altered in any way, in whole or in part, please identify each such document, state how the document was modified or altered, the person who modified or altered it, and why the document was modified or altered.

14.    Any reference to any corporation or entity (including attorneys and law firms) includes its predecessors, successors, subsidiaries, divisions, members, partnerships, limited partnerships, related parties, joint ventures, or affiliates and any present and former officers, directors, employees, agents, representatives, attorneys, accountants, advisors, and all other persons acting or purporting to act on its behalf, or under its control.

15.    If in answering these requests you claim any ambiguity in interpreting either the requests or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis to refuse to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the requests.

16.    If, and to the extent that, any potentially responsive documents are not reviewed for production on grounds that such review is restricted or prohibited by law, state specifically: (i) what categories of potentially responsive Documents have not been reviewed (identifying the names of the custodians of such Documents, the anticipated date range of such Documents, and the anticipated nature and topics of such Documents); (ii) the legal restriction or prohibition asserted; and (iii) whether the custodian has been requested to consent to review of those Documents.

17.     Unless otherwise specified, all requests that refer to a time period include all documents and information that relate to that period, even though prepared or published outside that period.

18.     Documents are to be Bates-stamped prior to production, and provided with any attachments.

## **DOCUMENT REQUESTS**

1. All documents you may use at the trial of this matter.

2. All documents in your possession which refer or relate to Ellis Ray Hicks.

3. All documents contained in your personnel file with the DOC relating to performance evaluations, training, disciplinary action and/or reprimands, and commendations.

Ellis Ray Hicks, by and through his counsel,

/s/ William Most_____
WILLIAM MOST
La. Bar No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
Email: williammost@gmail.com

/s/     Casey Denson_____
Casey Rose Denson (La. Bar. No. 33363)
4601 Dryades St.
New Orleans, LA 70115
Telephone: (504) 224-0110
Email: cdenson@caseydensonlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2021, a copy of *Plaintiff's First Requests for Production of Documents to Tracy DiBenedetto* was transmitted to counsel for Defendants.

/s/     Casey Denson_____
CASEY DENSON

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| ELLIS RAY HICKS, | ) CIVIL ACTION |
| | ) |
| Plaintiff, | ) No. 19-108 |
| v. | ) |
| | ) JUDGE SHELLY D. DICK |
| LOUISIANA DEPARTMENT OF PUBLIC | ) |
| SAFETY & CORRECTIONS, JAMES LEBLANC, | ) |
| TIERRY LAWSON, | ) MAGISTRATE JUDGE |
| | ) RICHARD L. BOURGEOIS, JR. |
| Defendants. | ) |

<u>**PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO TRACY DIBENEDETTO**</u>

Plaintiff Ellis Ray Hicks hereby propounds the following Request for Admissions, pursuant to Fed R. Civ. P. 36 and Local Rule 36(b). Failure to respond within thirty days of receipt of these requests shall be deemed as admissions. "DOC" means the Louisiana Department of Public Safety & Corrections.

<u>**REQUEST FOR ADMISSION No. 1:**</u>

You received Ellis Ray Hicks's May 22, 2017 Second-Step ARP within three weeks of May 22, 2017.

<u>**REQUEST FOR ADMISSION No. 2:**</u>

Ellis Ray Hicks provided documentation showing his February 17, 2015 sentence in Arkansas, with 110 days jail credit, and his subsequent January 21, 2016 release date, with his May 22, 2017 Second-Step ARP.

<u>**REQUEST FOR ADMISSION No. 3:**</u>

You have never spoken to Mr. Hicks.

<u>**REQUEST FOR ADMISSION No. 4:**</u>

Mr. Hicks was not credited with all of the time he served in Arkansas when his sentence and release date was re-calculated in July 2017.

<u>**REQUEST FOR ADMISSION No. 5:**</u>

You closed Mr. Hicks's ARP on September 15, 2017.

**REQUEST FOR ADMISSION No. 6:**

Mr. Hicks was not credited with all of the time he served in Arkansas prior to September 15, 2017.

**REQUEST FOR ADMISSION No. 7:**

You never responded to Terrence Lawson's e-mail of November 17, 2017 sent at 3:41 p.m.

**REQUEST FOR ADMISSION No. 8:**

You did not instruct Mr. Lawson, or any other DOC employee, to credit Mr. Hicks with all time served in Arkansas.

**REQUEST FOR ADMISSION No. 9:**

You were aware on November 17, 2017 that Mr. Lawson was waiting for direction from you before applying Arkansas jail credit.

**REQUEST FOR ADMISSION No. 10:**

On December 5, 2017, you instructed Mr. Lawson not to apply Arkansas jail credit unless "the jail credit . . . is the same as the other ARK credit, where La. had a hold on him and he was not serving time on something else, etc."

**REQUEST FOR ADMISSION No. 11:**

A judge is responsible for determining whether to applying credit for time served to sentences.

**REQUEST FOR ADMISSION No. 12:**

The DOC or an employee at DOC must comply with a judge's order to apply credit for time served, even if the judge's order does not comply with La. Code Crim. Proc. Art. 880(A).[1]

**REQUEST FOR ADMISSION No. 13:**

Mr. Hicks's sentencing order from January 3, 2017 specified that he was to be credited for <u>all</u> time served, including in the State of Arkansas, with no additional criteria imposed.

**REQUEST FOR ADMISSION No. 14:**

You were aware of the contents of the sentencing order from January 3, 2017 on December 5, 2017 when you sent Mr. Lawson stating "If the jail credit although from a different county is

---

[1]Boddye v. La. Dept of Corrections, 175 So. 3d 437, 441 (La. Ct. App. 1st 2015)

the same as the other ARK credit, where La. had a hold on him and he was not serving time on something else, etc. then he may get that credit also. Just make sure the jail credit clearly states it for the instant offense, etc."

**REQUEST FOR ADMISSION No. 15:**

You received another ARP from Mr. Hicks in 2018.

**REQUEST FOR ADMISSION No. 16:**

You did not respond to Mr. Hicks's 2018 ARP.


