**EXHIBIT 2-A**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELLIS RAY HICKS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.:  3:19-cv-00108-SDD-RLB** |
| | * | |
| **LOUISIANA DEPARTMENT OF** | * | **JUDGE SHELLY D. DICK** |
| **PUBLIC SAFETY &** | * | |
| **CORRECTIONS, ET AL.** | * | **MAGISTRATE JUDGE** |
| | * | **RICHARD L. BOURGEOIS** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>DEFENDANT TRACY DIBENEDETTO'S RESPONSES TO PLAINTIFF'S<br>FIRST REQUESTS FOR ADMISSIONS</u>

**NOW INTO COURT**, through undersigned counsel, comes defendant Tracy DiBenedetto, who respectfully responds to Plaintiff's *First Requests for Admissions* as follows:

### GENERAL OBJECTIONS & COMMENTS

These objections apply to each and every response to the requests herein. All information provided in these responses is made without waiver of and subject to these objections:

1.      Defendants object to the requests to the extent they are vague, unclear, ambiguous, and/or confusing, especially those that use undefined terms.

2.      Defendants object to the discovery requests to the extent they seek documents or information that are already in the possession or control of the plaintiffs or plaintiffs' counsel, or that are equally available to the plaintiffs as they are to Defendants.

3.      Defendants object to any purported statement of facts or implications regarding those facts or characterizations of the facts, events, circumstances or issues in this litigation as described in the requests.  Any response by Defendants is not intended to indicate agreement with any alleged factual statements by plaintiffs.

4.     Defendants reserve the right to supplement any responses herein as additional facts, documents and other information are obtained through discovery.

5.     Defendants object to merits-based discovery prior to class certification.

6.     Defendants object to the overbroad time frame indicated in these requests.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSIONS NO. 1:**

You received Ellis Ray Hicks's May 22, 2017 Second-Step ARP within three weeks of May 22, 2017.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 1:**

Objection, this request is vague and ambiguous. Reserving those objections, I do not have sufficient information to admit or deny this request. Out of an abundance of caution, denied as written.

**REQUEST FOR ADMISSIONS NO. 2:**

Ellis Ray Hicks provided documentation showing his February 17, 2015 sentence in Arkansas, with 110 days jail credit, and his subsequent January 21, 2016 release date, with his May 22, 2017 Second-Step ARP.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 2:**

Denied as written.

**REQUEST FOR ADMISSIONS NO. 3:**

You have never spoken to Mr. Hicks.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 3:**

Admitted.

**REQUEST FOR ADMISSIONS NO. 4:**

Mr. Hicks was not credited with all of the time he served in Arkansas when his sentence and release date was re-calculated in July 2017.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 4:**

Denied as written. Based on the information DPSC had in July 2017, Hicks received credit for time served in Arkansas.

**REQUEST FOR ADMISSIONS NO. 5:**

You closed Mr. Hicks's ARP on September 15, 2017.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 5:**

Denied as written. It is admitted that Hicks' ARP was closed on September 15, 2017. I did not prepare or close the ARP.

**REQUEST FOR ADMISSIONS NO. 6:**

Mr. Hicks was not credited with all of the time he served in Arkansas prior to September 15, 2017.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 6:**

Denied as written. Based on the information DPSC had in September 2017, Hicks received credit for time served in Arkansas.

**REQUEST FOR ADMISSIONS NO. 7:**

You never responded to Terrence Lawson's e-mail of November 17, 2017 sent at 3:41 p.m.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 7:**

Objection, this request is vague and ambiguous. Reserving those objections, I do not have sufficient information to admit or deny this request. Out of an abundance of caution, denied as written.

**REQUEST FOR ADMISSIONS NO. 8:**

You did not instruct Mr. Lawson, or any other DOC employee, to credit Mr. Hicks with all time served in Arkansas.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 8:**

Objection. This request is vague, ambiguous and assumes facts not in evidence. It is admitted only that as a part of my job duties, I would not have instructed pre-class employees on time computation.

