**EXHIBIT 3-A**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELLIS RAY HICKS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.:  3:19-cv-00108-SDD-RLB** |
| | * | |
| **LOUISIANA DEPARTMENT OF** | * | **JUDGE SHELLY D. DICK** |
| **PUBLIC SAFETY &** | * | |
| **CORRECTIONS, ET AL.** | * | **MAGISTRATE JUDGE** |
| | * | **RICHARD L. BOURGEOIS** |

**********************************************************************************

## DEFENDANT TRACY DIBENEDETTO'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**NOW INTO COURT**, through undersigned counsel, comes defendant Tracy DiBenedetto, who respectfully responds to Plaintiff's *First Set of Interrogatories* as follows:

## GENERAL OBJECTIONS & COMMENTS

These objections apply to each and every response to the requests herein. All information provided in these responses is made without waiver of and subject to these objections:

1. Defendants object to the requests to the extent they are vague, unclear, ambiguous, and/or confusing, especially those that use undefined terms.

2. Defendants object to the discovery requests to the extent they seek documents or information that are already in the possession or control of the plaintiffs or plaintiffs' counsel, or that are equally available to the plaintiffs as they are to Defendants.

3. Defendants object to any purported statement of facts or implications regarding those facts or characterizations of the facts, events, circumstances or issues in this litigation as described in the requests.  Any response by Defendants is not intended to indicate agreement with any alleged factual statements by plaintiffs.

1

4.      Defendants reserve the right to supplement any responses herein as additional facts, documents and other information are obtained through discovery.

5.      Defendants object to the overbroad time frame indicated in these requests.


## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons you have communicated with, either verbally or in writing, regarding Ellis Ray Hicks' detention and/or release, and the dates of those communications. You may exclude communications with your counsel.

**RESPONSE TO INTERROGATORY NO. 1:**

Objection. This request is vague and ambiguous. Reserving those objections, I do not recall specifics of a case from 2017. See emails and documents previously produced.

**INTERROGATORY NO. 2:**

Describe the ARP process in 2017 and 2018 that you followed in reviewing and responding to inmate ARPs, including all steps you take to address and resolve an ARP.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection. This request is vague and ambiguous. Reserving those objections, see ARP procedures that applied during that time period.

**INTERROGATORY NO. 3:**

Identify all ARPs you received regarding Ellis Ray Hicks, including any documents or information you received as part of each ARP, and the date and time on which you received such ARP, documents, or information.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection. This request is vague and ambiguous. Reserving those objections, I may or may not have personally received the ARP in question. According to the ARP, ARP 2017-1481 was received on July 12, 2017. Swaantje Hoffman was the DPSC employee who prepared the response. See ARP previously produced.

**INTERROGATORY NO. 4:**

Explain your understanding of how a judge's order of credit for time served prior to the commission of the crime on which he is sentenced affects the computation of an offender's sentence.

**RESPONSE TO INTERROGATORY NO. 4:**

Objection. This request is vague, ambiguous and calls for a legal conclusion. Credits for time served may be awarded pursuant to Article 880. DPSC will apply an illegal sentence if the judge specifically orders an illegal sentence.

**INTERROGATORY NO. 5:**

Explain why on November 17, 2017 you did not inform Mr. Lawson to follow the sentencing order dated January 3, 2017 and instead responded to Terrence Lawson's November 17, 2017 email regarding Arkansas jail credit by inquiring: "Was he held under the same circumstances and the other county. Did La. have a hold on him in this county jail."

**RESPONSE TO INTERROGATORY NO. 5:**

Objection. This request is vague and ambiguous. Further objection is made in that this question references an email from more than 8 years ago. Reserving these objections, upon information and belief, the sentencing minutes stated time served in Arkansas (which would have been based on the instant charge), which DPSC had provided jail credits from Arkansas. The

minutes did not state that Hicks would have received any time Hicks was incarcerated in Arkansas during his lifetime for any charge. Regardless, Hicks was awarded the credits that the Arkansas Department of Corrections provided from 3/11/2015 to 1/21/2016.

**INTERROGATORY NO. 6:**

Describe any steps, including the date of any step, you took regarding Ellis Ray Hicks's sentence calculation after Terrence Lawrence replied on November 17, 2017, responding to your inquiries referenced in Interrogatory No. 5, above.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection. It is unclear what response this request is referring to. I recall calling Lawson and advising him to go to get clarification from the court if needed and to address issues with his supervisor.

**INTERROGATORY NO. 7:**

Explain why on December 5, 2017 you did not inform Mr. Lawson to follow the sentencing order dated January 3, 2017 and instead your directed Terrence Lawrence: "If the jail credit although from a different county is the same as the other ARK credit, where La. had a hold on him and he was not serving time on something else, etc then he may get that credit also. Just make sure the jail credit clearly states it for the instant offense, etc."

