UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELLIS RAY HICKS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.: 3:19-cv-00108-SDD-RLB** |
| | * | |
| **LOUISIANA DEPARTMENT OF** | * | **JUDGE SHELLY D. DICK** |
| **PUBLIC SAFETY &** | * | |
| **CORRECTIONS, ET AL.** | * | **MAGISTRATE JUDGE** |
| | * | **RICHARD L. BOURGEOIS** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW ADMISSIONS

NOW INTO COURT, through undersigned counsel, come defendants, State of Louisiana, through the Louisiana Department of Public Safety and Corrections, James Leblanc, Terry Lawson, Tracy DiBenedetto, Sally Gryder, and Angela Griffin who file this memorandum in support of their Motion to Withdraw Admissions pursuant to Federal Rule of Civil Procedure 36(b). The withdrawal of admissions promotes the presentation of the merits of the action. Additionally, Plaintiffs are not prejudiced by a withdrawal of admissions. Plaintiff will face no special difficulties because of withdrawal, as Plaintiff has yet to depose the Defendants.

**A. PROCEDURAL BACKGROUND**

On January 16, 2019, Plaintiff filed his petition in the 19th Judicial District Court in the State of Louisiana. R. Doc. 1-2. Plaintiff named the Louisiana Department of Public Safety and Corrections, James Leblanc, and Terry Lawson as defendants, bringing 42 U.S.C. § 1983 and Louisiana state law claims alleging overdetention. R. Doc. 1-2. On February 20, 2019, Defendants filed a notice of removal in the Middle District of Louisiana. R. Doc. 1. On August 8, 2019, defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c). R. Doc. 22. On May 21, 2020, proceedings were stayed in the instant case

1

pending appeal to the United States Fifth Circuit Court of Appeals. R. Doc. 55. On December, 3, 2020, proceedings were reopened. R. Doc. 58.

On June 21, 2021, Tracy DiBenedetto, Sally Gryder, and Angela Griffin were added as new defendants. R. Doc. 89, 89-1, 89-2. On August 5, 2021, defendants Tracy DiBenedetto, Sally Gryder, and Angela Griffin filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). R. Doc. 90. On August 27, 2021, discovery was issued to Tracy DiBenedetto, Sally Gryder, and Angela Griffin.[1]

On October 6, 2021, discovery was stayed in the instant case pending the Federal Rule of Civil Procedure 12(b)(6) motion to dismiss by newly added defendants. R. Doc. 113. On April 21, 2022, the instant case was stayed pending appeal. R. Doc. 125. On January 24, 2025, the United States Fifth Circuit Court of Appeals affirmed the denial of defendants' qualified immunity at the motion to dismiss stage. R. Doc 131. Following the denial of the Rule 12(b)(6) motion, current counsel for defendants filed a motion to substitute as counsel of record on February 10, 2025. R. Doc. 135.

The stay of proceedings was lifted on February 14, 2025. R.Doc. 137. The parties continued engaging in discovery. In preparation for the scheduled depositions of Tracy DiBenedetto, Sally Gryder, and Angela Griffin, on August 14, 2025, Plaintiff's counsel advised that discovery issued to those defendants in 2021 were not answered.[2] Plaintiff requested that the depositions be rescheduled so that responses could be provided.[3] Plaintiff's counsel advised that requests for admissions were deemed admitted by operation of Federal Rule of Civil Procedure 36.

---

[1] Exhibit 1-A, Plaintiff's First Set of Interrogatories, Request for Production and Request For Admissions to DiBenedetto, Gryder, and Griffin.
[2] Exhibit 1, August 14, 2025 email from William Most.
[3] Id.

On August 22, 2025, Defendants provided responses to the request for admissions, and advised that they would file a motion to withdraw admissions.[4] The depositions of Tracy DiBenedetto, Sally Gryder, and Angela Griffin were rescheduled to September 24, 25 and 26. Defendants provided responses to the outstanding interrogatories and request for production of documents on August 27, 2025.[5]

B. **LAW AND ARGUMENT**

1. **Legal Standard Governing Rule 36(b) Motions**

"[A] deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." *In re Carney*, 258 F.3d 415, 419 (5th Cir.2001). "In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: 1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case." *Bookter v. Hunter*, 2018 WL 6332832, at *2 (M.D. La. Dec. 4, 2018). Other circumstances that have been considered in determining whether the merits would be served by withdrawal of admissions include: 1) whether the admission is contrary to the record of the case, 2) whether the admission is no longer true because of changed circumstances, 3) whether a party has made an improvident admission through an honest error, or 4) the fault of the party seeking the withdrawal or its diligence in seeking the withdrawal. *Segraves v. City of Zachary*, No. CV 08-357-RET-SCR, 2010 WL 11537947, at *2 (M.D. La. Jan. 13, 2010)

---

[4] Exhibit 2, August 22, 2025 Email from Chelsea Payne; Exhibit 2-A, Responses to Request for Admissions.
[5] Exhibit 3, August 27, 2025 Email from Azure Risbrook; Exhibit 3-A, Responses to Request for Production and Interrogatories.

3

## 2. Withdrawal Would Serve the Presentation Of The Case On Its Merits

A court may permit the withdrawal of admissions if it would promote the presentation of the merits of the action. *Gauthe v. Mercer*, No. CV 15-26-BAJ-RLB, 2015 WL 5320651, at *3 (M.D. La. Sept. 11, 2015). In *Segraves v. City of Zachary*, 2010 WL 11537947 (M.D. La. Jan. 13, 2010), Defendants filed motions to withdraw deemed admissions. The requests for admissions were served on April 2, 2009. New counsel was enrolled on behalf of one defendant in August 2009 and the responses were submitted in October 2009. The remaining defendants responded to the requests for admissions in June 2009. Defendants argued that being allowed to withdraw and amend their responses will promote resolution of the case, while Plaintiffs argued that Defendants moved to withdraw the admissions a few weeks before the close of fact discovery and they would therefore be prejudiced by the withdraw.

