UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| ELLIS RAY HICKS | * | CIVIL ACTION |
| --- | --- | --- |
| VERSUS | * | NO.: 3:19-cv-00108-SDD-RLB |
| LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, ET AL. | * | JUDGE SHELLY D. DICK |
| | * | MAGISTRATE JUDGE RICHARD L. BOURGEOIS |

*****************************************************************************

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW ADMISSIONS

NOW INTO COURT, through undersigned counsel, come defendants, State of Louisiana, through the Louisiana Department of Public Safety and Corrections, James Leblanc, Terry Lawson, Tracy DiBenedetto, Sally Gryder, and Angela Griffin who file this reply memorandum in support of their Motion to Withdraw Admissions pursuant to Federal Rule of Civil Procedure 36(b).

As Plaintiff points out in his opposition, this case has endured multiple stays during the litigation. Since this case was reopened February 2025, the parties have been diligently engaging in discovery. In preparation for the depositions of the newly added Defendants, Griffin, Gryder and DiBenedetto, Plaintiffs noted that discovery issued prior to the stays were not responded to. New counsel worked diligently to respond to the outstanding discovery, including the requests for admissions, and accommodated the multiple requests to move the depositions of these Defendants. The withdrawal of admissions promotes the presentation of the merits of the action and further Plaintiff is not prejudiced by the withdraw.

Plaintiff admits that he has yet to depose the Defendants responding to the request for admissions, but also argues that he would be prejudiced by conducting discovery on the issues in the request for admissions. Plaintiffs unilaterally requested to reschedule the depositions of Griffin,

1

Gryder and DiBenedetto to October 23-25. As such, Plaintiffs are not prejudiced in deposing the defendants on the very requests at issue here.

Plaintiff's claim that he would be prejudiced in conducting discovery on the requests is belied by written discovery responses to date, the nature of the requests, and the scheduled depositions. Plaintiff asserts for example, that "Plaintiff would need to conduct discovery into whether by 'March 2017, [Ms. Gryder was] aware that Mr. Lawson did not credit Mr. Hicks with any time served in Arkansas." In her responses to Interrogatory No 3, which asked all steps she took to review the March 2017 time computation, Gryder responded that she did not become a supervisor until August 2017 and therefore would not have had in involvement in the March 2017 time computation. R.Doc. 142-6. In addition to the written discovery produced, Plaintiff is set to depose Gryder this month, and therefore has ample opportunity to conduct specific discovery of Gryder's involvement.

In another example, Plaintiff asserts that he will have to conduct discovery as to what Ms. Griffin instructed Mr. Gryder to do prior to April 25, 2018. Ms. Griffin responded in discovery that she had no involvement in Hicks' case until April 20, 2018, and also outlined her involvement, which is set forth in email communications previously produced. R.Doc. 142-6.

Plaintiff's argument that "such discovery would be fruitless" is contradicted by the direct discovery responses on these issues. Further, while it is expected that DPSC employees would not recall every detail of every time computation, defendants produced a narrative of each of Hick's time computation, who performed each step, and the reason that a new time computation was performed. Again, Plaintiff has ample opportunity to question Griffin, DiBenedetto and Gryder at their upcoming depositions.

Lastly, Plaintiff argument that the responses are deficient and therefore the motion to withdraw should be denied is misplaced. Plaintiff uses an example of DiBenedetto's' response to RFA No. 7. As can be more fully explored at DiBenedetto' upcoming deposition, this request was denied as written because of the <u>wording of the request</u>. While DiBenedetto would admit that there is no email response, she may have spoken with Mr. Lawson on the phone about the email, as that was something she would often do. The denied as written is only in response to the wording of the request.

Further, while Plaintiff asserts that the responses are "contrary to the record," this is untrue. Because of the wording of some of the requests for admissions, Defendants are required to deny them. For example, the requests state that the court order "specified that he was to be credited for all time served, including in the State of Arkansas, with no additional criteria imposed." Defendants could admit that the sentencing order specified "credit for time served, including in the state of Arkansas." However, Plaintiffs adds to the request "with no additional criteria imposed." That is the portion of the request that Defendant cannot admit to. The reasoning of the denial can be explored in the upcoming depositions.

As outlined in the motion, failure to withdraw the admissions will result in admitted facts that are contrary to the record. Plaintiffs are set to depose Griffin, Gryder and DiBenedetto and therefore is not prejudiced by obtaining discovery on the requests submitted to Griffin, Gryder and DiBenedetto. As such, the motion to withdraw admissions should be granted because withdraw of admissions would promote the presentation of the merits of the case and Plaintiff is not prejudiced.

Respectfully submitted,

**LIZ MURRILL**
**Attorney General**

By: s/ Andrew Blanchfield
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
C. Reynolds LeBlanc (#33937)
Email: rleblanc@keoghcox.com
Chelsea A. Payne (#35952)
Email: cpayne@keoghcox.com
Special Assistant Attorneys General
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612
*(Counsel for Defendants)*

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 3rd day of October, 2025.

    s/Andrew Blanchfield
ANDREW BLANCHFIELD