UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ELLIS RAY HICKS**                                             **CIVIL ACTION**

**VERSUS**                                                              **NO. 19-108-SDD-RLB**

**LOUISIANA DEPARTMENT OF**
**PUBLIC SAFETY AND CORRECTIONS, ET AL.**

## ORDER

This matter is before the Court on Plaintiff's Motion to Appoint Counsel filed on October 31, 2025. (R. Doc. 157).

**I.    Background**

On or about December 10, 2018, Ellis Ray Hicks ("Plaintiff"), initiated this civil rights action for recovery pursuant to 42 U.S.C. § 1983 and Louisiana state law for the alleged unlawful detainment of him for sixty days beyond the date of his legal release. (R. Doc. 1-2; *see* R. Doc. 83). The action was removed on February 20, 2019. (R. Doc. 22).

After removal, the district judge ruled on various Rule 12 motions and the action faced various stays in light of asserted qualified immunity defenses and appeals of the district judge's rulings. (*See* R. Docs. 47, 55, 58, 113, 120, 125).

The final stay was lifted on February 14, 2025. (R. Doc. 137). After the stay was lifted, the undersigned set new deadlines in this action, including the deadline to complete non-expert discovery by October 24, 2025, the deadline to file dispositive motions on March 6, 2026, and trial to commence on September 21, 2026. (R. Doc. 141).

Plaintiff has been represented by the same counsel for over six years. On October 29, 2025, the Court allowed Plaintiff's counsel to withdraw from this action on the basis that

"plaintiff terminated their representation and indicated he intends to proceed pro se." (R. Doc. 155; *see* R. Doc. 153).

Immediately after Plaintiff's counsel of record was allowed to withdraw, Plaintiff filed the instant motion providing the following: "Attorney Most and me have had a [misunderstanding] about my case and Most has quit being my lawyer. I need to have a lawyer to help me [through] this case." (R. Doc. 157).

## II.     Law and Analysis

"[T]he appointment of counsel in a civil case is a privilege and not a constitutional right." *Lopez v. Reyes,* 692 F.2d 15, 17 (5th Cir. 1982). When a plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915, the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Under § 1915(e)(1), the party must demonstrate "exceptional circumstances" to justify the court appointing counsel to represent her. *Butler v. Cole*, 93 Fed. App'x 600 (5th Cir. 2004). When determining whether a request for appointment of counsel should be granted, the court considers the following factors: (1) the party's financial ability to retain counsel, (2) the efforts made by the party to obtain counsel, and (3) the merits of the claims or defenses. *See Burton v. Texas Parks and Wildlife Dept.*, No. 09-298, 2009 WL 1231768, *3 (W.D. Tex. May 1, 2009) (citing *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990)). Courts also consider the party's ability under the circumstances of the case to present the case without the assistance of counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (identifying the following four factors for consideration: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the

presentation of evidence in cross examination.") (citations omitted). The decision whether to appoint counsel rests within the sound discretion of the trial court. *Gonzales*, 907 F.2d at 579.

This action was removed by the Defendants, who paid the filing fee. Plaintiff is, therefore, not proceeding in forma pauperis. Plaintiff has not otherwise presented any evidence that he is indigent and does not have the financial ability to retain counsel.

Plaintiff has been represented by counsel in this action for over six years. In seeking withdrawal, Plaintiff's counsel specifically informed the Court that "on October 10, 2025, Plaintiff Ellis Ray Hicks terminated the representation of his counsel and expressed his intent to proceed *pro se*." (R. Doc. 153 at 1). Based on the foregoing, the Court allowed Plaintiff's counsel to withdraw and for Plaintiff to proceed without counsel. (R. Doc. 155).

At any rate, Plaintiff makes no attempt to identify the efforts he has made to obtain new counsel in this action since his prior counsel withdrew in this action. To the extent that Plaintiff asserts that he has a limited knowledge of the law, this is true of nearly every pro se litigant. For this reason, pro se pleadings are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

In sum, Plaintiff has not demonstrated any "exceptional circumstances" that merit the appointment of counsel in this action.

Finally, the Court again notes that this action has been litigated for over six years. Plaintiff was represented by counsel when the non-expert discovery in this action closed. Based on the information set forth in the instant motion, the Court does not find good cause for reopening that deadline or otherwise modifying the Scheduling Order (R. Doc. 141) in this action. *See* Fed. R. Civ. P. 16(b)(4). The Court is aware, however, that certain outstanding depositions appeared to be scheduled for October 23-25, 2025. (*See* R. Doc. 150 at 8; R. Doc.

149 at 2). These depositions should have taken place before the withdrawal of Plaintiff's counsel on October 29, 2025. (*See* R. Doc. 155). To the extent these depositions remain outstanding, the parties are to meet-and-confer and take appropriate action.

### III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** Plaintiff's Motion to Appoint Counsel (R. Doc. 157) is **DENIED**.

Signed in Baton Rouge, Louisiana, on November 5, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**