UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ELLIS RAY HICKS**                                                      **CIVIL ACTION**

**VERSUS**                                                                     **NO. 19-108-SDD-RLB**

**LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS, ET AL.**

**ORDER**

This matter is before the Court on Plaintiff's Omnibus Emergency Motion for Court Appointment of Legal Counsel & Other Issues ("Second Motion to Appoint Counsel") (R. Doc. 160), Motion to Proceed In Forma Pauperis (R. Doc. 161), and "Ombibus Motion" (R. Doc. 162).

**I.    Background**

On or about December 10, 2018, Ellis Ray Hicks ("Plaintiff"), initiated this civil rights action for recovery pursuant to 42 U.S.C. § 1983 and Louisiana state law for the alleged unlawful detainment of him for sixty days beyond the date of his legal release. (R. Doc. 1-2; *see* R. Doc. 83). The action was removed on February 20, 2019. (R. Doc. 22).

After removal, the district judge ruled on various Rule 12 motions and the action faced various stays in light of asserted qualified immunity defenses and appeals of the district judge's rulings. (*See* R. Docs. 47, 55, 58, 113, 120, 125).

The final stay was lifted on February 14, 2025. (R. Doc. 137). After the stay was lifted, the undersigned set new deadlines in this action, including the deadline to complete non-expert discovery by October 24, 2025, the deadline to file dispositive motions on March 6, 2026, and trial to commence on September 21, 2026. (R. Doc. 141).

Plaintiff has been represented by the same counsel for over six years. On October 29, 2025, the Court allowed Plaintiff's counsel to withdraw from this action on the basis that "plaintiff terminated their representation and indicated he intends to proceed pro se." (R. Doc. 155; *see* R. Doc. 153).

Immediately after Plaintiff's counsel of record was allowed to withdraw, Plaintiff filed his first Motion to Appoint Counsel providing the following: "Attorney Most and me have had a [misunderstanding] about my case and Most has quit being my lawyer. I need to have a lawyer to help me [through] this case." (R. Doc. 157). The Court denied the motion. (R. Doc. 158).

Plaintiff filed the instant motions on November 18-19, 2025, which collectively seek to assert that Plaintiff cannot afford counsel and would like counsel to be appointed. (R. Docs. 160, 161, 162). While the Court will allow Plaintiff to proceed in forma pauperis to the extent applicable for the remainder of this action, the Court finds no basis for appointing counsel to represent Plaintiff.

**II.    Law and Analysis**

"[T]he appointment of counsel in a civil case is a privilege and not a constitutional right." *Lopez v. Reyes,* 692 F.2d 15, 17 (5th Cir. 1982). When a plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915, the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Under § 1915(e)(1), the party must demonstrate "exceptional circumstances" to justify the court appointing counsel to represent her. *Butler v. Cole*, 93 Fed. App'x 600 (5th Cir. 2004). When determining whether a request for appointment of counsel should be granted, the court considers the following factors: (1) the party's financial ability to retain counsel, (2) the efforts made by the party to obtain counsel, and (3) the merits of the claims or defenses. *See Burton v. Texas Parks and Wildlife Dept.*, No. 09-

298, 2009 WL 1231768, *3 (W.D. Tex. May 1, 2009) (citing *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990)). Courts also consider the party's ability under the circumstances of the case to present the case without the assistance of counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (identifying the following four factors for consideration: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence in cross examination.") (citations omitted). The decision whether to appoint counsel rests within the sound discretion of the trial court. *Gonzales*, 907 F.2d at 579.

This action was removed by the Defendants, who paid the filing fee. Accordingly, while Plaintiff is proceeding *pro se*, he will not be subject to any filing fees while this action is pending. It appears that Plaintiff has submitted his Motion to Proceed In Forma Pauperis for the sole purpose of establishing that he is indigent and does not have the financial ability to retain counsel. Having reviewed this motion, the Court will allow Plaintiff to proceeding in forma pauperis for the remainder of this action.

