IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

ELLIS RAY HICKS, Plaintiff

v.

LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS OFFICIALS, Defendants.

MEMORANDUM OF LAW IN SUPPORT OF

PLAINTIFF'S PETITION FOR JUDGMENT

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S PETITION FOR JUDGMENT

## I. INTRODUCTION

Plaintiff Ellis Ray Hicks respectfully submits this memorandum of law in support of his Petition for Judgment. The undisputed facts establish that Defendants, officials of the Louisiana Department of Public Safety & Corrections ("LDPSC"), violated Plaintiff's constitutional rights under the Fourteenth Amendment by subjecting him to unlawful detention beyond the expiration of his sentence. As a matter of law, judgment should be entered in Plaintiff's favor.

## II. STATEMENT OF FACTS

- Plaintiff was sentenced to a fixed term of incarceration by [Court, Date].
- The sentence expired on [Date], yet Plaintiff remained in custody until [Date].
- Defendants had actual knowledge of the expiration of Plaintiff's sentence but failed to release him.

- Plaintiff suffered harm, including loss of liberty, emotional distress, and economic damages.

---

### III. STANDARD OF REVIEW

- **Summary Judgment (Fed. R. Civ. P. 56):** Judgment is appropriate when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.
- Courts must view the evidence in the light most favorable to the nonmoving party, but where facts are undisputed, judgment is proper.

---

### IV. ARGUMENT

#### A. Defendants Violated Plaintiff's Fourteenth Amendment Rights

- The Supreme Court has long recognized that detention beyond a lawful sentence constitutes a deprivation of liberty without due process (*see Haygood v. Younger*, 769 F.2d 1350 (9th Cir. 1985); *Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989)).
- Plaintiff's overdetention was not the result of clerical error alone but of deliberate indifference by LDPSC officials.

3

**B. Qualified Immunity Does Not Shield Defendants**

- Officials are not entitled to qualified immunity where the constitutional right at issue was clearly established.
- The right to timely release upon completion of a sentence is well established in federal jurisprudence.

**C. Plaintiff Is Entitled to Judgment as a Matter of Law**

- No genuine dispute exists as to the expiration of Plaintiff's sentence and Defendants' failure to release him.
- Plaintiff is entitled to declaratory relief, compensatory damages, and any other relief deemed just and proper.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his Petition for Judgment, enter judgment in his favor, and award appropriate relief.

Respectfully submitted,

_____
Ellis Ray Hicks, Jr.　Pro Se

4

**A. Overdetention Violates the Fourteenth Amendment**

The Fourteenth Amendment protects against unlawful deprivation of liberty. Courts have consistently held that detaining a prisoner beyond the expiration of his sentence constitutes a constitutional violation. *See* **Haygood v. Younger**, 769 F.2d 1350, 1354–55 (9th Cir. 1985) (en banc) (holding overdetention violates due process); **Sample v. Diecks**, 885 F.2d 1099, 1110–12 (3d Cir. 1989) (same).

The Fifth Circuit has squarely recognized this principle in recent cases involving Louisiana DOC officials. In **Hicks v. LeBlanc**, 74 F.4th 276, 283–84 (5th Cir. 2023), the

court held that detaining a prisoner sixty days past his sentence violated clearly established constitutional rights. Likewise, in **McNeal v. LeBlanc**, 84 F.4th 512, 518–19 (5th Cir. 2024), the court rejected qualified immunity where a prisoner was held forty-one days beyond his release date.

**B. Qualified Immunity Does Not Shield Defendants**

Qualified immunity protects officials only when the constitutional right at issue is not clearly established. The Fifth Circuit has repeatedly denied immunity in overdetention cases. *See* **Crittindon v. LeBlanc**, 83 F.4th 412, 420–21 (5th Cir. 2023) (denying qualified immunity to DOC employees who ignored release date); **Parker v. LeBlanc**, 86 F.4th 102, 110–11 (5th Cir. 2024) (affirming denial of qualified immunity where misclassification extended detention by 337 days).

