# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA

**ELLIS RAY HICKS, JR.,** Plaintiff,

**v.**                    **Case No. 3:19-cv-00108-SDD-RLB**

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL.,** Defendants.

---

# PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, MOTION TO STRIKE, AND FOR SANCTIONS DUE TO OBSTRUCTION OF JUSTICE AND FRAUD UPON THE COURT

---

Plaintiff, Ellis Ray Hicks, Jr., moves this Court for Summary Judgment on the issue of liability, to Strike Defendants' latest filing, and for Sanctions against Defendants and their counsel, Keogh Cox.

## I. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On January 3, 2017, Judge Clason of the **Claiborne Parish** District Court issued a sentencing order (4 years hard labor) granting Plaintiff credit for all time served in Louisiana and Arkansas (pretrial and DOC).

4

2. Despite repeated clarifications from the sentencing court, Louisiana DPSC officials, including Computation Officer Terry Lawson, refused to apply the mandated credits.

3. For eight years, defense counsel **Andrew Blanchfield** and **Chelsea Payne** of **Keogh Cox** have maintained that no over-detention occurred.

4. In a recent motion—which was never served upon the Plaintiff in violation of FRCP 5—Defendants shifted their narrative to admit over-detention while baselessly shifting blame to the State of Arkansas.

5. Plaintiff has filed a separate action under 42 U.S.C. § 1983 against Keogh Cox, Blanchfield, and Payne for their roles in this ongoing constitutional deprivation.

## II. ARGUMENT

**A. Judicial Estoppel and the "Sham Defense."** The Defendants' sudden "Arkansas Defense" after eight years of blanket denials is a sham designed to avoid judgment. This reversal constitutes a judicial admission that Plaintiff was indeed over-detained. Under the doctrine of judicial estoppel, this Court should hold Defendants to their new admission of over-detention but reject their attempt to blame a third party in defiance of Judge Clason's Claiborne Parish order.

**B. Obstruction of Justice and RICO Implications.** The conduct of Keogh Cox represents more than aggressive advocacy; it is a pattern of obstruction. By intentionally withholding service of critical motions from a pro se Plaintiff and perpetually extending litigation to collect substantial fees from the State (allegedly $450/hour), counsel has committed fraud upon the court. This behavior falls within the racketeering patterns addressed by the RICO Act, as it involves the systematic exploitation of the legal process to deprive Plaintiff of his liberty and the State of its resources.

**C. Request for Sanctions and Striking of Filings.** Pursuant to FRCP 5 and 37, and the Court's inherent power to police misconduct, the latest unserved motion must be stricken. Furthermore, as there is no genuine dispute that a

5

sentencing order exists and that DPSC refused to follow it, Summary Judgment is mandatory.

**III. CONCLUSION** The defense has conceded the over-detention. Their attempt to blame Arkansas is legally moot given Judge Clason's specific mandate. Plaintiff respectfully requests Summary Judgment and an evidentiary hearing (PER ZOOM) on the sanctions and obstruction charges.

Respectfully submitted,

Ellis Ray Hicks, Jr.,

 Plaintiff Pro Se
501-293-1798
615 PARK AVE. SUITE B
HOT SPRINGS, AR. 71901
hickshicksandhickslaw@gmail.com

# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA

**ELLIS RAY HICKS, JR.,** Plaintiff,

**v. Case No. 3:19-cv-00108-SDD-RLB**

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL.,** Defendants.

---

## PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

---

Plaintiff, Ellis Ray Hicks, Jr., moves this Court pursuant to Federal Rule of Evidence 201 to take judicial notice of the following public record:

**1. The Sentencing Order of the Second Judicial District Court, Claiborne Parish, Louisiana, dated January 3, 2017, in Case No. 26043.**

In this order/transcript, Judge Clason sentenced Plaintiff to four years at hard labor and explicitly ordered that Plaintiff be granted credit for all time served in the State of Louisiana and the State of Arkansas (both pretrial and Department of Corrections).

**MEMORANDUM IN SUPPORT**

Under FRE 201(b)(2), a court may judicially notice a fact that is "not subject to reasonable dispute because it... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." It is well-settled that federal courts may take judicial notice of state court records

7

and proceedings. *See Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 407 (5th Cir. 2004).

The Claiborne Parish sentencing order is a matter of public record. It is dispositive of the central issue in the pending Motion for Summary Judgment: the Defendants' legal obligation to apply Arkansas time credits to Plaintiff's sentence. Judicial notice of this order will streamline the proceedings and prevent the Defendants from continuing to mischaracterize the legal basis for Plaintiff's term of incarceration.

**WHEREFORE**, Plaintiff respectfully requests that the Court take judicial notice of the January 3, 2017 Order and all subsequent clarifications issued by the Second Judicial District Court.

Respectfully submitted,

Ellis Ray Hicks, Jr.,
Plaintiff Pro Se
501-293-1798
615 PARK AVE. SUITE B
HOT SPRINGS, AR. 71901
hickshicksandhickslaw@gmail.com

8