# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ELLIS RAY HICKS**                                                          **CIVIL ACTION**

**VERSUS**                                                                          **19-108-SDD-RLB**

**LOUISIANA DEPARTMENT OF**
**PUBLIC SAFETY AND CORRECTIONS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 28, 2026.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

ELLIS RAY HICKS                                          CIVIL ACTION

VERSUS                                                  19-108-SDD-RLB

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Petition for Judgment (R. Docs. 164, 169). The motion is

opposed. (R. Docs. 166, 171). Plaintiff filed a reply memorandum. (R. Docs. 172).[1]

Also before the Court is Plaintiff's Motion for Summary Judgment on Damages (R. Doc.

168). The motion is opposed. (R. Doc. 170).

**I.      Background**

On or about December 10, 2018, Ellis Ray Hicks ("Plaintiff"), initiated this civil rights

action for recovery pursuant to 42 U.S.C. § 1983 and Louisiana state law for his alleged unlawful

detainment for sixty days beyond the date of his legal release. (R. Doc. 1-2; *see* R. Doc. 83). In

his initial pleading, Plaintiff sued the Louisiana Department of Public Safety and Corrections

("DPSC"), James LeBlanc, and Terry Lawson, asserting violation of the First and Fourteenth

Amendment of the U.S. Constitution, *Monell* claim for failure to train/supervise, and negligence,

false imprisonment, and violation of the Louisiana Constitution.

The original Defendants removed the action on February 20, 2019, asserting federal

question jurisdiction pursuant to 28 U.S.C. § 1331. (R. Doc. 1). In his Second Amended

---

[1] It appears that Plaintiff refiled this document again in the course of seeking conduct a settlement conference by
videoconference. (R. Doc. 176; *see* R. Doc. 177).

Complaint, Plaintiff added the following new Defendants: Tracy DiBenedetto, Sally Gryder, and Angela Griffin. (R. Doc. 83, "SAC").

In the Second Amended Complaint, Plaintiff alleges, among other things, that Lawson refused to give him "judge-ordered" credit for his time served in Arkansas and otherwise refused to enforce the order of the sentencing judge. (SAC ¶¶ 5, 8, 24). Plaintiff also alleges that Lawson informed Plaintiff's counsel that the sentencing judge did not have the power to calculate or award jail credit. (SAC ¶ 6). Plaintiff alleges that DiBenedetto reviewed multiple Administrative Remedy Procedures ("ARPs") submitted by Plaintiff in an attempt to have his time computed correctly, but DiBenedetto "failed to instruct [DPSC] employees to take action and correct [Plaintiff's] time, or to recalculate the time herself." (SAC ¶ 30). Finally, Plaintiff alleges that despite being informed by Lawson on April 20, 2028 that Plaintiff had "enough credits to get released," Gryder nevertheless "manually changed his release date from April 20, 2018 to April 25, 2018, deliberately holding him for an additional five (5) days." (SAC ¶¶ 62-66).

The district judge ruled has ruled on various Rule 12 motions, and the action faced various stays in light of asserted qualified immunity defenses and appeals of the district judge's rulings. (*See* R. Docs. 47, 55, 58, 88, 113, 120, 125). All federal claims have been dismissed with respect to LeBlanc and Griffin, but federal claims remain with respect to Lawson, DiBenedetto, and Gryder. (*See* R. Doc. 120 at 33-34).

On February 14, 2025, the district judge lifted the final stay. (R. Doc. 137). A new Scheduling Order was entered on March 20, 2025. (R. Doc. 141). Non-expert discovery closed on October 24, 2025. (R. Doc. 141 at 1).

On October 29, 2025, the Court allowed Plaintiff's counsel to withdraw from this action on the basis that "plaintiff terminated their representation and indicated he intends to proceed pro se." (R. Doc. 155; *see* R. Doc. 153).

