**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ELLIS RAY HICKS**                                    **CIVIL ACTION**

**VERSUS**                                              **NO. 19-108-SDD-RLB**

**LOUISIANA DEPARTMENT OF**
**PUBLIC SAFETY AND CORRECTIONS, ET AL.**

## ORDER

Before the Court are the following 11 Motions filed by Plaintiff after the deadline to file

dispositive motions:

- Plaintiff's Motion to Consent Defendants' Assertions, Declaration of Damages, and Argument for Enhanced Monetary Award. (R. Doc. 191). Defendants filed an opposition. (R. Doc. 196). Plaintiff filed a reply memorandum without seeking leave of court. (R. Doc. 208).

- Plaintiff's Motion to Assert Evidence of, "Its Not Arkansas Fault for the Overdetention" and Motion for Leave to File Exhibit Conventionally. (R. Docs. 194, 195). Defendants filed an opposition. (R. Doc. 209).

- Plaintiff's Motion for a Concise Summary of the Claim. (R. Doc. 197).

- Plaintiff's Motion to Clarify Deadlines and Request Scheduling Notice (R. Doc. 198).

- Plaintiff's Motion for Summary Judgment, Motion to Strike, and for Sanctions Due to Obstruction of Justice and Fraud Upon the Court. (R. Doc. 199). Defendants filed an opposition. (R. Doc. 210).

- Plaintiff's Rule to Show Cause Why Defendants Should Not Be Held in Contempt and Why Sanctions Should Not Be Imposed. (R. Doc. 200). Defendants filed an opposition. (R. Doc. 211).

- Plaintiff's Motion for Expedited Status Conference. (R. Doc. 201). Defendants filed a Response. (R. Doc. 205).

- Plaintiff's Motion to Adjudicate or Extinguish Attorneys Lien and Motion for Leave to File Exhibit Conventionally. (R. Docs. 203, 204).

- Plaintiff's Motion for Removal of Law Firm Keogh Cox and Its Associations. (R. Doc. 206). Defendants filed an opposition. (R. Doc. 213).

## I.    Background

On or about December 10, 2018, Ellis Ray Hicks ("Plaintiff"), initiated this civil rights action for recovery pursuant to 42 U.S.C. § 1983 and Louisiana state law for his alleged unlawful detainment for sixty days beyond the date of his legal release. (R. Doc. 1-2; *see* R. Doc. 83). In his initial pleading, Plaintiff sued the Louisiana Department of Public Safey and Corrections ("DPSC"), James LeBlanc, and Terry Lawson, asserting violation of the First and Fourteenth Amendment of the U.S. Constitution, *Monell* claim for failure to train/supervise, and negligence, false imprisonment, and violation of the Louisiana Constitution.

The original Defendants removed the action on February 20, 2019, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. (R. Doc. 1). In his Second Amended Complaint, Plaintiff added the following new Defendants: Tracy DiBenedetto, Sally Gryder, and Angela Griffin. (R. Doc. 83, "SAC").

Plaintiff alleges, among other things, that Lawson refused to give him "judge-ordered" credit for his time served in Arkansas and otherwise refused to enforce the order of the sentencing judge. (SAC ¶¶ 5, 8, 24). Plaintiff also alleges that Lawson informed Plaintiff's counsel that the sentencing judge did not have the power to calculate or award jail credit. (SAC ¶ 6). Plaintiff alleges that DiBenedetto reviewed multiple Administrative Remedy Procedures ("ARPs") submitted by Plaintiff in an attempt to have his time computed correctly, but DiBenedetto "failed to instruct [DPSC] employees to take action and correct [Plaintiff's] time, or to recalculate the time herself." (SAC ¶ 30). Finally, Plaintiff alleges that despite being informed by Lawson on April 20, 2028 that Plaintiff had "enough credits to get released," Gryder

nevertheless "manually changed his release date from April 20, 2018 to April 25, 2018, deliberately holding him for an additional five (5) days." (SAC ¶¶ 62-66).

