****************************************************

# MOTION FOR APPOINTMENT OF STANDBY COUNSEL

****************************************************

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes, **Ellis Ray Hicks, Jr.,** the *pro se* Plaintiff in the above-captioned matter, and respectfully moves this Honorable Court for the appointment of **standby counsel** pursuant to the Sixth Amendment and the Court's inherent authority to ensure orderly proceedings.

## I. INTRODUCTION

Plaintiff has elected to proceed *pro se* in this civil rights action under 42 U.S.C. § 1983. In light of the complexity of federal procedure, evidentiary rules, and trial management, Plaintiff requests appointment of standby counsel to assist in procedural matters and to safeguard the integrity of the trial process.

## II. LEGAL BASIS

Under *Faretta v. California*, 422 U.S. 806 (1975), a litigant has the constitutional right to self-representation. The Court may, however, appoint standby counsel to assist the *pro se* party and to ensure that proceedings remain fair and efficient. See *McKaskle v. Wiggins*, 465 U.S. 168 (1984). Federal courts routinely exercise this discretion where the interests of justice so require.

## III. GROUNDS FOR REQUEST

1. Plaintiff seeks to maintain control of his case while receiving procedural guidance.
2. The appointment of standby counsel will promote judicial economy and prevent unnecessary delay.
3. Plaintiff's limited education warrants assistance in trial preparation and evidentiary presentation.

4. The Plaintiff has been at a disadvantage since proceeding pro se with the law firm defending the Defendants taking advantage of a pro se Plaintiff's ignorance of the Federal process and procedures, and the Plaintiff truly believes that the only reason that Plaintiff was not offered a fair settlement within the zoom meeting settlement conference was Plaintiffs pro se status.
5. The Defense Counsel would take advantage within trial of Plaintiffs pro se status, wherein the only winner would be the law firm ($$$$), not the state of Louisiana nor the Plaintiff.

## FINANCIAL STATUS

** It must be again mentioned that the Plaintiff is a true pauper, too poor to hire Counsel of his choice, the Plaintiff was granted the ability to proceed Informa pauperis, a waiver of filing fees for this action. Plaintiff being disabled due to a motorcycle wreck and complications of a severe head injury, and a gun shot in the head thereafter, brings forth exceptional circumstances that bring forth exceptional circumstances.**

⚖ Federal Standard for Appointment of Counsel in Civil Cases

Under 28 U.S.C. § 1915(e)(1), the court *may request* an attorney to represent any person unable to afford counsel. This is discretionary, not a right. Courts consider whether "exceptional circumstances" exist, evaluated case-by-case.

Two-Factor Test (Fifth Circuit Standard)

Federal courts—including the Middle District of Louisiana—apply the test from *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982):

1. Type and complexity of the case — whether the issues are legally or factually complex.
2. Ability of the litigant to present the case — considering education, experience, access to resources, and physical or mental limitations.

Other factors sometimes considered:

- Whether conflicting testimony will require skilled cross-examination.
- Whether the case turns on credibility determinations.
- Whether expert testimony or complex discovery is needed.
- Whether the litigant's incarceration, disability, or indigence limits effective participation.
- The case involves constitutional and procedural complexity under § 1983.
- You are indigent and disabled, with documented head injury and limited access to legal materials.
- The trial will involve conflicting testimony and credibility determinations, requiring skilled examination.
- Appointment of standby counsel will protect the fairness and integrity of proceedings.

## 🏛 Supporting Case Law

| Case | Key Holding |
| --- | --- |
| *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982) | Established the two-factor test for exceptional circumstances. |

| | |
|---|---|
| *Branch v. Cole*, 686 F.2d 264 (5th Cir. 19 82) | Appointment appropriate when factual issues are complex and plaintiff cannot adequately investigate. |
| *Jackson v. Cain*, 864 F.2d 1235 (5th Cir. 1 989) | Disability and limited education may constitute exceptional circumstances. |
| *Cupit v. Jones*, 835 F.2d 82 (5th Cir. 198 7) | Denial of counsel upheld where plaintiff demonstrated ability to articulate claims. |

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

1. Appoint qualified standby counsel to assist Plaintiff during trial and related proceedings;

2. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Ellis Ray Hicks, Jr.**
Plaintiff, *pro se*
615 PARK AVE.
SUITE B
HOT SPRINGS, AR. 71901
501-293-1798

August 10th 2026

****************************************************************************************************************

# PROPOSED ORDER

## UNITED STATES DISTRICT COURT MIDDLE

## DISTRICT OF LOUISIANA

**ELLIS RAY HICKS**

Plaintiff

V.

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, et al.,**

Defendants

Civil Action No. 3:19-cv-00108-SDD-RLB

*********************************************************

# ORDER

*********************************************************

Considering the foregoing **Motion for Appointment of Standby Counsel**, and finding good cause shown,

**IT IS ORDERED** that qualified standby counsel shall be appointed to assist Plaintiff **Ellis Ray Hicks, Jr.** during trial and related proceedings, consistent with *Faretta v. California*, 422 U.S. 806 (1975), and *McKaskle v. Wiggins*, 465 U.S. 168 (1984).

**IT IS FURTHER ORDERED** that standby counsel shall remain available to advise Plaintiff on procedural and evidentiary matters, and to assume representation if directed by the Court.

Baton Rouge, Louisiana, this ___ day of __________, 2026.

**HONORABLE**________________________

Middle District of Louisiana