**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ELLIS RAY HICKS** **CIVIL ACTION**

**VERSUS** **NO. 19-108-SDD-RLB**

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL.**

# ORDER

This matter is before the Court on Plaintiff's Motion for Appointment of Standby Counsel ("Third Motion to Appoint Counsel") (R. Doc. 235).

Plaintiff was represented by the same counsel for over six years. On October 29, 2025, the Court allowed Plaintiff's counsel to withdraw from this action on the basis that "plaintiff terminated their representation and indicated he intends to proceed pro se." (R. Doc. 155; *see* R. Doc. 153).

Immediately after Plaintiff's counsel of record was allowed to withdraw, Plaintiff filed his first Motion to Appoint Counsel providing the following: "Attorney Most and me have had a [misunderstanding] about my case and Most has quit being my lawyer. I need to have a lawyer to help me [through] this case." (R. Doc. 157). The Court denied the motion. (R. Doc. 158).

Plaintiff filed a second Motion to Appoint Counsel (R. Doc. 160) on November 18, 2025. (R. Doc. 160; *see* R. Docs. 161, 162). The Court denied the motion. (R Doc. 163).

Plaintiff has now filed a third Motion to Appoint Counsel. (R. Doc. 235). This motion is also subject to denial.

"[T]he appointment of counsel in a civil case is a privilege and not a constitutional right." *Lopez v. Reyes,* 692 F.2d 15, 17 (5th Cir. 1982). When a plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915, the court "may request an attorney to represent any person

unable to afford counsel." 28 U.S.C. § 1915(e)(1). Under § 1915(e)(1), the party must demonstrate "exceptional circumstances" to justify the court appointing counsel to represent her. *Butler v. Cole*, 93 Fed. App'x 600 (5th Cir. 2004). When determining whether a request for appointment of counsel should be granted, the court considers the following factors: (1) the party's financial ability to retain counsel, (2) the efforts made by the party to obtain counsel, and (3) the merits of the claims or defenses. *See Burton v. Texas Parks and Wildlife Dept.*, No. 09-298, 2009 WL 1231768, *3 (W.D. Tex. May 1, 2009) (citing *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990)). Courts also consider the party's ability under the circumstances of the case to present the case without the assistance of counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (identifying the following four factors for consideration: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence in cross examination.") (citations omitted). The decision whether to appoint counsel rests within the sound discretion of the trial court. *Gonzales*, 907 F.2d at 579.

Contrary to Plaintiffs' position, he does not have a Sixth Amendment right to counsel in this civil proceeding. *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."). For the same reasons provided in the Court's previous motions seeking this relief, the Court finds no basis to appoint counsel to represent Plaintiff at this time. (*See* R. Docs. 158, 163).

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Standby Counsel **(R. Doc. 235) is DENIED**. The district judge may, however, appoint counsel to the extent necessary to assist in trial should this action survive summary judgment.

Signed in Baton Rouge, Louisiana, on September 21, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**