Ellis Ray Hicks, by and through his counsel,

/s/ William Most
WILLIAM MOST
La. Bar No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
Email: williammost@gmail.com

/s/      Casey Denson
Casey Rose Denson (La. Bar. No. 33363)
4601 Dryades St.
New Orleans, LA 70115
Telephone: (504) 224-0110
Email: cdenson@caseydensonlaw.com


CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2021, a copy of *Plaintiff's First Request for Admissions to Tracy DiBenedetto* was transmitted to counsel for Defendants, by email.

/s/      Casey Denson
Casey Rose Denson, Esq.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| ELLIS RAY HICKS, | ) CIVIL ACTION |
| | ) |
| Plaintiff, | ) No. 19-108 |
| v. | ) |
| | ) JUDGE SHELLY D. DICK |
| LOUISIANA DEPARTMENT OF PUBLIC | ) |
| SAFETY & CORRECTIONS, JAMES LEBLANC, | ) |
| TERRY LAWSON, | ) MAGISTRATE JUDGE |
| | ) RICHARD L. BOURGEOIS, JR. |
| Defendants. | ) |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO SALLY GRYDER

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiff hereby requests that Sally Gryder answer these interrogatories, separately and fully in writing and verified and under oath within thirty days, in accordance with the law and the definitions and instructions set forth below.

### DEFINITIONS

1.    The term "**identify**" when used in conjunction with a person means to state the person's (1) full name; (2) last known residence and business addresses; (3) last known home and business telephone numbers; and (4) job title. When used in conjunction with a document, the term "identify" means to state: (1) the title of the document; (2) the date of the document; (3) the author of the document; (4) the name and business address of the present custodian of the document. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

2.    The terms "**document**" or "**documents**" refer to every writing or record of every type or description, including, but not limited to correspondence; notes; faxes including cover sheets; books; papers; contracts; instructions; guides; compilations of rules, regulations, or policies; daybooks; calendars; photographs; emails; messages; drawings; maps; diagrams; charts; graphs; other writings; recording tapes;

1

recording discs; mechanical or electronic information storage or recording elements, text messages, and any other "documents" as the word is defined in Rule 34 of the Federal Rules of Civil Procedure.

3.       The term **"relate"** or **"relating to"** means showing, reflecting, referring to, constituting, evidencing, or concerning in any way all or any portion of the subject matter of the facts, contentions, or matter referenced in the interrogatory.

4.       The term "**person**" means any natural person, group of natural persons, legal entity, corporation, partnership, government agency or board, association, proprietorship, organization, or any other business or entity.

5.       Whenever used herein the singular shall be deemed to include the plural and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine; disjunctive ("or") shall be deemed to include the conjunctive ("and") and vice versa, and each of the functional words "each", "every", "any", and "all" shall be deemed to include each of the other functional words.

## <u>INSTRUCTIONS</u>

6.       You are to answer each interrogatory separately, completely and fully, under oath.  In the event of an objection to any interrogatory, said objection should clearly indicate to which part or portion of the interrogatory it is directed.

7.       If the information requested by any interrogatory is contained in documents, papers or records in the custody of defendants, you may so indicate and answer that interrogatory by attaching copies of such documents or papers to your answers and by indicating the interrogatory to which those documents or papers are deemed responsive.

8.       These interrogatories call for all information available to the defendants, their employees, and agents with respect to the subject matter into which they inquire. If some information is known by or

available to a particular agent, please include in your answers all information known by or available to each employee or agent. Please identify which employee or agent provided the information with respect to each answer.

9.    If you are unable to answer any interrogatory in full after exercising due diligence to secure the requested information so state, answer to the fullest extent possible, and explain why the interrogatory cannot be answered in full.

10.    If, in responding to any interrogatory, you claim any ambiguity in either interpreting the interrogatory or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis to refuse to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the requests.

11.    If you object to an interrogatory or to any portion thereof on a claim of privilege or any other basis, it must state with particularity the basis of the claim of privilege or other grounds asserted in support of the objection, identify with precision what aspect of the information sought by the interrogatory will not be provided on the basis of that objection, and provide all other information requested by the interrogatory.

12.    These interrogatories are continuing in nature.  As such, Defendants shall supplement any response to these interrogatories as soon new responsive information is acquired.

13.    "**DOC**" refers to the Louisiana Department of Public Safety & Corrections.

## INTERROGATORIES

### INTERROGATORY NO. 1

Describe all training you provided to Terry Lawson on time computation, including the dates, substance, and duration of any training sessions, and identify any materials used for such training.

### INTERROGATORY NO. 2

Identify all steps (including the date and time of the step) you took to direct and/or review Terry Lawson's February 2017 calculation of Ellis Ray Hicks' sentence or release date, including what information you relied upon, and what instructions, if any, you gave to Mr. Lawson regarding the calculation.

### INTERROGATORY NO. 3

Identify all steps (including the date and time of the step) you took to direct, conduct, and/or review the March 2017 calculation of Ellis Ray Hicks' sentence or release date, including what information you relied upon, and what instructions, if any, you gave to Mr. Lawson regarding the calculation.

### INTERROGATORY NO. 4

Identify all steps (including the date and time of the step) you took to direct, conduct, and/or review the July 2017 calculation of Ellis Ray Hicks' sentence or release date, including what information you relied upon, and what instructions, if any, you gave to Mr. Lawson regarding the calculation.

### INTERROGATORY NO. 5

Identify all steps (including the date and time of the step) you took to direct, conduct, and/or review the December 2017 calculation of Ellis Ray Hicks' sentence or release date, including what information you relied upon, and what instructions, if any, you gave to Mr. Lawson regarding the calculation.

### INTERROGATORY NO. 6

Identify all persons you communicated with, either verbally or in writing, regarding Ellis Ray Hicks' detention and/or release, and the dates of those communications. You may exclude communications with your counsel.

### INTERROGATORY NO. 7

Explain your understanding of how a judge's order affects the computation of an offender's sentence.

### INTERROGATORY NO. 8

Explain the circumstances which led you to contact David Phillips regarding Mr. Hicks in December 2017, and the basis for your statement to Mr. Phillips that Mr. Hicks "was getting too much jail

credit."

**INTERROGATORY NO. 9**

Explain why Mr. Hicks was credited with an additional 132 days of jail credit in April 2018, and why this credit was not applied earlier.

**INTERROGATORY NO. 10**

Explain why, on April 20, 2018, after determining that Mr. Hicks was due for immediate release, you set Mr. Hicks' release date for April 25, 2018.