**REQUEST FOR ADMISSIONS NO. 9:**

You were aware on November 17, 2017 that Mr. Lawson was waiting for direction from you before applying Arkansas jail credit.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 9:**

Denied.

**REQUEST FOR ADMISSIONS NO. 10:**

On December 5, 2017, you instructed Mr. Lawson not to apply Arkansas jail credit unless "the jail credit . . . is the same as the other ARK credit, where La. had a hold on him and he was not serving time on something else, etc."

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 10:**

Denied.

**REQUEST FOR ADMISSIONS NO.11:**

A judge is responsible for determining whether to apply credit for time served to sentences.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 11:**

Objection. Calls for a legal conclusion. Reserving those objections, denied as written.

**REQUEST FOR ADMISSIONS NO. 12:**

The DOC or an employee at DOC must comply with a judge's order to apply credit for

time served, even if the judge's order does not comply with La. Code Crim. Proc. Art. 880(A).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 12:**

Objection. Calls for a legal conclusion. Reserving those objections, admitted.

**REQUEST FOR ADMISSIONS NO. 13:**

Mr. Hicks's sentencing order from January 3, 2017 specified that he was to be credited for all time served, including in the State of Arkansas, with no additional criteria imposed.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 13:**

Objection. Calls for a legal conclusion. Reserving those objections, denied as written.

**REQUEST FOR ADMISSIONS NO. 14:**

You were aware of the contents of the sentencing order from January 3, 2017 on December 5, 2017 when you sent Mr. Lawson stating "If the jail credit although from a different county is the same as the other ARK credit, where La. had a hold on him and he was not serving time on something else, etc. then he may get that credit also. Just make sure the jail credit clearly states it for the instant offense, etc."

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 14:**

Objection. This request is ambiguous and confusing. Reserving those objections, it is admitted that I sent the email on December 5, 2017 and that DPSC had the sentencing minutes.

**REQUEST FOR ADMISSIONS NO. 15:**

You received another ARP from Mr. Hicks in 2018.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 15:**

Denied.

**REQUEST FOR ADMISSIONS NO. 16:**

You did not respond to Mr. Hicks's 2018 ARP.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 16:**

It is admitted only that I did not respond to an ARP that I did not receive.

Respectfully submitted,

**LIZ MURRIL**
**ATTORNEY GENERAL**

By:     s/Andrew Blanchfield
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
C. Reynolds LeBlanc (#33937)
Email: rleblanc@keoghcox.com
Chelsea A. Payne (#35952)
Email: cpayne@keoghcox.com
Special Assistant Attorneys General
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone:  (225) 383-3796
Facsimile:  (225) 343-9612

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 22nd day of August, 2025.

*/s/ Andrew Blanchfield*
Andrew Blanchfield

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELLIS RAY HICKS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.:  3:19-cv-00108-SDD-RLB** |
| | * | |
| **LOUISIANA DEPARTMENT OF** | * | **JUDGE SHELLY D. DICK** |
| **PUBLIC SAFETY &** | * | |
| **CORRECTIONS, ET AL.** | * | **MAGISTRATE JUDGE** |
| | * | **RICHARD L. BOURGEOIS** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT SALLY GRYDER'S RESPONSES TO PLAINTIFF'S
## FIRST REQUESTS FOR ADMISSIONS

**NOW INTO COURT**, through undersigned counsel, comes defendant Sally Gryder, who respectfully responds to Plaintiff's *First Requests for Admissions* as follows:

## GENERAL OBJECTIONS & COMMENTS

These objections apply to each and every response to the requests herein. All information provided in these responses is made without waiver of and subject to these objections:

1.     Defendants object to the requests to the extent they are vague, unclear, ambiguous, and/or confusing, especially those that use undefined terms.

2.     Defendants object to the discovery requests to the extent they seek documents or information that are already in the possession or control of the plaintiffs or plaintiffs' counsel, or that are equally available to the plaintiffs as they are to Defendants.