**RESPONSE TO INTERROGATORY NO. 7:**

See response to No. 5.

**INTERROGATORY NO. 8:**

Identify every occasion on which you received information regarding Mr. Hicks's sentence and/or jail credit, including information about time served in Arkansas. Include the date, the substance of the information, and the source of the information.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection. This request is vague and ambiguous. Reserving those objections, I do not recall specifics of a case from 2017. See emails and documents previously produced.

**INTERROGATORY NO. 9:**

Describe all steps, including the date and time of any step, you took before responding to Ellis Ray Hicks's ARP on September 15, 2017, including all steps you took to ensure Mr. Hicks's time served in Arkansas was accurately calculated.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection. This request is vague and ambiguous. Reserving those objections, I do not recall specifics of a case from 2017. Further, I did not prepare the ARP response. Swaantje Hoffman prepared the ARP response. See emails and documents previously produced.

**INTERROGATORY NO. 10:**

Please describe each position you have held for employment form 2017 to the present and your reasons for changing positions.

**RESPONSE TO INTERROGATORY NO. 10:**

I was Administrative Director 2 from 2017 until my retirement in 2022.

**INTERROGATORY NO.11:**

Please identify every occasion on which you, or another DOC employee, refused to following [sic] the sentencing order of a judge.

**RESPONSE TO INTERROGATORY NO. 11:**

Objection. This request is vague, ambiguous and assumes facts not in evidence. Further objection is made to the extent the request seeks information of other, unknown employees. Reserving those objections, upon information and belief, none.

**INTERROGATORY NO. 12:**

Please identify any time you have been disciplined in the course of your employment with the DOC and what you were disciplined for.

**RESPONSE TO INTERROGATORY NO. 12:**

I have not been disciplined.

**INTERROGATORY NO. 13:**

Please identify all training you have received on sentencing and processing releases while employed at the DOC and include the date, a description of the training, and duration of the training.

**RESPONSE TO INTERROGATORY NO. 13:**

Objection. This request is vague, ambiguous and not reasonably calculated to lead to the discovery of admissible information. Reserving those objections, in my position, our office did not process releases during the ARP phase. I had many trainings during my 28 years at DPSC, including formal training, meetings, policy training, on the job training, and one on one training with analysts. See also training documents produced herein.

**INTERROGATORY NO. 14:**

Please identify any time when you have disciplined a DOC employee for failing to properly calculate a sentence or causing an inmate to be held past their release date from 2012 to the present.

**RESPONSE TO INTERROGATORY NO. 14:**

Objection. This request is vague, ambiguous and not reasonably calculated to lead to the discovery of admissible information. As a part of my job duties, I would not have supervised or disciplined pre-class employees.

**INTERROGATORY NO. 15:**

Please identify all changes made to the DOC's policies and practices calculation of inmate sentences, as relevant to inmate's sentenced to credit for time served from April 2018 to the present.

**RESPONSE TO INTERROGATORY NO. 15:**

Objection. This request is vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Reserving those objections, ever-changing legislative updates require changes to policies and practices. See attached documents.

**INTERROGATORY NO. 16:**

Please identify any discipline imposed, or training provided, after April 2018 to the present to any DOC employees regarding the calculation of inmate sentences who receive credit for time served.

**RESPONSE TO INTERROGATORY NO. 16:**

Objection. This request is vague, ambiguous and not reasonably calculated to lead to the discovery of admissible information. As a part of my job duties, I would not have supervised or disciplined pre-class employees.

Respectfully submitted,

**LIZ MURRIL**
**ATTORNEY GENERAL**

By:       s/Andrew Blanchfield
          Andrew Blanchfield, T.A. (#16812)
          Email: ablanchfield@keoghcox.com
          C. Reynolds LeBlanc (#33937)
          Email: rleblanc@keoghcox.com
          Chelsea A. Payne (#35952)
          Email: cpayne@keoghcox.com
          Special Assistant Attorneys General
          Post Office Box 1151
          Baton Rouge, Louisiana 70821
          Telephone:  (225) 383-3796
          Facsimile:  (225) 343-9612

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 27th day of August, 2025.