This court found that Defendants demonstrated that he deemed admissions would negate their fundamental defenses and therefore merits of the case would be advanced by the presentation of the defendants' full defense. As to the issue of prejudice, the court found that plaintiffs had sufficient notice to engage in discovery necessary to support the contested facts where plaintiffs received the later responses several months before the discovery deadline.

The same reasoning applies here. The instant case involves actions under 42 U.S.C. § 1983 and Louisiana state law asserting that plaintiff's rights were violated when he was incarcerated two months past the time he was legally required to be released. R. Doc. 1-2. Discovery propounded by plaintiff requested defendants to admit: (1) they knew plaintiff was entitled to release; (2) various supervisory roles of defendants; and (2) defendants' specific involvement in the time computation process of plaintiff.[6] These deemed admissions involves the crux of the

---

[6] Exhibit 1-A.

4

matter in this litigation. Thus, a withdrawal of the admission would promote the presentation of the merits of the action. *See Bourque v. Travelers Ins. Co.,* 2009 WL 10679409 (M.D. La. Oct. 22, 2009)(Finding an admission involving the crux of the matter of the litigation sufficient to satisfy the requirement of promotion of the merits of the action).

As in *Seagraves*, deemed admissions in this case would not allow defendants to present a complete defense in the instant case. Further, the requests seek admissions regarding facts that are disputed by the evidence. For example, Sally Gryder was not in a supervisor role prior to August 2017, and therefore would not have supervised Plaintiff's initial time computations.[7] Further, Angela Griffin was not even aware of plaintiff's time computation or complaints until April 2018, yet the admissions deem her involvement as early as July 2017.[8] Because the admissions are contrary to the record of the case, this factor weighs in favor of allowing withdraw of the admissions.

The withdraw of admissions would promote the presentation of the merits of the case and the first factor is met.

### 3. Withdrawal Would Not Prejudice Plaintiff

A court may permit the withdrawal of admissions if it would not prejudice the party which obtained the admissions in its presentation of the case. *Bookter v. Hunter*, 2018 WL 6332832, at 2 (M.D. La. Dec. 4, 2018). "[C]ourts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Turner v. Dr. Miracles, Inc.*, No. 11-781, 2012 WL 12931103, at 2 (M.D. La. Nov. 15, 2012). Here, Plaintiff faces no special difficulties or sudden

---

[7] Exhibit 2-A, Responses to Request for Admissions; Exhibit 3-A, Responses to Request for Production and Interrogatories.
[8] Exhibit 2-A, Responses to Request for Admissions; Exhibit 3-A, Responses to Request for Production and Interrogatories.

need to obtain evidence upon withdrawal of the admission. Instead, responses to requests for admissions have been provided by Defendants to opposing counsel as of the and Plaintiff has yet to depose the Griffin, DiBenedetto or Gryder.[9]

Defendants assert that Plaintiff will not be prejudiced because opposing counsel was seemingly unaware of the outstanding discovery responses. Plaintiff's counsel was in the process of preparing for upcoming depositions of Griffin, DiBenedetto or Gryder it was discovered that the responses were outstanding.[10] Defendants' depositions were postponed, and the outstanding discovery responses were provided quickly. It does not appear that Plaintiff has relied on the facts established in the deemed admissions, and Plaintiff is set to depose these very defendants in two weeks. See *Segraves v. City of Zachary*, 2010 WL 11537947 (M.D. La. Jan. 13, 2010)(finding that even though defendant provided late responses to requests for admissions near the discovery deadline, plaintiffs were aware that the defendant was enrolling new counsel and that his responses would be submitted thereafter; therefore plaintiffs were unreasonable in relying only on any facts established in the deemed admissions).

"Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial." *Bookter v. Hunter*, No. CV 16-574-SDD-EWD, 2018 WL 6332832, at 3 (M.D. La. Dec. 4, 2018). Here, Defendants filed this motion shortly after it was discovered that the responses were outstanding. Defendants provided Plaintiff with responses and advised that they would file a motion to withdraw within a week of

---

[9] Exhibit 2-A, Responses to Request for Admissions.
[10] Exhibit 1.

being notified that the responses were deemed admitted.[11] Additionally, there is adequate time remaining for additional discovery as noted by Plaintiff's counsel.

## C. CONCLUSION

Defendants' motion to withdraw admissions should be granted because withdrawal of deemed admissions would promote the presentation of the merits of the action and withdrawal would not prejudice Plaintiff. Counsel for defendants were wholly unaware of outstanding discovery requests on the date they were informed that the requests for admissions were deemed admitted. If the admissions are deemed admitted, defendants would not be able to present a complete defense, as the deemed admissions involve the crux of the issue in the instant case. Lastly, Plaintiff is not prejudiced, as there is ample time for discovery and counsel for defendants were diligent in requesting the withdrawal of admissions. As such, defendants' motion to withdraw admissions should be granted.

Respectfully submitted,

**LIZ MURRILL**
**Attorney General**

By: s/ Andrew Blanchfield
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
C. Reynolds LeBlanc (#33937)
rleblanc@keoghcox.com
Chelsea A. Payne (#35952)
Email: cpayne@keoghcox.com
Special Assistant Attorneys General
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612
*(Counsel for Defendants)*

---

[11] Exhibit 2.

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 15th day of September, 2025.

s/Andrew Blanchfield<br>
ANDREW BLANCHFIELD