That said, Plaintiff has been represented by counsel in this action for over six years. In seeking withdrawal, Plaintiff's counsel specifically informed the Court that "on October 10, 2025, Plaintiff Ellis Ray Hicks terminated the representation of his counsel and expressed his intent to proceed *pro se*." (R. Doc. 153 at 1). Based on the foregoing, the Court allowed Plaintiff's counsel to withdraw and for Plaintiff to proceed without counsel. (R. Doc. 155).

While Plaintiff has established that he lacks the financial ability to retain counsel on an hourly basis, he has not set forth any efforts he has made to obtain new counsel since his prior counsel withdrew. Among other things, Plaintiff has not demonstrated that an attorney will not

3

represent him in this action on a contingency fee basis. Plaintiff merely states, in conclusory fashion, that he "can not find an Attorney to litigate the complexity of this case, nor does the Plaintiff have the knowledge to do so himself." (R. Doc. 160 at 3). Plaintiff has not presented any specific efforts made to locate and retain new counsel.

Plaintiff now represents that his prior attorney "is an excellent legal advocate" and "top notch" and that the termination of his attorney-client relationship with his prior counsel was a result of a "misunderstanding." (R. Doc. 160 at 3; R. Doc. 162 at 3). Plaintiff may attempt to reestablish an attorney-client relationship with his former counsel. The Court will not, however, require his former counsel to represent Plaintiff in this action.

Finally, as stated in the Court's previous order denying the appointment of counsel, to the extent that Plaintiff asserts that he has a limited knowledge of the law, this is true of nearly every pro se litigant. For this reason, pro se pleadings are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff has shown in a recent filing that he understands the claims in his action and can proceed with litigating those claims. (*See* R. Doc. 162 at 3-7).

In sum, Plaintiff has not demonstrated any "exceptional circumstances" that merit the appointment of counsel in this action.

The Court recognizes, however, that Plaintiff is located in Hot Springs, Arkansas. To ensure that Plaintiff receives any Court docket entries and any other filings in this matter immediately upon docketing, Plaintiff may submit a Pro Se E-Service & E-Notice Consent Form. The Court does not, however, allow pro se litigants to electronically file documents in a civil action as a matter of course. Plaintiff has already demonstrated that he has been able to submit documents, by mail, directly to the Clerk's office for filing and docketing without

issue. While not as quick as e-filing, this process allows the Clerk's office to review such filings before they are made, and ensure that they are docketed properly, linked where appropriate, and otherwise comply with the rules of this Court.

Plaintiff informs the Court that he has downloaded the Zoom app. (*See* R. Doc. 162 at 1-2). While the Court may hold hearings and conferences by telephone or videoconference, the Court may require personal attendance for certain hearings. The Court will, however, consider Plaintiff's location when setting hearings and conferences. Plaintiff will be required to appear in person for trial, if any.

Plaintiff appears to also seek an order reopening non-expert discovery. (*See* R. Doc. 162 at 2-3). Plaintiff's counsel withdrew after the close of non-expert discovery. Plaintiff does not identify any discovery that was not completed by counsel prior to the non-expert discovery deadline. As stated in the Court's previous order, the parties are to meet-and-confer and take appropriate action to the extent agreed-upon depositions scheduled for October 23-25, 2025 remain outstanding. (*See* R. Doc. 159 at 3-4). Plaintiff has not identified any outstanding depositions in his instant motion or attempts to contact defense counsel regarding outstanding motions. In short, Plaintiff has not otherwise set forth good cause to reopen non-expert discovery. *See* Fed. R. Civ. P. 16(b)(4).

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Proceed In Forma Pauperis (R. Doc. 161) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Omnibus Emergency Motion for Court Appointment of Legal Counsel & Other Issues (R. Doc. 160) and Omnibus Motion (R. Doc. 162) are **DENIED**.

Signed in Baton Rouge, Louisiana, on November 21, 2025.

                                             **RICHARD L. BOURGEOIS, JR.**
                                             **UNITED STATES MAGISTRATE JUDGE**