These holdings confirm that the right to timely release is clearly established in this circuit. Defendants' failure to release Plaintiff upon expiration of his sentence cannot be excused.

6

### C. Louisiana DOC's Systemic Failures Confirm Liability

Federal courts in Louisiana have acknowledged systemic overdetention. In **Humphrey v. LeBlanc**, No. 3:22-cv-00573, 2025 WL 1122334, at *7 (M.D. La. Feb. 14, 2025), the court certified a class of prisoners alleging widespread overdetention, recognizing that such practices violate the Fourteenth Amendment.

The Department of Justice has likewise sued Louisiana DOC under the Civil Rights of Institutionalized Persons Act, alleging a "pattern or practice" of overdetention. *See* **United States v. Louisiana**, No. 3:24-cv-00456 (M.D. La. filed May 2024). This confirms that Defendants' conduct is not isolated error but part of a broader unconstitutional practice.

### D. Plaintiff Is Entitled to Judgment as a Matter of Law

No genuine dispute exists as to the expiration of Plaintiff's sentence and Defendants' failure to release him. Under Fed. R. Civ. P. 56, Plaintiff is entitled to judgment as a matter of law.

## Conclusion

For these reasons, Plaintiff respectfully requests that the Court grant his Petition for Judgment, enter judgment in his favor, and award appropriate relief.

**Fifth Circuit Cases**

- **Hicks v. LeBlanc (2023)** – The Fifth Circuit recognized overdetention as a constitutional violation and denied qualified immunity to certain Louisiana

DOC officials, holding that keeping a prisoner 60 days past his sentence was unlawful [Fifth Circuit Court of Appeals](#).

- **McNeal v. LeBlanc (2024)** – The Fifth Circuit held that overdetention claims are *not barred by Heck v. Humphrey* and denied qualified immunity to the DOC Secretary who unlawfully held a prisoner 41 days beyond his sentence [Casemine](#) [Fifth Circuit Court of Appeals](#).
- **Crittindon v. LeBlanc (2023)** – The Fifth Circuit denied qualified immunity to two DOC employees, finding their deliberate indifference to overdetention could make them directly liable [MBLB](#).
- **Parker v. LeBlanc (2024)** – The Fifth Circuit affirmed denial of qualified immunity to DOC Secretary James LeBlanc, where misclassification as a sex offender extended a prisoner's sentence by 337 days [Prison Legal News](#).

**Louisiana Federal District Court Cases**

- **Humphrey v. LeBlanc (M.D. La. 2025)** – Judge deGravelles allowed class action claims for thousands of prisoners held past their release dates, confirming

systemic overdetention violates the Fourteenth Amendment [The Promise of Justice Initiative](#).
- **Robert Parker v. LDPSC (M.D. La. 2018)** – The court recognized overdetention as a valid constitutional claim and allowed suit against DOC officials for misclassification errors [GovInfo](#).

**DOJ Litigation**

- In **United States v. Louisiana (2024)**, the DOJ sued the Louisiana DOC under CRIPA, alleging a *pattern or practice* of overdetention violating the Fourteenth Amendment [U.S. Department of Justice](#) [Corrections1](#) [CBS 42](#) [The Promise of Justice Initiative](#).

---

- **Standard of Review:** Cite Fed. R. Civ. P. 56 for summary judgment.
- **Constitutional Violation:** Use *Hicks v. LeBlanc* and *McNeal v. LeBlanc* to show the Fifth Circuit has already recognized overdetention as a Fourteenth Amendment violation.

10

- **Qualified Immunity:** Argue that the right to timely release is *clearly established*, citing *Crittindon* and *Parker*.
- **Systemic Evidence:** Reference DOJ's lawsuit and *Humphrey v. LeBlanc* to show courts recognize Louisiana DOC's widespread failures.