Plaintiff filed the instant two motions prior to the dispositive motion deadline of March 6, 2026. The Court construes Plaintif's Petition for Judgment, which seeks relief pursuant to Rule 56 of the Federal Rules of Civil Procedure, as a Motion for Summary Judgment on the federal claims brought against the defendants Terry Lawson, Tracy DiBenedetto, and Sally Gryder. (R. Docs. 164, 169).  Plaintiff's second motion seeks summary judgment on the issue of damages. (R. Doc. 168).[2]

Defendants oppose these Motions for Summary Judgment primarily on the grounds that Plaintiff has failed to submit any evidence in support of his Rule 56 motions and, therefore, cannot meet his burden of proof on the motions. (*See* R. Docs. 170, 171).

## II.    Law and Analysis

### A.    Legal Standards for Summary Judgment

Summary judgment shall be granted when there are no genuine issues as to any material facts and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. When a motion for summary judgment is properly made and supported under Rule 56(c), the opposing party may not rest on the mere allegations of their pleadings, but rather must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(c)(1). The non-movant's evidence is to be believed for purposes of the motion and all justifiable inferences are

---

[2] Generally, "a party may file only one motion for summary judgment that addresses all issues for which that party seeks summary judgment" and "[a] party may submit multiple motions for summary judgment only after seeking leave of Court and demonstrating good cause." *See* LR 56(h). The Court is aware, however, that Plaintiff is now proceeding without counsel.

3

to be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, summary judgment must be entered against the plaintiff, if he or she fails to make an evidentiary showing sufficient to establish the existence of an element essential to his or her claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Without a showing sufficient to establish the existence of an element essential to the plaintiff's claim, there can be "no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all facts immaterial." *Celotex Corp.*, 477 U.S. at 323.

A moving party must support an assertion that a fact cannot be genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Local Rule 56 details the requirements for statements of material facts. "A motion for summary judgment shall be supported by a separate, short, concise statement of material facts, each set forth in separately numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried." LR 56(b)(1). "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly converted." LR 56(f).

### B.    Plaintiff's Petition for Judgment (R. Docs. 164, 169)

In his Petition for Judgment, Plaintiff seeks summary judgment pursuant to Rule 56 on his Section 1983 claims for alleged violations of his Fourteenth Amendment rights. (R. Docs. 164, 169). Plaintiff argues that he has established, as a matter of law, that his right to timely release was clearly established, the Defendants' conduct was objectively unreasonable, and his

claims are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff asserts that "[n]o genuine dispute exists as to the expiration of Plaintiff's sentence and Defendants' failure to release him" and, accordingly, he "is entitled to judgment as a matter of law" pursuant to Rule 56 of the Federal Rules of Civil Procedure. (R. Doc. 164 at 6). The majority of Plaintiff's memorandum in support of this relief consists of summarizations of legal decisions concerning overdetention.

In opposing the motion, Defendants argue that Plaintiff has failed to meet his burden on summary judgment given that he has failed to submit any evidence to establish that Lawson, Gryder, and DiBenedetto violated his Fourteenth Amendment rights. Defendants then set forth evidence in support of a finding that Lawson properly awarded jail credits each time the jail credits were calculated based upon the information in DPSC's possession at the time. (*See* R. Doc. 166 at 3-5). Based on the foregoing, Defendants argue that Plaintiff cannot overcome their qualified immunity defenses based on the instant motion. (*See* R. Doc. 166 at 6-10).

In reply, Plaintiff states that he has submitted evidence in support of his motion. (*See* R. Docs. 172, 176).

Having considered the record, the Court concludes that Plaintiff has failed to set forth any evidence in support of a finding that he is entitled to summary judgment as a matter of law. Contrary to Plaintiff's assertions, he has not submitted any evidence in support of summary judgment on the issue of liability. Instead, he relies solely on his allegations set forth in the Second Amended Complaint and statements of law.