The district judge ruled on various Rule 12 motions, and the action faced various stays in light of asserted qualified immunity defenses and appeals of the district judge's rulings. (*See* R. Docs. 47, 55, 58, 88, 113, 120, 125). All federal claims have been dismissed with respect to LeBlanc and Griffin, but federal claims remain with respect to Lawson, DiBenedetto, and Gryder. (*See* R. Doc. 120 at 33-34).

On February 14, 2025, the district judge lifted the final stay. (R. Doc. 137). A new Scheduling Order was entered on March 20, 2025. (R. Doc. 141). Non-expert discovery closed on October 24, 2025. (R. Doc. 141 at 1).

On October 29, 2025, the Court allowed Plaintiff's counsel to withdraw from this action on the basis that "plaintiff terminated their representation and indicated he intends to proceed pro se." (R. Doc. 155; *see* R. Doc. 153).

Prior to the close of expert discovery on February 6, 2026, Plaintiff filed two dispositive motions: Plaintif's Petition for Judgment (R. Docs. 164, 169) and Plaintiff's Motion for Summary Judgment on Damages (R. Doc. 168). The undersigned has separately recommended that the district judge deny these motions.

The deadline to file dispositive motions expired on March 6, 2026. Defendants filed a timely Rule 56 Motion for Summary Judgment (R. Doc. 173) and Plaintiff filed a third Motion for Summary Judgment (R. Doc 175).[1] The parties did not file Daubert motions. After the deadline to file dispositive motions and related briefing deadlines expired, *see* LR 7(f), Plaintiff

---

[1] This filing was entered into the record by the Clerk's Office on March 12, 2026, but was signed and dated by Plaintiff on March 7, 2026. (*See* R. SDoc. 175).

filed the instant 11 motions. (*See* R. Docs. 191, 194, 195, 197, 198, 199, 200, 201, 203, 204, 206). These motions have all been referred to the undersigned for resolution.

The Court will now address these 11 motions to clarify the record prior to issuing recommendations with respect to the final two pending dispositive motions (R. Docs. 173, 175).

## II.    Law and Analysis

### A.    Filings by Pro Se Litigants

*Pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a *pro se* plaintiff's] allegations and briefs more permissively"). Furthermore, a court must liberally construe a *pro se* complaint, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam). Nevertheless, "a *pro se* litigant is not exempt . . . from compliance with relevant rules of procedural and substantive law." *NCO Fin. Systems, Inc. v. Harper–Horsley*, No. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Additionally, "[a] liberal reading of plaintiff's pleadings is the only special treatment afforded *pro se* plaintiffs by the courts." *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citing *Callahan v. C.I.R.*, No. 99-0295, 2000 WL 1141607, at *1 (M.D. La. Apr. 10, 2000)). A "court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs." *Id.* Finally, "a *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer." *NCO Fin. Systems*, 2008 WL 2277843, at *3 (citing *Birl*, 660 F.2d at 593).

Motions must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b). The Court has reviewed Plaintiff's motions and will construe these filings liberally. Furthermore, the Court has issued a Scheduling Order in this action providing that all dispositive motions must be filed by March 6, 2026. (*See* R. Doc. 141). Plaintiff filed two Rule 56 motions prior to the dispositive motion deadline, and a third Rule 56 motion on or soon after the dispositive motion deadline.[2]

The Court will not entertain any further untimely dispositive motions or briefing associated with the pending dispositive motions. It is appropriate to summarily deny untimely dispositive motions. *See Simpson v. Orleans Par. Sch. Bd.*, No. 01-3055, 2002 WL 31740990, at *1 (E.D. La. Dec. 5, 2002). That said, the Court construes Plaintiff's filings (to the extent they again reference dispositive relief) as seeking leave to submit additional briefing or evidence on the already pending dispositive motions.