**INTERROGATORY NO. 11**

Identify every occasion on which you received information regarding Mr. Hicks's sentence and/or jail credit, including information about time served in Arkansas. Include the date, time, the substance of the information, and the source of the information.

**INTERROGATORY NO. 12**

Please identify every occasion on which you, or another DOC employee, refused to follow the sentencing order of a judge.

**INTERROGATORY NO. 13**

Please identify any time you have been disciplined in the course of your employment with the DOC and what you were disciplined for.

**INTERROGATORY NO. 14**

Please identify all training you have received on sentencing and processing releases while employed at the DOC and include the date, a description of the training, and duration of the training.

**INTERROGATORY NO. 15**

Please identify any time when you have disciplined a DOC employee for failing to properly calculate a sentence or causing an inmate to be held past their release date from 2012 to the present.

**INTERROGATORY NO. 16**

Please identify all changes made to the policies and practices calculation of inmate sentences, as relevant to inmate's sentenced to credit for time served from April 2018 to the present.

**INTERROGATORY NO. 17**

Please identify any discipline imposed, or training provided, after April 2018 to the present to any DOC employees regarding the calculation of inmate sentences who receive credit for time served.

Ellis Ray Hicks, by and through his counsel,

/s/ William Most_____
WILLIAM MOST
La. Bar No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
Email: williammost@gmail.com

/s/        Casey Denson_____
Casey Rose Denson (La. Bar. No. 33363)
4601 Dryades St.
New Orleans, LA 70115
Telephone: (504) 224-0110
Email: cdenson@caseydensonlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2021, a copy of *Plaintiff's First Set of Interrogatories to Sally Gryder* was transmitted to counsel for Defendants.


/s/        Casey Denson_____
Casey Rose Denson

6

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| ELLIS RAY HICKS, | ) CIVIL ACTION |
| | ) |
| Plaintiff, | ) No. 19-108 |
| v. | ) |
| | ) JUDGE SHELLY D. DICK |
| LOUISIANA DEPARTMENT OF PUBLIC | ) |
| SAFETY & CORRECTIONS, JAMES LEBLANC, | ) |
| TIERRY LAWSON, | ) MAGISTRATE JUDGE |
| | ) RICHARD L. BOURGEOIS, JR. |
| Defendants. | ) |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO SALLY GRYDER**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff hereby request that all Defendants produce the following documents for inspection and copying within thirty days of service, in accordance with the definitions and instructions below.

Production in electronic form is preferred.

**DEFINITIONS**

For the purpose of these Requests for Production, the following terms are used as defined immediately below:

1. "**Person**" or "**persons**" mean, unless otherwise specified, any natural person, firm, corporation, labor organization, partnership association, joint venture, group or association and any other form of business organization, entity, or arrangement.

2. "**Document**" or "**documents**" mean all writings, of any form, kind, character or description including, but not limited to: the original and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise; correspondence; Epic system entries; letters; memoranda; notes; diaries; statistics;

1

telegrams; minutes; transcripts; contracts; agreements; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; books; prospecti; inter-office and intra-office communications; offers; notations of any sort of conversation, telephone calls, meetings or other communications; bulletins; printed matter; invoices; worksheets; pleadings; motions, legal memoranda; all drafts, alteration modifications, changes, and amendments of any of the foregoing; questionnaires; opinions; statements; graphic and oral representations of any kind, including without limitation photographs, charts, microfilm, computer software, and electronic recordings, such as tapes, diskettes, or cassettes or any tangible thing, however produced or reproduced.  A draft or non-identical copy is a separate Document within the meaning of this term.  Where there is any question about whether a tangible item otherwise described in this request falls within the definition of Document or Documents, such tangible item shall be produced.

3.   "**All documents**" means every document (as defined above) known to defendant and every such document that can be located or discovered by reasonably diligent efforts.

4.   "**Plaintiff**" refers to Rodney Grant, named in this action, unless the context indicates or specifies otherwise.

5.   "**Defendant**," "**you**," "**your**," or "**yourself**" refers to all Defendants in any of these consolidated actions, their agents, subordinates and employees, unless the context indicates or specifies otherwise, and shall be deemed to mean each and every legal representative, agent, employee, attorney, accountant, advisor and all other persons acting or purporting to act on your/their behalf or under your/their control to the extent that any of those persons have knowledge of or participated in any of the matters related to the allegations in the Complaint or to any of your defenses.

6.      "**Employed**" or "**employment**" means any work or services provided or performed in connection with any direct employment, indirect employment, contract employment, independent contractor relationship, outsourcing employment, temporary employment and/or staffing services employment.  It also means any volunteer work.

7.      "**Communication**" and "**communications**" means, without limitation, any oral, written or electronic transmission of information, including but not limited to:  (1) any written letter, memorandum, handbill, leaflet, brochure, note, e-mail, telegram, telecopy, facsimile, text message, or other document, including in electronic form; (2) any telephone call by or with you, or between you and two or more persons, or between you and any other person, whether or not such call was by chance or prearranged, formal or informal; and (3) any meeting by or with you, or between you and two or more persons, or between you and any other person, whether or not such contact was by chance or prearranged, formal or informal.

8.      "**Meeting**" and "**meetings**" mean, unless otherwise specified, any coincidence of presence of two or more persons whether or not such coincidence of presence was by chance or prearranged, formal or informal.

9.      "**Identify,**" "**identity,**" and "**identification**" when used in reference to a person, mean the name, relationship to defendant and last known address and telephone number of such person; and when referring to a natural person, additionally, the race and sex of the person and the name, address, and telephone number of such person's last known place of employment and/or business.  Once a person has been identified in compliance with this paragraph, only the name of that Person need be listed in response to later discovery requesting the identification of that person.  The term "Identify" as it relates to an employer,

3

supplier, or other business or entity means to state the entity's name, address and telephone number.

10.     "**Identify**," "**identity**," and "**identification**", when used in reference to documents, reports, or tangible items, mean to set forth the following information:  (i) a general description of the document (e.g., letter, memorandum, report, etc.); (ii) the names and addresses of the author or creator and all person(s) copied; (iii) the date of the document; (iv) a brief description of its contents and subject matter; and (v) the identity of persons in possession, custody and/or control of the item.