3.     Defendants object to any purported statement of facts or implications regarding those facts or characterizations of the facts, events, circumstances or issues in this litigation as described in the requests.  Any response by Defendants is not intended to indicate agreement with any alleged factual statements by plaintiffs.

4.     Defendants reserve the right to supplement any responses herein as additional facts, documents and other information are obtained through discovery.

5.     Defendants object to merits-based discovery prior to class certification.

6.     Defendants object to the overbroad time frame indicated in these requests.

## RESPONSES TO REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSIONS NO. 1:

You were responsible for training Terrence Lawson on sentence time computation and calculating release dates.

### RESPONSE TO REQUEST FOR ADMISSIONS NO. 1:

Denied as written. I became a supervisor in August 2017. Mr. Lawson was already trained in time computation when I became a supervisor. In my role as supervisor, I was responsible for ongoing training.

### REQUEST FOR ADMISSIONS NO. 2:

You reviewed Mr. Lawson's February 2017 computation of Ellis Ray Hicks's sentence and release date in February or March 2017.

### RESPONSE TO REQUEST FOR ADMISSIONS NO. 2:

Denied.

### REQUEST FOR ADMISSIONS NO. 3:

You instructed Mr. Lawson to re-calculate Mr. Hicks's sentence and remove jail credit in February or March 2017.

### RESPONSE TO REQUEST FOR ADMISSIONS NO. 3:

Denied.

**REQUEST FOR ADMISSIONS NO. 4:**

By March of 2017 you were aware that Mr. Hicks's January 3, 2017 sentencing order ordered for him to receive credit for all time served in Arkansas.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 4:**

Denied.

**REQUEST FOR ADMISSIONS NO. 5:**

By March 2017, you were aware that Mr. Lawson did not credit Mr. Hicks with any time served in Arkansas.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 5:**

Denied.

**REQUEST FOR ADMISSIONS NO. 6:**

You did not instruct Mr. Lawson to include credit for time served in Arkansas when he recalculated Mr. Hicks's sentence on March 10, 2017.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 6:**

Denied as written.

**REQUEST FOR ADMISSIONS NO. 7:**

You did not instruct Mr. Lawson to credit Mr. Hicks for any time served in Arkansas until July 2017.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 7:**

Denied as written.

**REQUEST FOR ADMISSIONS NO. 8:**

In July 2017, you instructed Mr. Lawson to credit Mr. Hicks with some, but not all, of the jail credit to which he was entitled from Arkansas.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 8:**

Denied.

**REQUEST FOR ADMISSIONS NO. 9:**

A judge is responsible for applying credit for time served to sentences.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 9:**

Objection. Calls for a legal conclusion. Reserving those objections, denied as written.

**REQUEST FOR ADMISSIONS NO. 10:**

The DOC or an employee at DOC must comply with a judge's order to apply credit for time served, even if the judge's order does not comply with La. Code Crim. Proc. Art. 880(A).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 10:**

Objection. Calls for a legal conclusion. Reserving those objections, admitted.

**REQUEST FOR ADMISSIONS NO.11:**

Mr. Hicks's January 3, 2017sentencing (sic) order specified that he was to be credited for all time served, including in the State of Arkansas, with no additional criteria imposed.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 11:**

Objection. Calls for a legal conclusion. Reserving those objections, denied as written.

**REQUEST FOR ADMISSIONS NO. 12:**

By September 2018, you were aware that Mr. Hicks submitted documentation showing he was entitled to an additional 132 days of jail credit.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 12:**

Denied.

**REQUEST FOR ADMISSIONS NO.13:**

In December 2017, you removed, or instructed Mr. Lawson to remove jail credit from Mr.

Hicks.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 13:**

Denied as written. The time computation was updated in December 2017 based upon information from Minden P&P.

**REQUEST FOR ADMISSIONS NO.14:**

You did not take steps, nor instruct anyone else to take steps, to verify what any additional time Mr. Hicks served in Arkansas until April 20, 2018.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 14:**

Denied.