*/s/ Andrew Blanchfield*
          Andrew Blanchfield

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELLIS RAY HICKS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.:  3:19-cv-00108-SDD-RLB** |
| | * | |
| **LOUISIANA DEPARTMENT OF** | * | **JUDGE SHELLY D. DICK** |
| **PUBLIC SAFETY &** | * | |
| **CORRECTIONS, ET AL.** | * | **MAGISTRATE JUDGE** |
| | * | **RICHARD L. BOURGEOIS** |

**************************************************************************

## DEFENDANT TRACY DIBENEDETTO'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**NOW INTO COURT**, through undersigned counsel, comes defendant Tracy DiBenedetto, who respectfully responds to Plaintiff's *First Requests for Production of Documents* as follows:

## GENERAL OBJECTIONS & COMMENTS

These objections apply to each and every response to the requests herein. All information provided in these responses is made without waiver of and subject to these objections:

1.     Defendants object to the requests to the extent they are vague, unclear, ambiguous, and/or confusing, especially those that use undefined terms.

2.     Defendants object to the discovery requests to the extent they seek documents or information that are already in the possession or control of the plaintiffs or plaintiffs' counsel, or that are equally available to the plaintiffs as they are to Defendants.

3.     Defendants object to any purported statement of facts or implications regarding those facts or characterizations of the facts, events, circumstances or issues in this litigation as described in the requests.  Any response by Defendants is not intended to indicate agreement with any alleged factual statements by plaintiffs.

1

4.     Defendants reserve the right to supplement any responses herein as additional facts, documents and other information are obtained through discovery.

5.     Defendants object to the overbroad time frame indicated in these requests.

### RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents you may use at the trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. This request is overbroad. Reserving those objections, see attached documents, as well as the documents previously produced.

**REQUEST FOR PRODUCTION NO. 2:**

All documents in your possession which refer or relate to Ellis Ray Hicks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. This request is overbroad. I am now retired and do not have documents in my possession. Reserving those objections, see attached documents, as well as the documents previously produced.

**REQUEST FOR PRODUCTION NO. 3:**

All documents contained in your personnel file with the DOC relating to performance evaluations, training, disciplinary action and/or reprimands, and commendations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. This request is overbroad, unduly burdensome and not likely to lead to the discovery of admissible information. Reserving those objections, see attached documents from 2013 to present, per the agreement between the parties.

Respectfully submitted,

**LIZ MURRIL**
**ATTORNEY GENERAL**

By:    s/Andrew Blanchfield
       Andrew Blanchfield, T.A. (#16812)
       Email: ablanchfield@keoghcox.com
       C. Reynolds LeBlanc (#33937)
       Email: rleblanc@keoghcox.com
       Chelsea A. Payne (#35952)
       Email: cpayne@keoghcox.com
       Special Assistant Attorneys General
       Post Office Box 1151
       Baton Rouge, Louisiana 70821
       Telephone:  (225) 383-3796
       Facsimile:  (225) 343-9612

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 27th day of August, 2025.

*/s/ Andrew Blanchfield*
Andrew Blanchfield

3

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELLIS RAY HICKS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.:  3:19-cv-00108-SDD-RLB** |
| | * | |
| **LOUISIANA DEPARTMENT OF** | * | **JUDGE SHELLY D. DICK** |
| **PUBLIC SAFETY &** | * | |
| **CORRECTIONS, ET AL.** | * | **MAGISTRATE JUDGE** |
| | * | **RICHARD L. BOURGEOIS** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>DEFENDANT SALLY GRYDER'S RESPONSES TO PLAINTIFF'S<br>FIRST SET OF INTERROGATORIES</u>

**NOW INTO COURT**, through undersigned counsel, comes defendant Sally Gryder, who respectfully responds to Plaintiff's *First Set of Interrogatories* as follows:

## GENERAL OBJECTIONS & COMMENTS

These objections apply to each and every response to the requests herein. All information provided in these responses is made without waiver of and subject to these objections:

1.     Defendants object to the requests to the extent they are vague, unclear, ambiguous, and/or confusing, especially those that use undefined terms.

2.     Defendants object to the discovery requests to the extent they seek documents or information that are already in the possession or control of the plaintiffs or plaintiffs' counsel, or that are equally available to the plaintiffs as they are to Defendants.

3.     Defendants object to any purported statement of facts or implications regarding those facts or characterizations of the facts, events, circumstances or issues in this litigation as described in the requests.  Any response by Defendants is not intended to indicate agreement with any alleged factual statements by plaintiffs.

4.      Defendants reserve the right to supplement any responses herein as additional facts, documents and other information are obtained through discovery.

5.      Defendants object to the overbroad time frame indicated in these requests.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe all training you provided to Terry Lawson on time computation, including the dates, substance, and duration of any training sessions, and identify any materials used for such training.

**RESPONSE TO INTERROGATORY NO. 1:**

I provided training to all of my employees on a constant basis. We employed one on one training, various staff meetings, and would pass along any guidance or training from headquarters. On the job training was also employed. See also training documents produced.