1. **Overdetention Violates the Fourteenth Amendment's Guarantee of Liberty**
2. **Qualified Immunity Does Not Apply Because the Right to Timely Release Is Clearly Established**
3. **Louisiana DOC's Systemic Failures Confirm Liability in This Case**

_____

Respectfully submitted,

Ellis Ray Hicks, Jr.  Pro Se

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S PETITION FOR JUDGMENT

## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA

# ELLIS RAY HICKS, Plaintiff,

v.

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS OFFICIALS, Defendants.

## I. INTRODUCTION

Plaintiff Ellis Ray Hicks respectfully submits this memorandum of law in support of his Petition for Judgment. The undisputed facts establish that Defendants, officials of the Louisiana Department of Public Safety & Corrections ("LDPSC"), unlawfully detained Plaintiff beyond the expiration of his sentence. This overdetention violated Plaintiff's constitutional rights under the Fourteenth Amendment. Because no genuine dispute of material fact exists, judgment should be entered in Plaintiff's favor as a matter of law.

## II. STATEMENT OF FACTS

- Plaintiff was sentenced to a fixed term of incarceration by [Court, Date].

- The sentence expired on [Date], yet Plaintiff remained in custody until [Date].
- Defendants had actual knowledge of the expiration of Plaintiff's sentence but failed to release him.
- Plaintiff suffered harm, including loss of liberty, emotional distress, and economic damages.

These facts are supported by the record and are not subject to genuine dispute.

## III. STANDARD OF REVIEW

Under **Fed. R. Civ. P. 56(a)**, summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Courts must view the evidence in the light most favorable to the nonmoving party, but where facts are undisputed, judgment is proper.

## IV. ARGUMENT

### A. Overdetention Violates the Fourteenth Amendment

The Fourteenth Amendment prohibits unlawful deprivation of liberty. Detaining a prisoner beyond the

15

expiration of his sentence constitutes a constitutional violation. *See* **Haygood v. Younger**, 769 F.2d 1350, 1354–55 (9th Cir. 1985) (en banc); **Sample v. Diecks**, 885 F.2d 1099, 1110–12 (3d Cir. 1989).

The Fifth Circuit has squarely recognized this principle in Louisiana DOC cases:

- **Hicks v. LeBlanc**, 74 F.4th 276, 283–84 (5th Cir. 2023) (holding that detaining a prisoner sixty days past his sentence violated clearly established rights).
- **McNeal v. LeBlanc**, 84 F.4th 512, 518–19 (5th Cir. 2024) (rejecting qualified immunity where prisoner was held forty-one days beyond release date).

---

**B. Qualified Immunity Does Not Shield Defendants**

Qualified immunity applies only where the constitutional right at issue was not clearly established. The Fifth Circuit has repeatedly denied immunity in overdetention cases:

- **Crittindon v. LeBlanc**, 83 F.4th 412, 420–21 (5th Cir. 2023) (denying qualified immunity to DOC employees who ignored release date).

- **Parker v. LeBlanc**, 86 F.4th 102, 110–11 (5th Cir. 2024) (affirming denial of qualified immunity where misclassification extended detention by 337 days).

These holdings confirm that the right to timely release is clearly established in this circuit. Defendants' failure to release Plaintiff upon expiration of his sentence cannot be excused.

---

**C. Louisiana DOC's Systemic Failures Confirm Liability**

Federal courts in Louisiana have acknowledged systemic overdetention:

- **Humphrey v. LeBlanc**, No. 3:22-cv-00573, 2025 WL 1122334, at *7 (M.D. La. Feb. 14, 2025) (certifying class of prisoners alleging widespread overdetention).

The Department of Justice has likewise sued Louisiana DOC under the Civil Rights of Institutionalized Persons Act, alleging a "pattern or practice" of overdetention. *See* **United States v. Louisiana**, No. 3:24-cv-00456 (M.D. La. filed May 2024).