Furthermore, Plaintiff has failed to submit a separate statement of material facts in support of summary judgment. *See* LR 56(b)(1). Indeed, Plaintiff has failed to attach or reference any evidence in support of relief pursuant to Rule 56. *See* Fed. R. Civ. P. 56(c)(1)(A). To

overcome the Defendants' qualified immunity defenses on summary judgment, Plaintiff "bears the burden of showing a genuine and material dispute." *Perry v. Mendoza*, 83 F.4th 313, 320 (5th Cir. 2023) (quoting *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015)). Plaintiff cannot satisfy his burden with "conclusory allegations," "unsubstantiated assertions," or by "a scintilla of evidence." *Perry*, 83 F.4th at 320 (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). It is appropriate for the district court to deny a *pro se* plaintiff's motion for summary judgment that is unsupported by any competent summary judgment evidence and otherwise fails to include a statement of material facts as required by Local Rule 56(a). *See. e.g.*, *Montecino v. LeBlanc*, No. 18-711-BAJ-EWD, 2019 WL 7041523, at *1 (M.D. La. Oct. 24, 2019), *report and recommendation adopted*, 2019 WL 7040932 (M.D. La. Dec. 20, 2019).

    **C.**    **Plaintiff's Motion for Summary Judgment on Damages (R. Doc. 168)**

Plaintiff also seeks summary judgment pursuant to Rule 56 on the issue of damages based upon the premise that liability has been established in his favor. (R. Doc. 168). Plaintiff seeks an award of compensatory and punitive damages totaling $800,000. In support of this calculation of damages, Plaintiff submits an incomplete "Damages Calculating Sheet," which simply provides the conclusory total of "$800,000 altogether." (*See* R. Doc. 168-1). Prior to the filing of this motion, Plaintiff filed a document titled "The Damages" into the record. (R. Doc. 165). Plaintiff signed this document on December 9, 2025, as a "Declaration," and in the document details his difficulty in obtaining a recalculation of his proper detention time and the pain and suffering endured by Plaintiff and his family while he was over-detained.

The award of compensatory and punitive damages are questions of fact. *See Williams v. Trader Pub. Co.*, 218 F.3d 481, 486 n. 3 (5th Cir. 2000) (compensatory damages are questions of fact for the jury); *Holmes v. Reddoch*, 117 F.4th 309, 320 (5th Cir. 2024) (the "discretionary

moral judgment" of whether to award punitive damages in a Section 1983 action belongs to the jury, not the court) (quoting *Cowart v. Erwin*, 837 F.3d 444, 455 (5th Cir. 2016)).

That said, even if the foregoing Declaration is deemed to be competent summary judgment evidence for the purposes of damages, the instant Motion for Summary Judgment is subject to dismissal for his failure to submit a complete statement of material facts. *See* LR 56(b)(1). More importantly, as discussed above, Plaintiff has not set forth any competent summary judgment evidence in support of his Petition for Judgment, which seeks summary judgment on the issue of liability. That motion is subject to denial. Plaintiff has not established that he is entitled to summary judgment on the issue of liability and, therefore, cannot establish that he is entitled to damages as a matter of law. *See M3 Girl Designs, LLC v. Blue Brownies, LLC*, No. 09-2390, 2013 WL 12094183, at *4 (N.D. Tex. Jan. 3, 2013) ("The Plaintiff had the burden of proving liability. Because the Plaintiff failed to establish liability, damages are irrelevant."), *aff'd sub nom. M3Girl Designs, L.L.C. v. Blue Brownies, L.L.C.*, 566 F. App'x 367 (5th Cir. 2014).

### D.    Other Pending Motions

The deadline to file dispositive motions expired on March 6, 2026. Defendants filed a timely Rule 56 Motion for Summary Judgment (R. Doc. 173) and Plaintiff filed a third Motion for Summary Judgment (R. Doc 175).[3] After the deadline to file dispositive motions, Plaintiff filed no less than 11 additional motions. (*See* R. Docs. 191, 194, 195, 197, 198, 199, 200, 201, 203, 204, 206). These motions, which have all been referred to the undersigned for resolution, will be addressed in separate Reports and Recommendations and/or Orders.

---

[3] This filing was entered into the record by the Clerk's Office on March 12, 2026, but was signed and dated  by Plaintiff on March 7, 2026. (*See* R. Doc. 175).

### III.    CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Petition for Judgment (R. Docs. 164, 169) and

Plaintiff's Motion for Summary Judgment on Damages (R. Doc. 168) be **DENIED**.

Signed in Baton Rouge, Louisiana, on July 28, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

8