### B.    Plaintiff's Motions

#### 1.    Plaintiff's Motion to Consent Defendants' Assertions, Declaration of Damages, and Argument for Enhanced Monetary Award (R. Doc. 191)

Plaintiff's Motion to Consent Defendants' Assertions, Declaration of Damages, and Argument for Enhanced Monetary Award (R. Doc. 191) is best interpreted as an attempt to submit supplemental briefing on the previous dispositive motions. This filing does not set forth any evidence. Instead, it sets forth a new additional discussions regarding damages. The Court has already addressed Plaintiff's Motion for Summary Judgment on Damages (R. Doc. 168). Accordingly, the Court will **DENY** the motion as an untimely and meritless attempt to set forth

---

[2] This district generally limits a party to filing a single Rule 56 motion. *See* LR 56(h). Given that Plaintiff is proceeding without counsel, the Court will entertain Plaintif's third Rule 56 motion.

additional briefing on dispositive issues already addressed by the Court or already pending before the Court. Nothing in this Order shall preclude Plaintiff, however, from seeking damages if this action goes to trial.

> **2.      Plaintiff's Motion to Assert Evidence of, "Its Not Arkansas Fault for the Overdetention" and Motion for Leave to File Exhibit Conventionally (R. Docs. 194, 195)**

Plaintiff's Motion to Assert Evidence of, "Its Not Arkansas Fault for the Overdetention" and Motion for Leave to File Exhibit Conventionally. (R. Docs. 194, 195). Through this motion, Plaintiff seeks leave to submit a USB drive that "contains a recorded conversation between Attorney William Most and Computation Officer Terry Lawson." (R. Doc. 194-1 at 2). This appears to be a recording of an alleged telephone conversion in which Lawson informed Plaintiff's counsel that the sentencing judge did not have the power to calculate or award jail credit. (SAC ¶ 6). Plaintiff has referenced this recording throughout his filings. The Court finds it appropriate to review this recording for the purpose of adjudicating the pending Rule 56 motions.

Defendants object to the submission of this telephone call as untimely, further asserting that it fails to create any genuine dispute as to any material fact in opposition to Defendants' pending Motion for Summary Judgment. (R. Doc. 209).

While this motion was indeed untimely filed, the Court finds good cause to extend the deadline to oppose Defendants' pending Motion for Summary Judgment for the purpose of allowing Plaintiff to file this telephone recording conventionally into the record. *See* LR 7(f). Accordingly, the Court will **GRANT** the motion to the extent it seeks leave to file the referenced telephone conversation conventionally into the record.

**3.      Plaintiff's Motion for a Concise Summary of the Claim (R. Doc. 197)**

Plaintiff's Motion for a Concise Summary of the Claim (R. Doc. 197) seeks to submit

additional briefing with respect to the creation of a genuine dispute of material fact in light of the

submission of the foregoing audio recording and another unrelated recording with an inmate

named Brad Swift. The Court will deny this motion as an attempt to submit untimely additional

briefing regarding the pending summary judgment motions. Unlike the foregoing conversation

between Plaintiff's counsel and Lawson, Plaintiff has not established the relevance of the

recording involving Swift. Accordingly, the Cout will **DENY** the motion and the relief sought.

**4.      Plaintiff's Motion to Clarify Deadlines and Request Scheduling Notice (R. Doc. 198)**

Plaintiff's Motion to Clarify Deadlines and Request Scheduling Notice (R. Doc. 198)

seeks guidance with respect to the district judge's denial of Plaintiff's Motion for Default

Judgment (R. Doc. 190) through a text entry on CM/ECF. That Order denying Plaintiff's Motion

for Default Judgment states the following: "There is no basis in fact or law to support the

requested relief." (R. Doc. 190). After this text entry was entered, Plaintiff filed a Pro Se E-

Service & E-Notice Consent Form. (R. Doc. 193). Accordingly, Plaintiff now receives

notification of all entries into CM/ECF by e-mail. The Court will **GRANT** the motion and

clarify, as requested, that Plaintiff has no deadlines to file a response to the district judge's Order

pursuant to Local Rule 7 (as no motion was filed) or an objection pursuant to 28 U.S.C. §

636(b)(1) (as no Report and Recommendation was issued).