11.     "**Relate**," "**Related**," "**Relating to**" or any variation thereof are to be used in their broadest sense and shall mean to: concern, contain, embody, describe, explain, mention, refer to, discuss, involve, support, evidence, reflect, deal with, consist of, represent, constitute, emanate from, be directed at or in any way to pertain, in whole or in part, to the subject.

12.     "**Complaint**" means the most recent amended complaint filed in the above-captioned case.

13.     "**Any**," "**all**," "**each**," and "**every**" should be understood in either their most or least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of their scope.

14.     "**Or**" shall be understood to include "**and**;" and "and" shall be understood to include "or."

15.     "**DOC**" refers to the Louisiana Department of Public Safety & Corrections.

16.     "**OPSO**" means the Orleans Parish Sheriff's Office.

17.     As used herein, use of the present tense shall also be read to include the past tense and vice versa.

18.     As used herein, the use of the singular shall also be read to include the plural and vice versa.

4

## **INSTRUCTIONS**

1.      The responsive documents should be produced in the manner prescribed by Rule 34 of the
        Federal Rules of Civil Procedure.

2.      In responding to these requests, you shall produce all responsive documents that are in your
        possession, custody, or control or in the possession, custody, or control of your
        predecessors, successors, parents, subsidiaries, divisions, members, or affiliates, or any of
        your respective agents, employees, attorneys, accountants, or other representatives.   A
        document shall be deemed to be within your control if you have the right to secure the
        document or a copy of the document from another person having possession or custody of
        the document.   If you are unaware of the existence of any documents responsive to a
        particular request, you should expressly so indicate.

3.      Each request for documents seeks production of documents in their entirety, without
        abbreviation or expurgation, including all attachments, or other matters affixed thereto,
        regardless of whether you consider the entire document to be relevant or responsive to
        these requests.

4.      In responding to these requests, you shall produce all responsive documents available at
        the time of production and you shall supplement your responses as required by Rule 26(e)
        of the Federal Rules of Civil Procedure.

5.      In providing the documents called for by these requests, you shall produce them as they
        are kept in the usual course of business or organize and label them to correspond with the
        categories to which they relate.

6.      All pages now stapled or fastened together should be produced stapled or fastened together
        and all documents that cannot be legibly copied should be produced in their original form.

7.      Any documents not otherwise responsive to these requests shall be produced if such documents refer to, relate to, or explain the documents called for by these requests or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

8.      If any responsive document was, but is no longer in your possession or subject to your control, state whether it is: (i) missing or lost; (ii) destroyed; (iii) transferred voluntarily or involuntarily to others; or (iv) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian and the circumstances surrounding such disposition.

9.      Where responsive documents are partly or wholly in a language other than English, state whether any translation of the non-English language information exists and, if so, provide both the non-English language information and its English translation.

10.     If any document is withheld on the basis of any claim of privilege or otherwise, please provide in writing the following information about each such document: (i) its date; (ii) the full name, position, address and telephone number of its author; (iii) the full name, position, address and telephone number of each person who received the document or copies thereof; (iv) the subject matter of the document; (v) the type of document (e.g., memorandum, letter, etc.); and (vi) the nature of the privilege claimed and the grounds on which it is claimed (e.g., attorney/client privilege, work product doctrine, etc.).

11.     If any document is withheld on the basis of any claim of privilege or otherwise, please produce all other documents that are not subject to a claim of privilege, and produce any portion of such withheld document which does not set forth privileged information.

12.     Any words, terms, and phrases not specifically defined in these document requests shall be given their normal and customary meaning in the context in which they are used in these requests.

13.     If any responsive document has been modified or altered in any way, in whole or in part, please identify each such document, state how the document was modified or altered, the person who modified or altered it, and why the document was modified or altered.

14.     Any reference to any corporation or entity (including attorneys and law firms) includes its predecessors, successors, subsidiaries, divisions, members, partnerships, limited partnerships, related parties, joint ventures, or affiliates and any present and former officers, directors, employees, agents, representatives, attorneys, accountants, advisors, and all other persons acting or purporting to act on its behalf, or under its control.

15.     If in answering these requests you claim any ambiguity in interpreting either the requests or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis to refuse to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the requests.

16.     If, and to the extent that, any potentially responsive documents are not reviewed for production on grounds that such review is restricted or prohibited by law, state specifically: (i) what categories of potentially responsive Documents have not been reviewed (identifying the names of the custodians of such Documents, the anticipated date range of such Documents, and the anticipated nature and topics of such Documents); (ii) the legal restriction or prohibition asserted; and (iii) whether the custodian has been requested to consent to review of those Documents.

17.    Unless otherwise specified, all requests that refer to a time period include all documents and information that relate to that period, even though prepared or published outside that period.

18.    Documents are to be Bates-stamped prior to production, and provided with any attachments.

### DOCUMENT REQUESTS

1.  All documents you may use at the trial of this matter.

2.  All documents in your possession which refer or relate to Ellis Ray Hicks.

3.  All documents contained in your personnel file with the DOC relating to performance evaluations, training, disciplinary action and/or reprimands, and commendations.

Ellis Ray Hicks, by and through his counsel,

/s/ William Most_____
WILLIAM MOST
La. Bar No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
Email: williammost@gmail.com

/s/        Casey Denson_____
Casey Rose Denson (La. Bar. No. 33363)
4601 Dryades St.
New Orleans, LA 70115
Telephone: (504) 224-0110
Email: cdenson@caseydensonlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2021, a copy of *Plaintiff's First Requests for Production of Documents to Sally Gryder* was transmitted to counsel for Defendants.

/s/  Casey Denson_____
Casey Rose Denson, Esq.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| ELLIS RAY HICKS, | ) CIVIL ACTION |
| | ) |
| Plaintiff, | ) No. 19-108 |
| v. | ) |
| | ) JUDGE SHELLY D. DICK |
| LOUISIANA DEPARTMENT OF PUBLIC | ) |
| SAFETY & CORRECTIONS, ET AL., | ) |
| | ) MAGISTRATE JUDGE |
| Defendants. | ) RICHARD L. BOURGEOIS, JR. |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO SALLY GRYDER

Plaintiff Ellis Ray Hicks hereby propounds the following Request for Admissions, pursuant to Fed R. Civ. P. 36 and Local Rule 36(b). Failure to respond within thirty days of receipt of these requests shall be deemed as admissions. "DOC" means the Louisiana Department of Public Safety & Corrections.