**REQUEST FOR ADMISSIONS NO.15:**

On April 20, 2018, you determined that Mr. Hicks was due for immediate release.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 15:**

Objection. This request calls for a legal conclusion. Reserving those objections, denied as written.

**REQUEST FOR ADMISSIONS NO.16:**

Despite knowing Mr. Hicks was due for immediate release, on April 20, 2018, you manually set Mr. Hicks's release date for five days later, April 25, 2018.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 16:**

Objection. This request calls for a legal conclusion. Reserving those objections, it is admitted only that Hicks' release date was set for April 25, 2018.

**REQUEST FOR ADMISSIONS NO.17:**

You never disciplined nor reprimanded Mr. Lawson for his handling of Mr. Hicks's sentence and release date calculation.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 17:**

Admitted.

**REQUEST FOR ADMISSIONS NO.18:**

You were never disciplined nor reprimanded for your handling of Mr. Hicks's sentence and release date calculation.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 18:**

Admitted.

Respectfully submitted,

**LIZ MURRIL**
**ATTORNEY GENERAL**

By:    s/Andrew Blanchfield
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
C. Reynolds LeBlanc (#33937)
Email: rleblanc@keoghcox.com
Chelsea A. Payne (#35952)
Email: cpayne@keoghcox.com
Special Assistant Attorneys General
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone:  (225) 383-3796
Facsimile:  (225) 343-9612

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 22nd day of August, 2025.

*/s/ Andrew Blanchfield*
Andrew Blanchfield

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELLIS RAY HICKS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.:  3:19-cv-00108-SDD-RLB** |
| | * | |
| **LOUISIANA DEPARTMENT OF** | * | **JUDGE SHELLY D. DICK** |
| **PUBLIC SAFETY &** | * | |
| **CORRECTIONS, ET AL.** | * | **MAGISTRATE JUDGE** |
| | * | **RICHARD L. BOURGEOIS** |

**************************************************************************

### DEFENDANT ANGELA GRIFFIN'S RESPONSES TO PLAINTIFF'S
### FIRST REQUESTS FOR ADMISSIONS

**NOW INTO COURT**, through undersigned counsel, comes defendant Angela Griffin, who respectfully responds to Plaintiff's *First Requests for Admissions* as follows:

### GENERAL OBJECTIONS & COMMENTS

These objections apply to each and every response to the requests herein. All information provided in these responses is made without waiver of and subject to these objections:

1.      Defendants object to the requests to the extent they are vague, unclear, ambiguous, and/or confusing, especially those that use undefined terms.

2.      Defendants object to the discovery requests to the extent they seek documents or information that are already in the possession or control of the plaintiffs or plaintiffs' counsel, or that are equally available to the plaintiffs as they are to Defendants.

3.      Defendants object to any purported statement of facts or implications regarding those facts or characterizations of the facts, events, circumstances or issues in this litigation as described in the requests.  Any response by Defendants is not intended to indicate agreement with any alleged factual statements by plaintiffs.

4.      Defendants reserve the right to supplement any responses herein as additional facts, documents and other information are obtained through discovery.

5.      Defendants object to merits-based discovery prior to class certification.

6.      Defendants object to the overbroad time frame indicated in these requests.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSIONS NO. 1:**

You became aware that Ellis Ray Hicks had not been credited with time served in Arkansas, as required by his sentencing order, some time prior to July 2017.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 1:**

Denied.

**REQUEST FOR ADMISSIONS NO. 2:**

You instructed Terrence Lawson and/or Sally Gryder to credit Mr. Hicks with some, but not all, of the time he served in Arkansas to which he was entitled in July 2017.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 2:**

Denied.

**REQUEST FOR ADMISSIONS NO. 3:**

You did not discipline Mr. Lawson, Ms. Gryder, or any other DOC employee for failing to properly apply Mr. Hicks's jail credits.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 3:**

Objection. Calls for legal conclusion and assumes facts not in evidence. Reserving those objections, it is admitted only that neither Lawson nor Gryder were disciplined following Hicks' time computation.