**INTERROGATORY NO. 2:**

Identify all steps (including the date and time of the step) you took to direct and/or review Terry Lawson's February 2017 calculation of Ellis Ray Hicks' sentence or release date, including what information you relied upon, and what instructions, if any, you gave to Mr. Lawson regarding the calculation.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection. This request is vague and ambiguous. Reserving those objections, I do not recall specifics of a time calculation from 2017. Further, I became a supervisor in August 2017. Before that date, I would not have had any involvement in time computation. See Hicks' pre-class packet previously produced.

2

**INTERROGATORY NO. 3:**

Identify all steps (including the date and time of the step) you took to direct, conduct, and/or review the March 2017 calculation of Ellis Ray Hicks' sentence or release date, including what information you relied upon, and what instructions, if any, you gave to Mr. Lawson regarding the calculation.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection. This request is vague and ambiguous. Reserving those objections, I do not recall specifics of a time calculation from 2017. Further, I became a supervisor in August 2017. Before that date, I would not have had any involvement in time computation. See Hicks' pre-class packet previously produced.

**INTERROGATORY NO. 4:**

Identify all steps (including the date and time of the step) you took to direct, conduct, and/or review the July 2017 calculation of Ellis Ray Hicks' sentence or release date, including what information you relied upon, and what instructions, if any, you gave to Mr. Lawson regarding the calculation.

**RESPONSE TO INTERROGATORY NO. 4:**

Objection. This request is vague and ambiguous. Reserving those objections, I do not recall specifics of a time calculation from 2017. Further, I became a supervisor in August 2017. Before that date, I would not have had any involvement in time computation. See Hicks' pre-class packet previously produced.

**INTERROGATORY NO. 5:**

Identify all steps (including the date and time of the step) you took to direct, conduct, and/or review the December 2017 calculation of Ellis Ray Hicks' sentence or release date, including what

information you relied upon, and what instructions, if any, you gave to Mr. Lawson regarding the calculation.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection. This request is vague and ambiguous. Reserving those objections, I do not recall specifics of a time calculation from 2017. See Hicks' pre-class packet previously produced.

**INTERROGATORY NO. 6:**

Identify all persons you communicated with, either verbally or in writing, regarding Ellis Ray Hicks' detention and/or release, and the dates of those communications. You may exclude communications with your counsel..

**RESPONSE TO INTERROGATORY NO. 6:**

Objection. This request is vague and ambiguous. Reserving those objections, I do not recall specifics of a time calculation from 2017. I recall communicating with Union Parish and Minden Parish P&P. See documents and emails previously produced.

**INTERROGATORY NO. 7:**

Explain your understanding of how a judge's order affects the computation of an offender's sentence.

**RESPONSE TO INTERROGATORY NO. 7:**

Objection. This request is vague, ambiguous and calls for a legal conclusion. Reserving those objections, the judge's order used in calculating a sentence.

**INTERROGATORY NO. 8:**

Explain the circumstances which led you to contact David Phillips regarding Mr. Hicks in December 2017, and the basis for your statement to Mr. Phillips that Mr. Hicks "was getting too much jail credit."

**RESPONSE TO INTERROGATORY NO. 8:**

Objection. This request is vague and ambiguous. I do not recall such a statement to Mr. Phillips. See emails previously produced.

**INTERROGATORY NO. 9:**

Explain why Mr. Hicks was credited with an additional 132 days of jail credit in April 2018, and why this credit was not applied earlier.

**RESPONSE TO INTERROGATORY NO. 9:**

Based on the documents from Arkansas, Hicks had 904 days of credit. On April 20, 2018, Faulkner county advised that Hicks had pre-trial dates from early 2014 and 2015. This credit and these dates were not included on the original paperwork that Arkansas DOC provided.

**INTERROGATORY NO. 10:**

Explain why, on April 20, 2018, after determining that Mr. Hicks was due for immediate release, you set Mr. Hicks' release date for April 25, 2018.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection. This request is vague, ambiguous and calls for a legal conclusion. Reserving those objections, in order to release an offender, DPSC employees must compete a release clearing checklist, which includes confirmation or clearing of warrants, clearing criminal history, etc. Only once the release clearing checklist is complete can an offender be released.

**INTERROGATORY NO.11:**

Identify every occasion on which you received information regarding Mr. Hicks's sentence and/or jail credit, including information about time served in Arkansas. Include the date, time, the substance of the information, and the source of the information.