**5.      Plaintiff's Motion for Summary Judgment, Motion to Strike, and for Sanctions Due to Obstruction of Justice and Fraud Upon the Court (R. Doc. 199)**

Plaintiff's Motion for Summary Judgment, Motion to Strike, and for Sanctions Due to

Obstruction of Justice and Fraud Upon the Court (R. Doc. 199), in addition to seeking relief

already sought in his previous motions for summary judgment, seeks an order striking Defendants' Motion for Summary Judgment (R. Doc. 173) as "unserved" and also seeks an award of sanctions from Keogh Cox, LLP, Chelsea Payne, and Andrew Blanchfield given their legal representation of the Defendants. The Court will **DENY** the motion.

The record indicates that Plaintiff has been served a copy of Defendants' Motion for Summary Judgment (R. Doc. 173) in accordance with Rule 5 of the Federal Rules of Civil Procedure. (*See* R. Doc. 173-2). The motion was mailed to Plaintiff by the Clerk's Office. Furthermore, Plaintiff has filed at least three responses in opposition to this motion, which supports a finding that he was served the motion. (*See* R. Docs. 174, 181, 192).[3] The Court will consider these filings in opposition to the extent they address the merits of Defendants' Motion for Summary Judgment.

Plaintiff's request for sanctions from Keogh Cox, LLP, Chelsea Payne, and Andrew Blanchfield lacks merit. Plaintiff has not established any legal basis for an award of sanctions in light of the representation of the Defendants. Plaintiff has filed a separate action against this law firm and these attorneys, seeking relief pursuant to 42 U.S.C. § 1983. *See Hicks v. Keogh Cox, LLP et al.*, No. 3:26-cv-00641-BAJ-EWD. In that action, Plaintiff has been granted leave to proceed *in forma pauperis*, but service has been withheld pending a review of the pleadings pursuant to 28 U.S.C. § 1915(e). *See id.*, ECF No. 3. To the extent Plaintiff has any valid claims against Keogh Cox, LLP, Chelsea Payne, and Andrew Blanchfield, he will be able to obtain relief in the subsequent action.

---

[3] One of these filings is a "Notice of Submission and request for Leave to Respond" filed on March 23, 2026. (R. Doc. 181). The Court has not reviewed the entirety of this 164-page filing. It appears to contain, among other things, exhibits presented in opposition to Defendants' Motion for Summary Judgment. The Court will review this filing in the context of addressing the remaining pending dispositive motions and determine whether any additional embedded requests for relief must be addressed.

**6.  Plaintiff's Rule to Show Cause Why Defendants Should Not Be Held in Contempt and Why Sanctions Should Not Be Imposed (R. Doc. 200)**

Plaintiff's Rule to Show Cause Why Defendants Should Not Be Held in Contempt and Why Sanctions Should Not Be Imposed (R. Doc. 200) seeks an evidentiary hearing to address his alleged claims against Keogh Cox, LLP, Chelsea Payne, and Andrew Blanchfield. As stated above, to the extent Plaintiff has any claims against Keogh Cox, LLP, Chelsea Payne, and Andrew Blanchfield, he will be able to obtain relief in the subsequent action. Accordingly, the Court will **DENY** the motion.

**7.  Plaintiff's Motion for Expedited Status Conference (R. Doc. 201)**

Plaintiff's Motion for Expedited Status Conference (R. Doc. 201) seeks a conference to discuss the allegations raised in the foregoing motions with respect to Keogh Cox, LLP, Chelsea Payne, and Andrew Blanchfield. Defendants agree to a conference so that they can address the merits of Plaintiff's claims against defense counsel and discuss Plaintiff's duplicative filings. (*See* R. Doc. 205). A conference on Plaintiff's motions and filings is unnecessary. The district judge will hold a pre-trial conference if this action moves to trial. Accordingly, the Court will **DENY** the motion.