## REQUEST FOR ADMISSION No. 1:

You were responsible for training Terrence Lawson on sentence time computation and calculating release dates.

## REQUEST FOR ADMISSION No. 2:

You reviewed Mr. Lawson's February 2017 computation of Ellis Ray Hicks's sentence and release date in February or March 2017.

## REQUEST FOR ADMISSION No. 3:

You instructed Mr. Lawson to re-calculate Mr. Hicks's sentence and remove jail credit in February or March 2017.

## REQUEST FOR ADMISSION No. 4:

By March of 2017 you were aware that Mr. Hicks's January 3, 2017 sentencing order ordered for him to receive credit for all time served in Arkansas.

## REQUEST FOR ADMISSION No. 5:

By March 2017, you were aware that Mr. Lawson did not credit Mr. Hicks with any time

1

served in Arkansas.

**REQUEST FOR ADMISSION No. 6:**

You did not instruct Mr. Lawson to include credit for time served in Arkansas when he re-calculated Mr. Hicks's sentence on March 10, 2017.

**REQUEST FOR ADMISSION No. 7:**

You did not instruct Mr. Lawson to credit Mr. Hicks for any time served in Arkansas until July 2017.

**REQUEST FOR ADMISSION No. 8:**

In July 2017, you instructed Mr. Lawson to credit Mr. Hicks with some, but not all, of the jail credit to which he was entitled from Arkansas.

**REQUEST FOR ADMISSION No. 9:**

A judge is responsible for applying credit for time served to sentences.

**REQUEST FOR ADMISSION No. 10:**

The DOC or an employee at DOC must comply with a judge's order to apply credit for time served, even if the judge's order does not comply with La. Code Crim. Proc. Art. 880(A).[1]

**REQUEST FOR ADMISSION No. 11:**

Mr. Hicks's January 3, 2017sentencing order specified that he was to be credited for <u>all</u> time served, including in the State of Arkansas, with no additional criteria imposed.

**REQUEST FOR ADMISSION No. 12:**

By September 2018, you were aware that Mr. Hicks submitted documentation showing he was entitled to an additional 132 days of jail credit.

**REQUEST FOR ADMISSION No. 13:**

In December 2017, you removed, or instructed Mr. Lawson to remove jail credit from Mr. Hicks.

**REQUEST FOR ADMISSION No. 14:**

You did not take steps, nor instruct anyone else to take steps, to verify what any additional time Mr. Hicks served in Arkansas until April 20, 2018.

---

[1]Boddye v. La. Dept of Corrections, 175 So. 3d 437, 441 (La. Ct. App. 1st 2015)

**REQUEST FOR ADMISSION No. 15:**

On April 20, 2018, you determined that Mr. Hicks was due for immediate release.

**REQUEST FOR ADMISSION No. 16:**

Despite knowing Mr. Hicks was due for immediate release, on April 20, 2018, you manually set Mr. Hicks's release date for five days later, April 25, 2018.

**REQUEST FOR ADMISSION No. 17:**

You never disciplined nor reprimanded Mr. Lawson for his handling of Mr. Hicks's sentence and release date calculation.

**REQUEST FOR ADMISSION No. 18:**

You were never disciplined nor reprimanded for your handling of Mr. Hicks's sentence and release date calculation.

> Ellis Ray Hicks, by and through his counsel,
>
> /s/ William Most_____
> WILLIAM MOST
> La. Bar No. 36914
> 201 St. Charles Ave., Ste. 114, # 101
> New Orleans, LA 70170
> T: (504) 509-5023
> Email: williammost@gmail.com
>
> /s/_____Casey Denson_____
> Casey Rose Denson (La. Bar. No. 33363)
> 4601 Dryades St.
> New Orleans, LA 70115
> Telephone: (504) 224-0110
> Email: cdenson@caseydensonlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2021, a copy of *Plaintiff's First Requests for Admission to Sally Gryder* was transmitted to counsel for Defendants, by email.

> /s/_____Casey Denson_____
> Casey Rose Denson

3

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| ELLIS RAY HICKS, | )   CIVIL ACTION |
| | ) |
| Plaintiff, | )   No. 19-108 |
| v. | ) |
| | )   JUDGE SHELLY D. DICK |
| LOUISIANA DEPARTMENT OF PUBLIC | ) |
| SAFETY & CORRECTIONS, JAMES LEBLANC, | ) |
| TERRY LAWSON, | )   MAGISTRATE JUDGE |
| | )   RICHARD L. BOURGEOIS, JR. |
| Defendants. | ) |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ANGELA GRIFFIN**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiff hereby requests that Angela Griffin answer these interrogatories, separately and fully in writing and verified and under oath within thirty days, in accordance with the law and the definitions and instructions set forth below.

**DEFINITIONS**

1.      The term "**identify**" when used in conjunction with a person means to state the person's (1) full name; (2) last known residence and business addresses; (3) last known home and business telephone numbers; and (4) job title.  When used in conjunction with a document, the term "identify" means to state: (1) the title of the document; (2) the date of the document; (3) the author of the document; (4) the name and business address of the present custodian of the document.  Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

2.      The terms "**document**" or "**documents**" refer to every writing or record of every type or description, including, but not limited to correspondence; notes; faxes including cover sheets; books; papers; contracts; instructions; guides; compilations of rules, regulations, or policies; daybooks; calendars; photographs; emails; messages; drawings; maps; diagrams; charts; graphs; other writings; recording tapes;

1

recording discs; mechanical or electronic information storage or recording elements, text messages, and any other "documents" as the word is defined in Rule 34 of the Federal Rules of Civil Procedure.

3.      The term **"relate"** or **"relating to"** means showing, reflecting, referring to, constituting, evidencing, or concerning in any way all or any portion of the subject matter of the facts, contentions, or matter referenced in the interrogatory.

4.      The term "**person**" means any natural person, group of natural persons, legal entity, corporation, partnership, government agency or board, association, proprietorship, organization, or any other business or entity.

5.      Whenever used herein the singular shall be deemed to include the plural and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine; disjunctive ("or") shall be deemed to include the conjunctive ("and") and vice versa, and each of the functional words "each", "every", "any", and "all" shall be deemed to include each of the other functional words.