**REQUEST FOR ADMISSIONS NO. 4:**

You did not discipline Mr. Lawson, Ms. Gryder, or any other DOC employee for failing to properly apply Mr. Hicks's jail credits.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 4:**

Objection. This request is duplicative. See response to Request No. 3.

**REQUEST FOR ADMISSIONS NO. 5:**

By April 20, 2018, you were aware on that Mr. Hicks was due for immediate release.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 5:**

Objection. This request calls for a legal conclusion. Reserving those objections, denied as written. On April 20, 2018, Lawson advised me that Faulkner County disclosed additional pretrial jail credits that were not initially included in the correspondence provided by Arkansas Department of Corrections and that the application of these credits would make Hicks eligible for release.

**REQUEST FOR ADMISSIONS NO. 6:**

On April 20, 2018, you knew that Ms. Gryder set Mr. Hicks's release date for April 25, 2018.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 6:**

Objection. This request is vague, ambiguous and assumes facts not in evidence. Reserving those objections, denied as written. I did not perform any time computations and was not aware of what, if any, additional information or steps were required to release Hicks.

**REQUEST FOR ADMISSIONS NO. 7:**

You did not instruct Ms. Gryder to release Mr. Hicks at any time prior to April 25, 2018.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 7:**

Objection. This request is vague, ambiguous and assumes facts not in evidence. Reserving

those objections, denied as written, I did not supervise pre-class at David Wade as a part of my job duties. Further, I did not perform any time computations and was not aware of what, if any, additional information or steps were required to release Hicks.

**REQUEST FOR ADMISSIONS NO. 8:**

Prior to April 20, 2018ou (sic) did not instruct Mr. Lawson, or any other DOC employee, to credit Mr. Hicks with all time served in Arkansas, consistent with the sentencing order.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 8:**

Objection. This request is vague, ambiguous and assumes facts not in evidence. Reserving those objections, denied as written. I was not aware of Mr. Hicks' case until April 20, 2018. Based on the information that was in DPSC's system, including the jail credit letter from Arkansas Department of Corrections,  Hicks was awarded all Arkansas credit. The same day, Faulkner County disclosed additional credits to Lawson, which were awarded.

**REQUEST FOR ADMISSIONS NO. 9:**

A judge is responsible for applying credit for time served to sentences.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 9:**

Objection. Calls for a legal conclusion. Reserving those objections, denied as written.

**REQUEST FOR ADMISSIONS NO. 10:**

The DOC or an employee at DOC must comply with a judge's order to apply credit for time served, even if the judge's order does not comply with La. Code Crim. Proc. Art. 880(A).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 10:**

Objection. Calls for a legal conclusion. Reserving those objections, admitted.

**REQUEST FOR ADMISSIONS NO.11:**

Mr. Hicks's sentencing order specified that he was to be credited for all time served,

including in the State of Arkansas, with no additional criteria imposed.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 11:**

Objection. Calls for a legal conclusion. Reserving those objections, denied as written.

**REQUEST FOR ADMISSIONS NO. 12:**

You were aware in August-September 2018 that Mr. Hicks submitted documentation showing he was entitled to an additional 132 days of jail credit.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 12:**

Objection. This request is vague and ambiguous. Further objection is made to the time frame provided. Reserving those objections, denied.

Respectfully submitted,

**LIZ MURRIL**
**ATTORNEY GENERAL**

By:      s/Andrew Blanchfield
          Andrew Blanchfield, T.A. (#16812)
          Email: ablanchfield@keoghcox.com
          C. Reynolds LeBlanc (#33937)
          Email: rleblanc@keoghcox.com
          Chelsea A. Payne (#35952)
          Email: cpayne@keoghcox.com
          Special Assistant Attorneys General
          Post Office Box 1151
          Baton Rouge, Louisiana 70821
          Telephone:  (225) 383-3796
          Facsimile:  (225) 343-9612

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 22nd day of August, 2025.

*/s/ Andrew Blanchfield*
Andrew Blanchfield