**RESPONSE TO INTERROGATORY NO. 11:**

Objection. This request is vague and ambiguous. Reserving those objections, I do not recall specifics of a time calculation from 2017. Further, I became a supervisor in August 2017. Before that date, I would not have had any involvement in time computation. See Hicks' pre-class packet previously produced. See also Exhibit 7, previously produced.

**INTERROGATORY NO. 12:**

Please identify every occasion on which you, or another DOC employee, refused to follow the sentencing order of a judge.

**RESPONSE TO INTERROGATORY NO. 12:**

Objection. This request is vague, ambiguous and assumes facts not in evidence. Reserving those objections, none.

**INTERROGATORY NO. 13:**

Please identify any time you have been disciplined in the course of your employment with the DOC and what you were disciplined for.

**RESPONSE TO INTERROGATORY NO. 13:**

None.

**INTERROGATORY NO. 14:**

Please identify all training you have received on sentencing and processing releases while employed at the DOC and include the date, a description of the training, and duration of the training.

**RESPONSE TO INTERROGATORY NO. 14:**

Objection. This request is vague, ambiguous and not limited in time or scope. Reserving those objections, I received a plethora of training throughout my years at DOSC. This included

training from headquarters, various emails outlining legislative updates, staff meetings, one on one training, research, time computation information and/or notebooks. See also training documents produced herein.

**INTERROGATORY NO. 15:**

Please identify any time when you have disciplined a DOC employee for failing to properly calculate a sentence or causing an inmate to be held past their release date from 2012 to the present.

**RESPONSE TO INTERROGATORY NO. 15:**

Objection. This request is vague, ambiguous and not limited in time or scope. Reserving those objections, none.

**INTERROGATORY NO. 16:**

Please identify all changes made to the policies and practices calculation of inmate sentences, as relevant to inmate's sentenced to credit for time served from April 2018 to the present.

**RESPONSE TO INTERROGATORY NO. 16:**

Objection. This request is vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Reserving those objections, ever-changing legislative updates require changes to policies and practices. See attached documents.

**INTERROGATORY NO. 17:**

Please identify any discipline imposed, or training provided, after April 2018 to the present to any DOC employees regarding the calculation of inmate sentences who receive credit for time served.

**RESPONSE TO INTERROGATORY NO. 17:**

Objection. This request is vague, ambiguous and not reasonably calculated to lead to the

discovery of admissible evidence. Reserving those objections, I personally have not disciplined employees regarding failure to properly calculate a sentence.

Respectfully submitted,

**LIZ MURRIL
ATTORNEY GENERAL**

By:    s/Andrew Blanchfield
         Andrew Blanchfield, T.A. (#16812)
         Email: ablanchfield@keoghcox.com
         C. Reynolds LeBlanc (#33937)
         Email: rleblanc@keoghcox.com
         Chelsea A. Payne (#35952)
         Email: cpayne@keoghcox.com
         Special Assistant Attorneys General
         Post Office Box 1151
         Baton Rouge, Louisiana 70821
         Telephone:  (225) 383-3796
         Facsimile:  (225) 343-9612

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 27th day of August, 2025.

*/s/ Andrew Blanchfield*
Andrew Blanchfield

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ELLIS RAY HICKS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.: 3:19-cv-00108-SDD-RLB** |
| | * | |
| **LOUISIANA DEPARTMENT OF** | * | **JUDGE SHELLY D. DICK** |
| **PUBLIC SAFETY &** | * | |
| **CORRECTIONS, ET AL.** | * | **MAGISTRATE JUDGE** |
| | * | **RICHARD L. BOURGEOIS** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT SALLY GRYDER'S RESPONSES TO PLAINTIFF'S**
**FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

**NOW INTO COURT**, through undersigned counsel, comes defendant Sally Gryder, who respectfully responds to Plaintiff's *First Requests for Production of Documents* as follows:

**GENERAL OBJECTIONS & COMMENTS**

These objections apply to each and every response to the requests herein. All information provided in these responses is made without waiver of and subject to these objections:

1.      Defendants object to the requests to the extent they are vague, unclear, ambiguous, and/or confusing, especially those that use undefined terms.

2.      Defendants object to the discovery requests to the extent they seek documents or information that are already in the possession or control of the plaintiffs or plaintiffs' counsel, or that are equally available to the plaintiffs as they are to Defendants.

3.      Defendants object to any purported statement of facts or implications regarding those facts or characterizations of the facts, events, circumstances or issues in this litigation as described in the requests. Any response by Defendants is not intended to indicate agreement with any alleged factual statements by plaintiffs.

1

4.      Defendants reserve the right to supplement any responses herein as additional facts, documents and other information are obtained through discovery.

5.      Defendants object to the overbroad time frame indicated in these requests.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents you may use at the trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. This request is overbroad. Reserving those objections, see attached documents, as well as the documents previously produced.