**8.  Plaintiff's Motion to Adjudicate or Extinguish Attorneys Lien and Motion for Leave to File Exhibit Conventionally (R. Docs. 203, 204)**

Plaintiff's Motion to Adjudicate or Extinguish Attorneys Lien and Motion for Leave to File Exhibit Conventionally (R. Docs. 203, 204) seeks to adjudicate the issue of whether Plaintiff's former counsel, William Most and his associates, has an attorney's lien on any future recovery obtained by Plaintiff in this action. This motion seeks hypothetical relief. Plaintiff's former counsel has not intervened in this lawsuit. *See Richards v. Amazon.com Sales, Inc.*, No.

25-861-JWD-SDJ, 2026 WL 1230811 (M.D. La. Apr. 20, 2026) (allowing intervention by the plaintiffs former counsel in light of contingency fee agreement, noting that "[t]he Fifth Circuit has held that a discharged firm moving to intervene to protect its interest in the client's recovery demonstrates impairment because 'the discharged firm would have . . . to initiate a subsequent action to collect the fees allegedly generated in the existing litigation.'") (quoting *United States v. Texas E. Transmission Corp*., 923 F.2d 410, 416 (5th Cir. 1991)). Absent intervention, Plaintiff's former counsel can seek to enforce any attorneys' lien by filing a separate action against Plaintiff. *See* La. R. S. 37:218.

Plaintiff has set forth no legal basis for obtaining a declaration of the rights and duties between Plaintiff and his former counsel in the context of a pre-trial motion prior to the award of any judgment in this action. Accordingly, the Court will **DENY** the motion as prematurely filed. To the extent merited, and only if and after Plaintiff obtains relief in this action pursuant to a Rule 54 Judgment, Plaintiff may seek post-judgment relief or file a separate action to litigate this issue.

**9.    Motion for Removal of Law Firm Keogh Cox and Its Associations. (R. Doc. 206)**

Finally, Plaintiff's Motion for Removal of Law Firm Keogh Cox and Its Associations (R. Doc. 206) seeks the removal of Keogh Cox, LLP from its representation of Defendants.

"As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former [or current] client moves for disqualification." *In re Yarn Processing Pat. Validity Litig.*, 530 F.2d 83, 88 (5th Cir. 1976). "To evaluate motions to disqualify, courts rely on the 'substantial relationship' test, which requires proof of two elements for a movant to have standing to seek disqualification: (1) 'an actual attorney-client relationship between' the movant and the attorney the movant seeks to disqualify; and (2) 'a substantial relationship

10

between the subject matter of the former and present representations.'" *Landmark Am. Ins. Co. v. Gargoyle Mgmt. Inc.*, No. 24-038, 2024 WL 5424896, at *2 (N.D. Tex. Nov. 19, 2024).

Plaintiff does not have standing to seek the removal of Keogh Cox, LLP as defense counsel simply because of the filing of a separate lawsuit against the law firm. Plaintiff lacks standing to assert a conflict of interest because he has not set forth any current or former attorney-client relationship between him and Keogh Cox, LLP. *See Bhejana v. Ward*, No. 25-2009, 2026 WL 688860, at *2 (W.D. Tex. Mar. 6, 2026) ("Because Plaintiff does not have standing to bring his motion, which separately lacks merit and is borderline frivolous, the Court must deny it."); *Landmark*, 2024 WL 5424896, at *5 ("[T]he Court concludes that it may not disqualify an attorney based on the motion of a party who lacks standing to raise the conflict."); *see also Olmstead v. Hoppe*, No. 19-203, 2020 WL 1482324, at *2 (N.D. Tex. Mar. 27, 2020) (denying *pro se* plaintiff's motion to disqualify defense counsel as frivolous and meritless where the plaintiff claimed that defense counsel were "participants in a criminal conspiracy" and asked "the Court to disqualify them, strike pleadings they have filed, and revoke their admission to practice before the Court.").