## **INSTRUCTIONS**

6.      You are to answer each interrogatory separately, completely and fully, under oath.  In the event of an objection to any interrogatory, said objection should clearly indicate to which part or portion of the interrogatory it is directed.

7.      If the information requested by any interrogatory is contained in documents, papers or records in the custody of defendants, you may so indicate and answer that interrogatory by attaching copies of such documents or papers to your answers and by indicating the interrogatory to which those documents or papers are deemed responsive.

8.      These interrogatories call for all information available to the defendants, their employees, and agents with respect to the subject matter into which they inquire. If some information is known by or

available to a particular agent, please include in your answers all information known by or available to each employee or agent. Please identify which employee or agent provided the information with respect to each answer.

9.    If you are unable to answer any interrogatory in full after exercising due diligence to secure the requested information so state, answer to the fullest extent possible, and explain why the interrogatory cannot be answered in full.

10.    If, in responding to any interrogatory, you claim any ambiguity in either interpreting the interrogatory or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis to refuse to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the requests.

11.    If you object to an interrogatory or to any portion thereof on a claim of privilege or any other basis, it must state with particularity the basis of the claim of privilege or other grounds asserted in support of the objection, identify with precision what aspect of the information sought by the interrogatory will not be provided on the basis of that objection, and provide all other information requested by the interrogatory.

12.    These interrogatories are continuing in nature.  As such, Defendants shall supplement any response to these interrogatories as soon new responsive information is acquired.

13.    "**DOC**" refers to the Louisiana Department of Public Safety & Corrections.

## INTERROGATORIES

## INTERROGATORY NO. 1

Identify all persons you have communicated with, either verbally or in writing, regarding Ellis Ray Hicks' detention and/or release, and the dates of those communications. You may exclude communications with your counsel.

## INTERROGATORY NO. 2

Describe your role in supervising time computations at the David Wade Correctional Center, including any training you provide to employees, circumstances in which review employees' computations, and steps you take to ensure sentences and release dates are calculated properly.

## INTERROGATORY NO. 3

Identify all steps (including the date and time of the step) you took to calculate Ellis Ray Hicks' jail credit and release date in April of 2018, , including what information you relied upon and what steps you took to ensure the information was accurate.

## INTERROGATORY NO. 4

Identify all steps (including the date of the step) you took to determine and verify what time Ellis Ray Hicks' served in Arkansas.

## INTERROGATORY NO. 5

Explain why you on April 20, 2018, you permitted Sally Gryder to set Ellis Ray Hicks's release date for April 25, 2018, despite knowing he was due for immediate release on April 20, 2018.

## INTERROGATORY NO. 6

Explain your understanding of how a judge's order affects the computation of an offender's sentence.

## INTERROGATORY NO. 7

Identify every occasion on which you received information regarding Mr. Hicks's sentence and/or jail credit, including information about time served in Arkansas. Include the date, time, the substance of the information, and the source of the information.

## INTERROGATORY NO. 8

Describe the procedure in effect in 2017 and 2018 for identifying and handling criminal defendants who are ordered to credit for time served by the sentencing judge, including the identification and handling of their release dates.

4

**INTERROGATORY NO. 9**

Identify any policy or procedure for expediting the acquisition of an inmate's Bill of Information, when that document is necessary to determine the inmate's release date.

**INTERROGATORY NO. 10**

Describe the procedure for releasing prisoners under DOC custody when it is determined that they have been held past their legal release date.

**INTERROGATORY NO. 11**

Identify all software, from 2012 to the present, used by the DOC to calculate prisoner sentences and the dates those software programs were used.

**INTERROGATORY NO. 10**

Please identify every occasion on which you, or another DOC employee, refused to following the sentencing order of a judge.

**INTERROGATORY NO. 11**

Please identify any time you have been disciplined in the course of your employment with the DOC and what you were disciplined for.

**INTERROGATORY NO. 12**

Please identify all training you have received on sentencing and processing releases while employed at the DOC and include the date, a description of the training, and duration of the training.

**INTERROGATORY NO. 13**

Please identify any time when you have disciplined a DOC employee for failing to properly calculate a sentence or causing an inmate to be held past their release date from 2012 to the present.

**INTERROGATORY NO. 14**

Please identify all changes made to the policies and practices calculation of inmate sentences, as relevant to inmate's sentenced to credit for time served from April 2018 to the present.

**INTERROGATORY NO. 15**

Please identify any discipline imposed, or training provided, after April 2018 to the present to any DOC employees regarding the calculation of inmate sentences who receive credit for time served.

Ellis Ray Hicks, by and through his counsel,

/s/ William Most_____
WILLIAM MOST
La. Bar No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
Email: williammost@gmail.com

/s/        Casey Denson_____
Casey Rose Denson (La. Bar. No. 33363)
4601 Dryades St.
New Orleans, LA 70115
Telephone: (504) 224-0110
Email: cdenson@caseydensonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2021, a copy of *Plaintiff's First Set of Interrogatories to Angela Griffin* was transmitted to counsel for Defendants.


/s/        Casey Denson_____
Casey Rose Denson

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| ELLIS RAY HICKS, | ) CIVIL ACTION |
| | ) |
| Plaintiff, | ) No. 19-108 |
| v. | ) |
| | ) JUDGE SHELLY D. DICK |
| LOUISIANA DEPARTMENT OF PUBLIC | ) |
| SAFETY & CORRECTIONS, JAMES LEBLANC, | ) |
| TIERRY LAWSON, | ) MAGISTRATE JUDGE |
| | ) RICHARD L. BOURGEOIS, JR. |
| Defendants. | ) |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO ANGELA GRIFFIN

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff hereby request that all Defendants produce the following documents for inspection and copying within thirty days of service, in accordance with the definitions and instructions below.

Production in electronic form is preferred.

### DEFINITIONS

For the purpose of these Requests for Production, the following terms are used as defined immediately below:

1. "**Person**" or "**persons**" mean, unless otherwise specified, any natural person, firm, corporation, labor organization, partnership association, joint venture, group or association and any other form of business organization, entity, or arrangement.

2. "**Document**" or "**documents**" mean all writings, of any form, kind, character or description including, but not limited to: the original and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise; correspondence; Epic system entries; letters; memoranda; notes; diaries; statistics;

1

telegrams; minutes; transcripts; contracts; agreements; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; books; prospecti; inter-office and intra-office communications; offers; notations of any sort of conversation, telephone calls, meetings or other communications; bulletins; printed matter; invoices; worksheets; pleadings; motions, legal memoranda; all drafts, alteration modifications, changes, and amendments of any of the foregoing; questionnaires; opinions; statements; graphic and oral representations of any kind, including without limitation photographs, charts, microfilm, computer software, and electronic recordings, such as tapes, diskettes, or cassettes or any tangible thing, however produced or reproduced.  A draft or non-identical copy is a separate Document within the meaning of this term.  Where there is any question about whether a tangible item otherwise described in this request falls within the definition of Document or Documents, such tangible item shall be produced.

3.    "**All documents**" means every document (as defined above) known to defendant and every such document that can be located or discovered by reasonably diligent efforts.

4.    "**Plaintiff**" refers to Rodney Grant, named in this action, unless the context indicates or specifies otherwise.

5.    "**Defendant**," "**you**," "**your**," or "**yourself**" refers to all Defendants in any of these consolidated actions, their agents, subordinates and employees, unless the context indicates or specifies otherwise, and shall be deemed to mean each and every legal representative, agent, employee, attorney, accountant, advisor and all other persons acting or purporting to act on your/their behalf or under your/their control to the extent that any of those persons have knowledge of or participated in any of the matters related to the allegations in the Complaint or to any of your defenses.

6.     "**Employed**" or "**employment**" means any work or services provided or performed in connection with any direct employment, indirect employment, contract employment, independent contractor relationship, outsourcing employment, temporary employment and/or staffing services employment.  It also means any volunteer work.

7.     "**Communication**" and "**communications**" means, without limitation, any oral, written or electronic transmission of information, including but not limited to:  (1) any written letter, memorandum, handbill, leaflet, brochure, note, e-mail, telegram, telecopy, facsimile, text message, or other document, including in electronic form; (2) any telephone call by or with you, or between you and two or more persons, or between you and any other person, whether or not such call was by chance or prearranged, formal or informal; and (3) any meeting by or with you, or between you and two or more persons, or between you and any other person, whether or not such contact was by chance or prearranged, formal or informal.

8.     "**Meeting**" and "**meetings**" mean, unless otherwise specified, any coincidence of presence of two or more persons whether or not such coincidence of presence was by chance or prearranged, formal or informal.

9.     "**Identify,**" "**identity,**" and "**identification**" when used in reference to a person, mean the name, relationship to defendant and last known address and telephone number of such person; and when referring to a natural person, additionally, the race and sex of the person and the name, address, and telephone number of such person's last known place of employment and/or business.  Once a person has been identified in compliance with this paragraph, only the name of that Person need be listed in response to later discovery requesting the identification of that person.  The term "Identify" as it relates to an employer,

3

supplier, or other business or entity means to state the entity's name, address and telephone number.

10. "**Identify,**" "**identity,**" and "**identification**", when used in reference to documents, reports, or tangible items, mean to set forth the following information: (i) a general description of the document (e.g., letter, memorandum, report, etc.); (ii) the names and addresses of the author or creator and all person(s) copied; (iii) the date of the document; (iv) a brief description of its contents and subject matter; and (v) the identity of persons in possession, custody and/or control of the item.

11. "**Relate**," "**Related**," "**Relating to**" or any variation thereof are to be used in their broadest sense and shall mean to: concern, contain, embody, describe, explain, mention, refer to, discuss, involve, support, evidence, reflect, deal with, consist of, represent, constitute, emanate from, be directed at or in any way to pertain, in whole or in part, to the subject.

12. "**Complaint**" means the most recent amended complaint filed in the above-captioned case.

13. "**Any,**" "**all,**" "**each,**" and "**every**" should be understood in either their most or least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of their scope.

14. "**Or**" shall be understood to include "**and**;" and "and" shall be understood to include "or."

15. "**DOC**" refers to the Louisiana Department of Public Safety & Corrections.

16. "**OPSO**" means the Orleans Parish Sheriff's Office.

17. As used herein, use of the present tense shall also be read to include the past tense and vice versa.

18. As used herein, the use of the singular shall also be read to include the plural and vice versa.

4

## **INSTRUCTIONS**

1.    The responsive documents should be produced in the manner prescribed by Rule 34 of the Federal Rules of Civil Procedure.

2.    In responding to these requests, you shall produce all responsive documents that are in your possession, custody, or control or in the possession, custody, or control of your predecessors, successors, parents, subsidiaries, divisions, members, or affiliates, or any of your respective agents, employees, attorneys, accountants, or other representatives. A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document. If you are unaware of the existence of any documents responsive to a particular request, you should expressly so indicate.

3.    Each request for documents seeks production of documents in their entirety, without abbreviation or expurgation, including all attachments, or other matters affixed thereto, regardless of whether you consider the entire document to be relevant or responsive to these requests.

4.    In responding to these requests, you shall produce all responsive documents available at the time of production and you shall supplement your responses as required by Rule 26(e) of the Federal Rules of Civil Procedure.

5.    In providing the documents called for by these requests, you shall produce them as they are kept in the usual course of business or organize and label them to correspond with the categories to which they relate.

6.    All pages now stapled or fastened together should be produced stapled or fastened together and all documents that cannot be legibly copied should be produced in their original form.

5

7.     Any documents not otherwise responsive to these requests shall be produced if such documents refer to, relate to, or explain the documents called for by these requests or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

8.     If any responsive document was, but is no longer in your possession or subject to your control, state whether it is: (i) missing or lost; (ii) destroyed; (iii) transferred voluntarily or involuntarily to others; or (iv) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian and the circumstances surrounding such disposition.

9.     Where responsive documents are partly or wholly in a language other than English, state whether any translation of the non-English language information exists and, if so, provide both the non-English language information and its English translation.

10.    If any document is withheld on the basis of any claim of privilege or otherwise, please provide in writing the following information about each such document: (i) its date; (ii) the full name, position, address and telephone number of its author; (iii) the full name, position, address and telephone number of each person who received the document or copies thereof; (iv) the subject matter of the document; (v) the type of document (e.g., memorandum, letter, etc.); and (vi) the nature of the privilege claimed and the grounds on which it is claimed (e.g., attorney/client privilege, work product doctrine, etc.).

11.    If any document is withheld on the basis of any claim of privilege or otherwise, please produce all other documents that are not subject to a claim of privilege, and produce any portion of such withheld document which does not set forth privileged information.

12.    Any words, terms, and phrases not specifically defined in these document requests shall be given their normal and customary meaning in the context in which they are used in these requests.

13.    If any responsive document has been modified or altered in any way, in whole or in part, please identify each such document, state how the document was modified or altered, the person who modified or altered it, and why the document was modified or altered.

14.    Any reference to any corporation or entity (including attorneys and law firms) includes its predecessors, successors, subsidiaries, divisions, members, partnerships, limited partnerships, related parties, joint ventures, or affiliates and any present and former officers, directors, employees, agents, representatives, attorneys, accountants, advisors, and all other persons acting or purporting to act on its behalf, or under its control.

15.    If in answering these requests you claim any ambiguity in interpreting either the requests or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis to refuse to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the requests.

16.    If, and to the extent that, any potentially responsive documents are not reviewed for production on grounds that such review is restricted or prohibited by law, state specifically: (i) what categories of potentially responsive Documents have not been reviewed (identifying the names of the custodians of such Documents, the anticipated date range of such Documents, and the anticipated nature and topics of such Documents); (ii) the legal restriction or prohibition asserted; and (iii) whether the custodian has been requested to consent to review of those Documents.

17. Unless otherwise specified, all requests that refer to a time period include all documents and information that relate to that period, even though prepared or published outside that period.

18. Documents are to be Bates-stamped prior to production, and provided with any attachments.

## **DOCUMENT REQUESTS**

1. All documents you may use at the trial of this matter.

2. All documents in your possession which refer or relate to Ellis Ray Hicks.

3. All documents contained in your personnel file with the DOC relating to performance evaluations, training, disciplinary action and/or reprimands, and commendations.

Ellis Ray Hicks, by and through his counsel,

/s/ William Most_____
WILLIAM MOST
La. Bar No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
Email: williammost@gmail.com

/s/        Casey Denson_____
Casey Rose Denson (La. Bar. No. 33363)
4601 Dryades St.
New Orleans, LA 70115
Telephone: (504) 224-0110
Email: cdenson@caseydensonlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2021, a copy of *Plaintiff's First Requests for Production of Documents to Angela Griffin* was transmitted to counsel for Defendants.

/s/        Casey Denson_____
CASEY DENSON

8

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ELLIS RAY HICKS, | ) CIVIL ACTION |
| | ) |
| Plaintiff, | ) No. 19-108 |
| v. | ) |
| | ) JUDGE SHELLY D. DICK |
| LOUISIANA DEPARTMENT OF PUBLIC | ) |
| SAFETY & CORRECTIONS, JAMES LEBLANC, | ) |
| TIERRY LAWSON, | ) MAGISTRATE JUDGE |
| | ) RICHARD L. BOURGEOIS, JR. |
| Defendants. | ) |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO ANGELA GRIFFIN

Plaintiff Ellis Ray Hicks hereby propounds the following Request for Admissions, pursuant to Fed R. Civ. P. 36 and Local Rule 36(b). Failure to respond within thirty days of receipt of these requests shall be deemed as admissions. "DOC" means the Louisiana Department of Public Safety & Corrections.

## REQUEST FOR ADMISSION No. 1:

You became aware that Ellis Ray Hicks had not been credited with time served in Arkansas, as required by his sentencing order, some time prior to July 2017.

## REQUEST FOR ADMISSION No. 2:

You instructed Terrence Lawson and/or Sally Gryder to credit Mr. Hicks with some, but not all, of the time he served in Arkansas to which he was entitled in July 2017.

## REQUEST FOR ADMISSION No. 3:

You did not discipline Mr. Lawson, Ms. Gryder, or any other DOC employee for failing to properly apply Mr. Hicks's jail credits.

## REQUEST FOR ADMISSION No. 4:

You were aware in July 2017 that Mr. Hicks's sentence had already been calculated twice, and that neither calculation applied any jail credit from Arkansas as required by court order.

1

**REQUEST FOR ADMISSION No. 5:**

By April 20, 2018, you were aware on that Mr. Hicks was due for immediate release.

**REQUEST FOR ADMISSION No. 6:**

On April 20, 2018, you knew that Ms. Gryder set Mr. Hicks's release date for April 25, 2018.

**REQUEST FOR ADMISSION No. 7:**

You did not instruct Ms. Gryder to release Mr. Hicks at any time prior to April 25, 2018.

**REQUEST FOR ADMISSION No. 8:**

Prior to April 20, 2018ou did not instruct Mr. Lawson, or any other DOC employee, to credit Mr. Hicks with all time served in Arkansas, consistent with the sentencing order.

**REQUEST FOR ADMISSION No. 9:**

A judge is responsible for applying credit for time served to sentences.

**REQUEST FOR ADMISSION No. 10:**

The DOC or an employee at DOC must comply with a judge's order to apply credit for time served, even if the judge's order does not comply with La. Code Crim. Proc. Art. 880(A).[1]

**REQUEST FOR ADMISSION No. 11:**

Mr. Hicks's sentencing order specified that he was to be credited for <u>all</u> time served, including in the State of Arkansas, with no additional criteria imposed.

**REQUEST FOR ADMISSION No. 12:**

You were aware in August-September 2018 that Mr. Hicks submitted documentation showing he was entitled to an additional 132 days of jail credit.


Ellis Ray Hicks, by and through his counsel,

/s/ William Most_____
WILLIAM MOST
La. Bar No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170

---

[1]Boddye v. La. Dept of Corrections, 175 So. 3d 437, 441 (La. Ct. App. 1st 2015)

T: (504) 509-5023
Email: williammost@gmail.com

*/s/        Casey Denson*
Casey Rose Denson (La. Bar. No. 33363)
4601 Dryades St.
New Orleans, LA 70115
Telephone: (504) 224-0110
Email: cdenson@caseydensonlaw.com


CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2021, a copy of *Plaintiff's First Requests for Admissions to Angela Griffin* was transmitted to counsel for Defendants, by email.

*/s/        Casey Denson*
Casey Rose Denson

3