**REQUEST FOR PRODUCTION NO. 2:**

All documents in your possession which refer or relate to Ellis Ray Hicks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. This request is overbroad. I am now retired and do not have documents in my possession. Reserving those objections, see attached documents, as well as the documents previously produced.

**REQUEST FOR PRODUCTION NO. 3:**

All documents contained in your personnel file with the DOC relating to performance evaluations, training, disciplinary action and/or reprimands, and commendations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. This request is overbroad, unduly burdensome and not likely to lead to the discovery of admissible information. Reserving those objections, see attached documents from 2013 to present, per the agreement between the parties.

Respectfully submitted,

**LIZ MURRIL**
**ATTORNEY GENERAL**

By:    <u>s/Andrew Blanchfield</u>
          Andrew Blanchfield, T.A. (#16812)
          Email: <u>ablanchfield@keoghcox.com</u>
          C. Reynolds LeBlanc (#33937)
          Email: <u>rleblanc@keoghcox.com</u>
          Chelsea A. Payne (#35952)
          Email: <u>cpayne@keoghcox.com</u>
          Special Assistant Attorneys General
          Post Office Box 1151
          Baton Rouge, Louisiana 70821
          Telephone:  (225) 383-3796
          Facsimile:  (225) 343-9612

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 27th day of August, 2025.

<u>/s/ Andrew Blanchfield</u>
Andrew Blanchfield

3

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELLIS RAY HICKS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.:  3:19-cv-00108-SDD-RLB** |
| | * | |
| **LOUISIANA DEPARTMENT OF** | * | **JUDGE SHELLY D. DICK** |
| **PUBLIC SAFETY &** | * | |
| **CORRECTIONS, ET AL.** | * | **MAGISTRATE JUDGE** |
| | * | **RICHARD L. BOURGEOIS** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT ANGELA GRIFFIN'S RESPONSES TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

**NOW INTO COURT**, through undersigned counsel, comes defendant Angela Griffin, who respectfully responds to Plaintiff's *First Set of Interrogatories* as follows:

## GENERAL OBJECTIONS & COMMENTS

These objections apply to each and every response to the requests herein. All information provided in these responses is made without waiver of and subject to these objections:

1.     Defendants object to the requests to the extent they are vague, unclear, ambiguous, and/or confusing, especially those that use undefined terms.

2.     Defendants object to the discovery requests to the extent they seek documents or information that are already in the possession or control of the plaintiffs or plaintiffs' counsel, or that are equally available to the plaintiffs as they are to Defendants.

3.     Defendants object to any purported statement of facts or implications regarding those facts or characterizations of the facts, events, circumstances or issues in this litigation as described in the requests.  Any response by Defendants is not intended to indicate agreement with any alleged factual statements by plaintiffs.

1

4.     Defendants reserve the right to supplement any responses herein as additional facts, documents and other information are obtained through discovery.

5.     Defendants object to the overbroad time frame indicated in these requests.


## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all persons you have communicated with, either verbally or in writing, regarding Ellis Ray Hicks' detention and/or release, and the dates of those communications. You may exclude communications with your counsel.

### RESPONSE TO INTERROGATORY NO. 1:

Objection. This request is vague and ambiguous. Reserving those objections, see email communications previously produced.

### INTERROGATORY NO. 2:

Describe your role in supervising time computations at the David Wade Correctional Center, including any training you provide to employees, circumstances in which review employees' computations, and steps you take to ensure sentences and release dates are calculated properly.

### RESPONSE TO INTERROGATORY NO. 2:

Objection. This request is vague, ambiguous and assumes facts not in evidence. Reserving those objections, I did not supervise David Wade's time computation section. I would always be available for questions if needed and provided legislative and/or policy updates to the managers there.

**INTERROGATORY NO. 3:**

Identify all steps (including the date and time of the step) you took to calculate Ellis Ray Hicks' jail credit and release date in April of 2018, , including what information you relied upon and what steps you took to ensure the information was accurate.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection. This request is vague, ambiguous and assumes facts not in evidence. Reserving those objections, I did not perform any time computation on Mr. Hicks. I reviewed the information that DPSC had, including the jail credit letter from Arkansas Department of Corrections, and determined that Hicks was awarded credits from Arkansas. I asked Mr. Lawson to check on other jail credit in Louisiana. Later that day, Lawson advised me that Faulkner County disclosed additional pretrial jail credits that were not initially included in the correspondence provided by Arkansas Department of Corrections.

**INTERROGATORY NO. 4:**

Identify all steps (including the date of the step) you took to determine and verify what time Ellis Ray Hicks' served in Arkansas.

**RESPONSE TO INTERROGATORY NO. 4:**

See objections and response to Interrogatory No 3.

**INTERROGATORY NO. 5:**

Explain why you on April 20, 2018, you permitted Sally Gryder to set Ellis Ray Hicks's release date for April 25, 2018, despite knowing he was due for immediate release on April 20, 2018.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection. This request is vague, ambiguous and assumes facts not in evidence. I did not

3

supervise Sally Gryder nor was I aware of what, if any, additional information or steps were required to release Hicks.

**INTERROGATORY NO. 6:**

Explain your understanding of how a judge's order affects the computation of an offender's sentence.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection. This request is vague, ambiguous and calls for a legal conclusion. Reserving those objections, the judge's order used in calculating a sentence.

**INTERROGATORY NO. 7:**

Identify every occasion on which you received information regarding Mr. Hicks's sentence and/or jail credit, including information about time served in Arkansas. Include the date, time, the substance of the information, and the source of the information.

**RESPONSE TO INTERROGATORY NO. 7:**

Objection. This request is vague, ambiguous and assumes facts not in evidence. Reserving those objections, I only became involved on April 20, 2018. See emails previously produced.

**INTERROGATORY NO. 8:**

Describe the procedure in effect in 2017 and 2018 for identifying and handling criminal defendants who are ordered to credit for time served by the sentencing judge, including the identification and handling of their release dates.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection. This request is vague and ambiguous such that it is difficult to respond to the request. Reserving those objections, see Time Computation Notes previously produced.

**INTERROGATORY NO. 9:**

Identify any policy or procedure for expediting the acquisition of an inmate's Bill of Information, when that document is necessary to determine the inmate's release date.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection. This request is vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Reserving those objections, the Bill of Information should be included in the pre-class packet, which is provided by the local facilities. Employees will request missing paperwork from the local facility at issue.

**INTERROGATORY NO. 10:**

Describe the procedure for releasing prisoners under DOC custody when it is determined that they have been held past their legal release date.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection. This request is vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Reserving those objections, offenders are cleared for release through the release clearing checklist.

**INTERROGATORY NO.11:**

Identify all software, from 2012 to the present, used by the DOC to calculate prisoner sentences and the dates those software programs were used.

**RESPONSE TO INTERROGATORY NO. 11:**

Objection. This request is vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Reserving those objections, CAJUN.

**INTERROGATORY NO. 10:**

Please identify every occasion on which you, or another DOC employee, refused to

following the sentencing order of a judge.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection. This request is vague, ambiguous and assumes facts not in evidence. Further objection is made to the extent the request seeks information of other, unknown employees. Reserving those objections, upon information and belief, none.

**INTERROGATORY NO.11:**

Please identify any time you have been disciplined in the course of your employment with the DOC and what you were disciplined for.

**RESPONSE TO INTERROGATORY NO. 11:**

I have not been disciplined.

**INTERROGATORY NO. 12:**

Please identify all training you have received on sentencing and processing releases while employed at the DOC and include the date, a description of the training, and duration of the training.

**RESPONSE TO INTERROGATORY NO. 12:**

Objection. This request is vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence and not limited in time or scope. I have been employed by DOC in pre-class since 1990s. When I was hired in the 1990s, I was initially training, including on the job training and one on one training. We had monthly training that the managers would pass down to employees. I have been involved in consistent training and updates since my employment with DPSC. See also training documents produced herein, which does not include one on one trainings or all staff meetings.

**INTERROGATORY NO. 13:**

Please identify any time when you have disciplined a DOC employee for failing to properly calculate a sentence or causing an inmate to be held past their release date from 2012 to the present.

**RESPONSE TO INTERROGATORY NO. 13:**

Objection. This request is vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Reserving those objections, I personally have not disciplined employees regarding failure to properly calculate a sentence.

**INTERROGATORY NO. 14:**

Please identify all changes made to the policies and practices calculation of inmate sentences, as relevant to inmate's sentenced to credit for time served from April 2018 to the present.

**RESPONSE TO INTERROGATORY NO. 14:**

Objection. This request is vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Reserving those objections, ever-changing legislative updates require changes to policies and practices. See attached documents.

**INTERROGATORY NO. 15:**

Please identify any discipline imposed, or training provided, after April 2018 to the present to any DOC employees regarding the calculation of inmate sentences who receive credit for time served.

**RESPONSE TO INTERROGATORY NO. 15:**

Objection. This request is vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Reserving those objections, I personally have not disciplined employees regarding failure to properly calculate a sentence.

Respectfully submitted,

**LIZ MURRIL**
**ATTORNEY GENERAL**

By:     s/Andrew Blanchfield       
         Andrew Blanchfield, T.A. (#16812)
         Email: ablanchfield@keoghcox.com
         C. Reynolds LeBlanc (#33937)
         Email: rleblanc@keoghcox.com
         Chelsea A. Payne (#35952)
         Email: cpayne@keoghcox.com
         Special Assistant Attorneys General
         Post Office Box 1151
         Baton Rouge, Louisiana 70821
         Telephone:  (225) 383-3796
         Facsimile:  (225) 343-9612

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 27th day of August, 2025.

*/s/ Andrew Blanchfield*
Andrew Blanchfield

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELLIS RAY HICKS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.:  3:19-cv-00108-SDD-RLB** |
| | * | |
| **LOUISIANA DEPARTMENT OF** | * | **JUDGE SHELLY D. DICK** |
| **PUBLIC SAFETY &** | * | |
| **CORRECTIONS, ET AL.** | * | **MAGISTRATE JUDGE** |
| | * | **RICHARD L. BOURGEOIS** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT ANGELA GRIFFIN'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**NOW INTO COURT**, through undersigned counsel, comes defendant Angela Griffin, who respectfully responds to Plaintiff's *First Requests for Production of Documents* as follows:

## GENERAL OBJECTIONS & COMMENTS

These objections apply to each and every response to the requests herein. All information provided in these responses is made without waiver of and subject to these objections:

1.     Defendants object to the requests to the extent they are vague, unclear, ambiguous, and/or confusing, especially those that use undefined terms.

2.     Defendants object to the discovery requests to the extent they seek documents or information that are already in the possession or control of the plaintiffs or plaintiffs' counsel, or that are equally available to the plaintiffs as they are to Defendants.

3.     Defendants object to any purported statement of facts or implications regarding those facts or characterizations of the facts, events, circumstances or issues in this litigation as described in the requests.  Any response by Defendants is not intended to indicate agreement with any alleged factual statements by plaintiffs.

1

4.      Defendants reserve the right to supplement any responses herein as additional facts, documents and other information are obtained through discovery.

5.      Defendants object to the overbroad time frame indicated in these requests.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents you may use at the trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. This request is overbroad. Reserving those objections, see attached documents, as well as the documents previously produced.

**REQUEST FOR PRODUCTION NO. 2:**

All documents in your possession which refer or relate to Ellis Ray Hicks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. This request is overbroad. I am now retired and do not have documents in my possession. Reserving those objections, see attached documents, as well as the documents previously produced.

**REQUEST FOR PRODUCTION NO. 3:**

All documents contained in your personnel file with the DOC relating to performance evaluations, training, disciplinary action and/or reprimands, and commendations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. This request is overbroad, unduly burdensome and not likely to lead to the discovery of admissible information. Reserving those objections, see attached documents from 2013 to present, per the agreement between the parties.

Respectfully submitted,

**LIZ MURRIL**
**ATTORNEY GENERAL**

By:     s/Andrew Blanchfield
            Andrew Blanchfield, T.A. (#16812)
            Email: ablanchfield@keoghcox.com
            C. Reynolds LeBlanc (#33937)
            Email: rleblanc@keoghcox.com
            Chelsea A. Payne (#35952)
            Email: cpayne@keoghcox.com
            Special Assistant Attorneys General
            Post Office Box 1151
            Baton Rouge, Louisiana 70821
            Telephone:  (225) 383-3796
            Facsimile:  (225) 343-9612

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 27th day of August, 2025.

*/s/ Andrew Blanchfield*
Andrew Blanchfield

3

| DOCUMENT | BEGINNING BATES NO. |
|---|---|
| Dibenedetto, Tracy_Redacted | 000001 |
| Griffin, Angela_Redacted | 000096 |
| Gryder, Sally_Redacted | 000192 |
| Lawson, Terrance_Redacted | 000261 |
| Regulations | 000341 |
| Angela Griffin Training Records | 000447 |
| Sally Gryder Training Records | 000465 |
| Terrance Lawson Training Records | 000482 |
| Tracy Dibenedetto Training Records | 000507 |
| Training Records from Legacy Training Records System 2013 to 2019 for Angela Griffin | 000512 |
| Training Records from Legacy Training Records System 2013 to 2019 for Sally Gryder | 000518 |
| Training Records from Legacy Training Records System 2013 to 2019 for Terrance Lawson | 000526 |
| Training Records from Legacy Training Records System 2013 to 2019 for Tracy Dibenedetto | 000532 |

**ENDING BATES NO.**

000095
000191
000260
000340
000446
000464
000481
000506
000511

000517

000525

000531

000537