Even if Plaintiff has standing to seek removal of the law firm Keogh Cox, LLP based upon its alleged misconduct in this action, the Court concludes that Plaintiff's motion fails on the merits. "Motions to disqualify are generally disfavored and require a high standard of proof so as not to deprive a party of its chosen counsel." *Leleux-Thubron v. Iberia Parish Gov't*, 2015 WL 339617, at *4 (W.D. La. Jan. 23, 2015). When disqualification is sought by an opponent, "disqualification presents a palpable risk of unfairly denying a party the counsel of his choosing." *Nguyen v. La. State Bd. of Cosmetology*, 2014 WL 6801797, at *1 (M.D. La. Dec. 2, 2014). Here, Plaintiff raises only unsupported and conclusory arguments that the "firm has

engaged in conduct that demonstrably prejudiced the Plaintiff's ability to pursue his claims fairly," including "the withholding of discovery materials, misrepresentation of procedural facts, and communications that undermine the integrity of the judicial process." (R. Doc. 206 at 1-2).

To be clear, Plaintiff was represented by his former counsel at all times prior to the close of discovery. Plaintiff has not otherwise identified the specific instances upon which the law firm of Keogh Cox, LLP has mispresented procedural facts or engaged in communications that undermine the integrity of the judicial process, either with respect to Plaintiff or the Court. The record supports a finding that Plaintiff is seeking disqualification of opposing counsel simply because they have provided Defendants with legal services in opposition to Plaintiff's claims on the merits. Again, Plaintiff has filed a separate lawsuit against the law firm Keogh Cox, LLP, and can obtain relief, to the extent merited, in the context of that lawsuit.

The Court will **DENY** the motion as meritless. *See McCoy v. Bogan*, No. 20-388-JWD-SDJ, 2021 WL 3179008, at *1 (M.D. La. July 26, 2021).

## III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Assert Evidence of, "Its Not Arkansas Fault for the Overdetention" and Motion for Leave to File Exhibit Conventionally (R. Docs. 194, 195) is **GRANTED** to the extent Plaintiff seeks leave to submit a USB drive that "contains a recorded conversation between Attorney William Most and Computation Officer Terry Lawson." (R. Doc. 194-1 at 2). Plaintiff may conventionally file, within **14 days** of the date of this Order, the referenced recorded message as an exhibit in opposition to Rule 56 Motion for Summary Judgment (R. Doc. 173) and in support of Plaintiff's third Motion for Summary Judgment (R. Doc 175), by submitting a copy of the recorded message on a portable storage device or flash

drive to the Clerk's Office. The Court will not consider any other recordings or other electronically stored information submitted on the portable storage device or flash drive when addressing the underlying dispositive motion.

**IT IS FURTHER ORDERED** that no further briefing shall be accepted with respect to Defendant's Rule 56 Motion for Summary Judgment (R. Doc. 173) or Plaintiff's third Motion for Summary Judgment (R. Doc 175). The undersigned will address those motions in a separate Report and Recommendation. The undersigned will consider Plaintiff's responses in opposition to this motion only to the extent the filings are responsive to Defendant's Rule 56 Motion for Summary Judgment (*See* R. Docs. 174, 181, 192). The Court may summarily deny or strike from the record any additional attempts to submit supplemental motions, briefing, or evidence with respect to the pending dispositive motions.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Clarify Deadlines and Request Scheduling Notice (R. Doc. 198) is **GRANTED**. The body of this Order contains the applicable clarifications.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Consent Defendants' Assertions, Declaration of Damages, and Argument for Enhanced Monetary Award (R. Doc. 191); Plaintiff's Motion for a Concise Summary of the Claim (R. Doc. 197); Plaintiff's Motion for Summary Judgment, Motion to Strike, and for Sanctions Due to Obstruction of Justice and Fraud Upon the Court (R. Doc. 199); Plaintiff's Rule to Show Cause Why Defendants Should Not Be Held in Contempt and Why Sanctions Should Not Be Imposed (R. Doc. 200); Plaintiff's Motion for Expedited Status Conference (R. Doc. 201); Plaintiff's Motion to Adjudicate or Extinguish Attorneys Lien and Motion for Leave to File Exhibit Conventionally (R. Docs. 203,

204); and Plaintiff's Motion for Removal of Law Firm Keogh Cox and Its Associations (R. Doc.

206) are **DENIED** for the reasons provided in the body of this Order.

Signed in Baton Rouge, Louisiana, on July 28, 2026.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE